Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
Che Corrington (*pro hac vice* submitted)
HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com
Email: che@hattislaw.com

*Attorneys for Plaintiffs
and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MACCLELLAND; KAREN UMBERGER; SCOTT WILLITS; MICHAEL BRANOM; MOLLY BROWN; MICHAEL CARNEY; TIM FRASCH; PATRICIA GAGAN; ANNA GUTIERREZ; LINDA JENKINS; AUGUSTUS JOHNSON; WILLIAM KAUPELIS; MARILYN KAYE; JANETTE LISNER; WILLIAM ERIC LOUGH; DAVID MASSARO; LOUISE MONSOUR; DARLEEN PEREZ; GABRIELLE POZZUOLI; VALERIE REED; BRUCE SCHRAMM; KERRY SHOWALTER; JOHN ST.JARRE; GLORIA STERN; EDNA TOY; TERESA TOY; and VANESSA WEST; For Themselves, As Private Attorneys General, and On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; and VERIZON COMMUNICATIONS INC.,<br><br>Defendants. | Case No. 3:21-cv-08592-EMC<br><br>**DECLARATION OF DANIEL M. HATTIS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Hearing<br>Date:    May 12, 2022<br>Time:    1:30 p.m.<br>Judge:   Hon. Edward M. Chen<br>Courtroom: 5 |

**DECLARATION OF DANIEL M. HATTIS**

I, DANIEL M. HATTIS, declare as follows:

1. I have personal knowledge of the facts set forth herein, and if called to testify thereto, I could and would do so competently. I am a member in good standing of the State Bar of California and of the Washington State Bar Association, and I am one of the principal attorneys at Hattis & Lukacs. I am one of the attorneys representing Plaintiffs Teresa MacClelland, Karen Umberger, Scott Willits, Michael Branom, Molly Brown, Michael Carney, Tim Frasch, Patricia Gagan, Anna Gutierrez, Linda Jenkins, Augustus Johnson, William Kaupelis, Marilyn Kaye, Janette Lisner, William Eric Lough, David Massaro, Louise Monsour, Darleen Perez, Gabrielle Pozzuoli, Valerie Reed, Bruce Schramm, Kerry Showalter, John St. Jarre, Gloria Stern, Edna Toy, Teresa Toy, and Vanessa West in this lawsuit against Defendants Cellco Partnership (d/b/a Verizon Wireless) and Verizon Communications Inc. (collectively, "Verizon"). I submit this Declaration in support of Plaintiffs' Opposition to Defendant Verizon's Motion to Compel Arbitration and Stay Proceedings.

2. I have focused my law practice almost exclusively on representing consumers and consumers' rights in false advertising litigation for the past 13 years. In 2008, I founded Hattis Law (now Hattis Law PLLC d/b/a Hattis & Lukacs). Hattis & Lukacs is a plaintiff-side law firm specializing in representing consumers in false advertising cases.

3. As of the date of this filing, Hattis & Lukacs has been retained by 2,712 separate clients from around the country who each have false advertising claims against Verizon that are similar to the claims alleged in this action. Twenty-seven of those clients are the Plaintiffs in this action. Another 28 of those clients are plaintiffs in a similar class action filed in Verizon's home state of New Jersey, in the Superior Court of Middlesex County: *Achey, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, Case No. MID-L-000160-22. The remaining 2,657 clients are individuals in states other than California and New Jersey. Hattis & Lukacs continues to be contacted by individuals with similar false advertising claims against Verizon. Hattis & Lukacs anticipates retaining at least several thousand more clients with similar false advertising claims against Verizon in the coming months.

- 2 -

DECLARATION OF DANIEL M. HATTIS
I.S.O. PLAINTIFFS' OPPOSITION TO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:21-CV-08592-EMC

4. Each of the 2,657 clients who are not in California or New Jersey are ready and able to promptly file demands for arbitration with the American Arbitration Association ("AAA") against Verizon alleging false advertising claims similar to the claims alleged by Plaintiffs in this action.

5. If compelled to arbitration, all 27 Plaintiffs in this action are ready and able to file demands for arbitration with the AAA against Verizon alleging the same false advertising claims. All 27 Plaintiffs would want their demands for arbitration filed immediately.

6. In my experience, consumer protection law is a highly specialized field that takes several years of practice to become proficient in. Consumer protection law is not an area of the law that a novice attorney could competently navigate on his or her own without prior experience. This similarly holds true for a lay consumer to an even greater extent.

7. To my knowledge, there are only a few dozen private law firms in the country that have significant plaintiff-side consumer protection experience. Even fewer of these law firms have arbitration experience. Every consumer law firm that I am aware of that actively seeks to represent individual consumers in arbitration has a business model of representing thousands or tens of thousands of individual consumers. The most well-known law firm of this type is Keller Lenkner LLC. *See, e.g.*, *Arena v. Intuit Inc.*, No. 19-CV-02546-CRB, 2021 WL 834253, at *4, *9 (N.D. Cal. Mar. 5, 2021) (Breyer, J.) (denying a motion for preliminary approval of class action settlement, in part, because the settlement was unfair and inadequate to 125,000 individuals of the proposed class who all had already filed demands for individual arbitration against Intuit and were all represented by Keller Lenkner LLC).

8. Another well-known law firm that represented thousands of individuals in arbitration and who has "repeatedly partnered" with Keller Lenkner LLC is the law firm currently representing Verizon in this action—Quinn Emanuel Urquhart & Sullivant, LLC. *See* Declaration of Warren Postman in Opposition to CenturyLink's Motion to Disqualify Counsel and Require Corrective Notice ¶ 7, *In re CenturyLink*, Case No. 17-md-02795, ECF No. 715 (D. Minn. May 15, 2020); *see also Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062, 1066 (N.D. Cal. 2020) (Alsup, J.) (order granting 5,010 petitioners' motion to compel arbitration

- 3 -

DECLARATION OF DANIEL M. HATTIS
I.S.O. PLAINTIFFS' OPPOSITION TO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:21-CV-08592-EMC

against DoorDash who was refusing to pay the arbitration filing fees; petitioners were represented by Keller Lenkner LLC and Quinn Emanuel Urquhart & Sullivant, LLC).

