QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Crystal Nix-Hines (Bar No. 326971)
  (crystalnixhines@quinnemanuel.com)
  Shon Morgan (Bar No. 187736)
  (shonmorgan@quinnemanuel.com)
  Marina Lev (Bar No. 321647)
  (marinalev@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

  Cristina Henriquez (Bar No. 317445)
  (cristinahenriquez@quinnemanuel.com)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5000

Attorneys for Defendants
VERIZON WIRELESS and VERIZON COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MACCLELLAND; KAREN UMBERGER; SCOTT WILLITS; MICHAEL BRANOM; MOLLY BROWN; MICHAEL CARNEY; TIM FRASCH; PATRICIA GAGAN; ANNA GUTIERREZ; LINDA JENKINS; AUGUSTUS JOHNSON; WILLIAM KAUPELIS; MARILYN KAYE; JANETTE LISNER; WILLIAM ERIC LOUGH; DAVID MASSARO; LOUISE MONSOUR; DARLEEN PEREZ; GABRIELLE POZZUOLI; VALERIE REED; BRUCE SCHRAMM; KERRY SHOWALTER; JOHN ST. JARRE; GLORIA STERN; EDNA TOY; TERESA TOY; and VANESSA WEST; For Themselves, As Private Attorneys General, and On Behalf Of All Others Similarly Situated,<br>                    Plaintiffs,<br>     vs.<br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; and VERIZON COMMUNICATIONS INC.,<br><br>                    Defendants. | CASE No. 3:21-cv-08592-EMC<br><br>**VERIZON'S MEMORANDUM IN SUPPORT OF REQUEST FOR LEAVE TO FILE NOTIFICATION OF CHANGE TO CUSTOMER AGREEMENT**<br><br>Judge:    Hon. Edward M. Chen |

Defendants Verizon Wireless and Verizon Communications, Inc. (collectively, "Verizon") respectfully submit this Notice to inform the Court of a factual development subsequent to the May 19, 2022, hearing on Defendants' motion to compel arbitration.

Specifically, Defendants write to inform the Court that Verizon plans to update Paragraph (6) of the dispute resolution provisions of its Customer Agreement to expressly provide that, upon initiating a notice of dispute or filing a complaint in court, the statutes of limitations applicable to a customer's dispute are tolled until the completion of the coordinated arbitration proceeding described in Paragraph (6).  *See* Declaration of Lacy Kennedy, IV ("Kennedy Decl.") ¶¶ 5, 6.  As explained in the Kennedy declaration, in or around August 2022, Verizon will begin notifying customers of this change through bill messages and the updated policy will become effective 30 days after a customer is notified of the revision.  *See* Kennedy Decl. ¶ 7.

With respect to customers whose disputes are subject to Paragraph (6) and have currently-pending notices of dispute or complaints in court, Verizon will consider all applicable statutes of limitations tolled for the duration of their coordinated arbitration proceeding.  *See id.* ¶ 8.  This would also include all Plaintiffs in the action before this Court to avoid any unconscionable result.  *See, e.g.*, *Mohamed v. Uber Techs., Inc.*, 836 F.3d 1102, 1112 (9th Cir. 2016) (rejecting plaintiffs' argument that a cost-splitting provision rendered the arbitration agreement unenforceable because "Uber has committed to paying the full costs of arbitration"); *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1033 (9th Cir. 2016) (Watford, J., concurring) ("I see no need to address whether the fee-shifting clause is substantively unconscionable because 23andMe has waived its right to enforce that clause—a clause that would have been severable in any event."); *see also* CAL. CIV. CODE § 1670.5(a) (West 2022) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court … may so limit the application of any unconscionable clause as to avoid any unconscionable result.").

Verizon's updated policy is intended to clarify and confirm that, under Paragraph (6) of the dispute resolution provisions of its Customer Agreement, initiating notices of dispute or filing a complaint in court tolls applicable statutes of limitations for the duration of a claimant's coordinated arbitration proceeding.  For the reasons set forth in Verizon's Motion to Compel

Arbitration and Stay Proceedings (ECF No. 20) and Verizon Reply in support thereof (ECF No. 34), Paragraph (6) is a valid and binding provision that the Court should enforce.

DATED:  June 8, 2022              QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                  By     */s/ Crystal Nix-Hines*
                                     Crystal Nix-Hines
                                     Attorneys for Defendants
                                     VERIZON WIRELESS and VERIZON
                                     COMMUNICATIONS, INC.