QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Crystal Nix-Hines (Bar No. 326971)
  (crystalnixhines@quinnemanuel.com)
  Shon Morgan (Bar No. 187736)
  (shonmorgan@quinnemanuel.com)
  Marina Lev (Bar No. 321647)
  (marinalev@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

  Cristina Henriquez (Bar No. 317445)
  (cristinahenriquez@quinnemanuel.com)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5000

*Attorneys for Defendants* CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS and VERIZON COMMUNICATIONS, INC

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERESA MACCLELLAND; KAREN UMBERGER; SCOTT WILLITS; MICHAEL BRANOM; MOLLY BROWN; MICHAEL CARNEY; TIM FRASCH; PATRICIA GAGAN; ANNA GUTIERREZ; LINDA JENKINS; AUGUSTUS JOHNSON; WILLIAM KAUPELIS; MARILYN KAYE; JANETTE LISNER; WILLIAM ERIC LOUGH; DAVID MASSARO; LOUISE MONSOUR; DARLEEN PEREZ; GABRIELLE POZZUOLI; VALERIE REED; BRUCE SCHRAMM; KERRY SHOWALTER; JOHN ST. JARRE; GLORIA STERN; EDNA TOY; TERESA TOY; and VANESSA WEST; For Themselves, As Private Attorneys General, and On Behalf Of All Others Similarly Situated,<br>    Plaintiffs,<br>  v.<br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; and VERIZON COMMUNICATIONS INC.,<br>    Defendant. | CASE NO. 3:21-cv-08592-EMC<br><br>**DECLARATION OF LACY KENNEDY, IV IN SUPPORT OF DEFENDANT VERIZON'S REQUEST FOR LEAVE TO FILE NOTIFICATION OF CHANGE TO CUSTOMER AGREEMENT**<br><br>The Hon. Edward M. Chen |

I, Lacy Kennedy, IV, declare as follows:

1. I am Managing Associate General Counsel for Consumer Digital Sales Operations and Experience at Verizon Wireless ("Verizon"). I make this declaration in support of Verizon's Request for Leave to File Notification of Change to Customer Agreement. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I have been employed by Verizon since 2009. As part of my job responsibilities, I am familiar with Verizon's operations and record keeping, and I have reviewed Verizon's business records and other documents that provide the basis for my statements.

**Verizon Is Revising Its Wireless Customer Agreement**

3. To activate wireless service with Verizon, each customer must agree to the Verizon Wireless Customer Agreement ("Customer Agreement").

4. Paragraph (6) of the dispute resolution provisions of Verizon's Customer Agreement sets forth a process for coordinated arbitration when 25 or more customers initiate notices of dispute with Verizon raising similar claims, and counsel for these customers are the same or coordinated.

5. Verizon plans to update Paragraph (6) of the dispute resolution provisions of its Customer Agreement to expressly provide that, upon initiating a notice of dispute or filing a complaint in court, any statutes of limitations applicable to a customer's dispute with Verizon are tolled until the completion of the coordinated arbitration proceeding described in Paragraph (6).

6. Specifically, Paragraph (6) of the Customer Agreement will be revised to provide as follows:

> IF 25 OR MORE CUSTOMERS INITIATE NOTICES OF DISPUTE PURSUANT TO PARAGRAPH 4 ABOVE OR FILE A COMPLAINT IN COURT, WHICH RAISE SIMILAR CLAIMS, AND COUNSEL FOR THE VERIZON WIRELESS CUSTOMERS BRINGING THE CLAIMS ARE THE SAME OR COORDINATED FOR THESE CUSTOMERS, THE CLAIMS SHALL PROCEED IN ARBITRATION IN A COORDINATED PROCEEDING. COUNSEL FOR THE VERIZON WIRELESS CUSTOMERS AND COUNSEL FOR VERIZON WIRELESS SHALL EACH SELECT FIVE CASES TO PROCEED FIRST IN ARBITRATION IN A BELLWETHER PROCEEDING. ADDITIONAL CASES INVOLVING SIMILAR CLAIMS BROUGHT BY THE

SAME OR COORDINATED COUNSEL SHALL NOT BE FILED IN ARBITRATION UNTIL THE FIRST TEN HAVE BEEN RESOLVED. IF THE PARTIES ARE UNABLE TO RESOLVE THE REMAINING CASES AFTER THE CONCLUSION OF THE BELLWETHER PROCEEDING, EACH SIDE MAY SELECT ANOTHER FIVE CASES TO PROCEED TO ARBITRATION FOR A SECOND BELLWETHER PROCEEDING. THIS PROCESS MAY CONTINUE UNTIL THE PARTIES ARE ABLE TO RESOLVE ALL OF THE CLAIMS, EITHER THROUGH SETTLEMENT OR ARBITRATION. **IF SUCH A PROCESS IS INITIATED, THE FILING OF A NOTICE OF DISPUTE BY A CUSTOMER IN ACCORDANCE WITH PARAGRAPH 4 OR FILING OF A COMPLAINT IN COURT WILL TOLL ALL APPLICABLE STATUTES OF LIMITATIONS FOR THAT CUSTOMER'S DISPUTE UNTIL THE COMPLETION OF THE PROCESS DESCRIBED IN THIS PARAGRAPH.** A COURT WILL HAVE AUTHORITY TO ENFORCE THIS CLAUSE AND, IF NECESSARY, TO ENJOIN THE MASS FILING OF ARBITRATION DEMANDS AGAINST VERIZON.

7. In or around August 2022, Verizon will begin notifying customers of this change through bill messages and the updated policy will become effective 30 days after a customer has been notified of the revision.

8. With respect to customers whose disputes are subject to Paragraph (6) and who have currently-pending notices of dispute or complaints in court, Verizon will consider all applicable statutes of limitations tolled for the duration of their coordinated arbitration proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 8, 2022

Basking Ridge, New Jersey

By _____
Lacy Kennedy, IV

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2022, the foregoing was filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the attorneys of record in this case.

*/s/ Crystal Nix-Hines*
Crystal Nix-Hines