9. I have reviewed the phone numbers that each Plaintiff has with their Verizon service, and each had a phone number in their account with a California area code at the time they accepted the My Verizon Wireless Customer Agreement ("Customer Agreement").

10. I have conducted a thorough investigation of the communications made by Verizon to Plaintiffs. The following facts regarding Plaintiff David Massaro and Plaintiff Augustus Johnson are representative of all 27 Plaintiffs.

11. In the April 2021 and/or May 2021 invoices that Verizon sent each Plaintiff, Verizon provided a "notice" that Verizon had updated parts of its Customer Agreement. A true and correct copy of Plaintiff Massaro's May 2021 bill invoice is attached as **Exhibit A**. (I have redacted personally identifying information.) A true and correct copy of Plaintiff Johnson's May 2021 bill invoice is attached as **Exhibit B**. (I have redacted personally identifying information.) The notice read:

> Verizon Wireless has updated parts of your Customer Agreement. In the "My Privacy" section we clarified that Verizon's Privacy Policy may be updated from time to time. In the "Billing and Payments" section we clarified what substantive law applies to disputes related to checks tendered as payment of your bill. In the "HOW DO I RESOLVE DISPUTES WITH VERIZON?" section we updated some of the provisions which govern the resolution of disputes between you and Verizon, including the venue, relief, requisite notice, restrictions and procedures that must be followed.

*See* Ex. A at p. 18; Ex. B at p. 8.

12. On or around April 22, 2021, Verizon posted on its website the version of its Customer Agreement dated April 22, 2021. A true and correct copy of the April 22, 2021, version of the Customer Agreement is attached as Exhibit 30 to the Declaration of Lacy Kennedy, IV (Dkt. No. 20-30). (I have redacted personally identifying information.)

13. In the October 2021 and/or November 2021 invoices that Verizon sent each Plaintiff, Verizon provided a "notice" that Verizon had updated parts of its Customer Agreement. A true and correct copy of Plaintiff Massaro's October 2021 bill invoice is attached

- 4 -

DECLARATION OF DANIEL M. HATTIS
I.S.O. PLAINTIFFS' OPPOSITION TO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:21-CV-08592-EMC

as **Exhibit C**. A true and correct copy of Plaintiff Johnson's November 2021 bill invoice is attached as **Exhibit D**. (I have redacted personally identifying information.) The notice read:

> Verizon Wireless has updated parts of your Customer Agreement. In the "How can I prevent unintended charges on my bill or block spam calls?", effective 10/20/21, the Agent Assistance Fee that you may be charged if you make a payment, or make a payment arrangement, through a call center representative will raise from $7 to $10. We removed the reference to $7. In the "What are Verizon's rights to limit or end Service or end this Agreement?" section we clarified that Verizon is permitted to limit, suspend, or end your Service or any agreement with you if you violate our prohibited usage policies. In the "HOW DO I RESOLVE DISPUTES WITH VERIZON?" section we clarified that Verizon will reimburse you for any AAA or BBB arbitration filing fees and any administrative and arbitrator fees charged by the arbitration tribunal only at the conclusion of the arbitration and only if you fully participate in the proceeding.

*See* Ex. C at p. 17; Ex. D at p. 8.

14. On behalf of Plaintiffs, I served Verizon with a notice letter of its Consumer Legal Remedies Act ("CLRA") violations by USPS certified mail, return receipt requested, on November 3, 2021. The notice letter described Plaintiffs' claims and the dispute in this action. A true and correct copy of the November 3, 2021, CLRA notice letter, certified mail receipts and USPS printouts of delivery are attached as **Exhibit E**.

15. Attached as **Exhibit F** is a true and correct copy of the Complaint filed in *Heckman, et al. v. Live Nation Entertainment, Inc., et al.*, Case No. 2:22-cv-00047-GW-GJS, Dkt. No. 1 (C.D. Cal. Jan. 4, 2022).

16. On or around October 20, 2021, Verizon posted on its website the version of its Customer Agreement dated October 20, 2021. On March 13, 2022, I accessed the home page of Verizon (www.verizon.com) and clicked the "Terms & Conditions" hyperlink at the bottom of the page. The hyperlink directed me to a Terms & Conditions webpage (https://www.verizon.com/about/terms-conditions/overview). On this webpage, I clicked the "My Verizon Customer Agreement" hyperlink, which directed me to a My Verizon Wireless Customer Agreement webpage (https://www.verizon.com/legal/notices/customer-agreement/). This webpage contained the October 20, 2021, version of Verizon's Customer Agreement. On this webpage, I clicked the "PDF Version" hyperlink, which directed me to a downloadable PDF of the October 20, 2021, version of the Customer Agreement, which I downloaded. A true

- 5 -

DECLARATION OF DANIEL M. HATTIS
I.S.O. PLAINTIFFS' OPPOSITION TO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:21-CV-08592-EMC

and correct copy of the October 20, 2021, version of the Customer Agreement that I downloaded is attached as **Exhibit G**.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in King County, Washington, on April 1, 2022.

_____
Daniel M. Hattis

- 6 -

DECLARATION OF DANIEL M. HATTIS
I.S.O. PLAINTIFFS' OPPOSITION TO
MOTION TO COMPEL ARBITRATION
CASE NO. 3:21-CV-08592-EMC