Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
Che Corrington (admitted *pro hac vice*)
HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com
Email: che@hattislaw.com

Stephen DeNittis, Esq. (admitted *pro hac vice*)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MACCLELLAND, *Et Al.*, For Themselves, As Private Attorneys General, and On Behalf Of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; and<br>VERIZON COMMUNICATIONS INC.,<br><br>                              Defendants. | Case No. 3:21-cv-08592-EMC<br><br>**PLAINTIFFS' OPPOSITION TO VERIZON'S REQUEST FOR LEAVE TO FILE NOTIFICATION OF CHANGE TO CUSTOMER AGREEMENT**<br><br>[Hon. Edward M. Chen] |

# OPPOSITION

Plaintiffs Teresa MacClelland, *Et Al.* (the "Plaintiffs"), hereby oppose the Request For Leave To File Notification Of Change To Customer Agreement (Dkt. No. 43) (the "Request") filed by Defendant Cellco Partnership d/b/a Verizon Wireless and Defendant Verizon Communications Inc. (collectively, "Verizon").

## I. BACKGROUND

Verizon states in the Request that it plans to amend Paragraph 6 of the dispute resolution provisions in the Wireless Customer Service Agreement ("Customer Agreement") by adding the following sentence (the "Revision"):

> If such a process is initiated, the filing of a notice of dispute by a customer in accordance with Paragraph 4 or filing of a complaint in court will toll all applicable statutes of limitations for that customer's dispute until the completion of the process described in this paragraph.

Decl. of Lacy Kennedy, IV, ¶ 6 (Dkt. No. 45).[1]

Verizon states that it plans to begin notifying its customers of this change in or around August 2022, with the updated term becoming effective 30 days after a customer has been notified of the revision. *See* Kennedy Decl., ¶ 7.

Verizon also states in its Request that, with regard to "customers whose disputes are subject to Paragraph (6) and have currently-pending notices of dispute or complaints in court," Verizon "will consider all applicable statutes of limitations tolled for the duration of their coordinated arbitration proceeding." *See* Verizon's Memo. I.S.O. Request, p. 1:12-14; *see also* p. 1:25-28 (Dkt. No. 44). (Verizon appears to be offering this waiver separate and apart from the Revision.)

Verizon contends (skeletally) that Paragraph 6 of the dispute resolution provision "is a valid and binding provision that the Court should enforce" for "the reasons set forth" in Verizon's pending Motion To Compel Arbitration And Stay Proceedings (Dkt. No. 20) ("Motion To Compel Arbitration"). *See* Verizon's Memo. I.S.O. Request, pp. 1:28-2:2 (Dkt.

---

[1] The original text is in all capital letters; the text here is cast using standard capitalization for ease of reading.

No. 44).

## II. OPPOSITION

The Court should deny or disregard the Request for the following reasons:

**Verizon Cannot, As A Matter Of Express Contract, Revise The Customer Agreement Mid-Dispute.** The Revision is irrelevant to the pending Motion To Compel Arbitration because Verizon's Customer Agreement prohibits an amendment to the Customer Agreement from applying to a pending dispute.

In the section of the Customer Agreement titled "Can Verizon change this Agreement or my Service?", Verizon states: **"Notwithstanding this provision, if we make any changes to the dispute resolution provision of this Agreement, such changes will not affect the resolution of any disputes that arose before such change."** Customer Agreement, PACER p. 3 of 9 (final sentence) (Exhibit G to Decl. of D. Hattis (Dkt. No. 30-7)) (emphasis added).

Consequently, according to Verizon's own Customer Agreement, the planned Revision cannot affect the resolution of this litigation or the pending Motion To Compel Arbitration—both of which are indisputably "disputes that arose before such change."

**Verizon Cannot, As A Matter Of Implied Contract, Revise The Customer Agreement Mid-Dispute.** In addition to being a breach of an express provision (as discussed above), Verizon's attempt to revise the Customer Agreement part-way through this dispute would constitute a breach of the implied covenant of good faith and fair dealing. "[T]he implied covenant of good faith and fair dealing prohibits a party from making unilateral changes to an arbitration agreement that apply retroactively to accrued or known claims[.]'" (*Cobb v. Ironwood Country Club* (2015) 233 Cal.App.4th 960, 966 [collecting cases] [cleaned up].) *Cobb*'s holding is clear: "to the extent [defendant] intended to enact an arbitration bylaw that would govern this dispute—a dispute which had not only accrued, but was already being litigated in court by the time the arbitration bylaw became effective—it violated the covenant of good faith and fair dealing[.]" (*Ibid*.) The Revision would violate this rule of law.

**A Future Revision Is Irrelevant To An Unconscionability Analysis, Which Looks To The Contract At The Time Of Its Making.** The Revision will not go into effect for

several months. But the Plaintiffs' overriding defense to the Motion To Compel Arbitration is that the dispute resolution provisions are permeated with unconscionability, and unconscionability is assessed at the time the contract was made—not at some point in the future. *See* Cal. Civil Code § 1670.5(a) (court finds contract "to have been unconscionable at the time it was made").

**Verizon Cannot Waive Unconscionable Provisions To Save Its Motion To Compel Arbitration.** Verizon states that, with regard to "customers whose disputes are subject to Paragraph (6) and have currently-pending notices of dispute or complaints in court," Verizon "will consider all applicable statutes of limitations tolled for the duration of their coordinated arbitration proceeding." *See* Verizon's Memo. I.S.O. Request, p. 1:12-14; *see also* p. 1:25-28 (Dkt. No. 44). (Verizon appears to be offering this waiver separate and apart from the Revision.)

In *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1004–05 (9th Cir. 2021), the Ninth Circuit roundly rejected this tactic of attempting to waive unconscionable provisions after a defendant has been called out on them:

> TForce also argues, as it did in the district court, that it will waive the provisions at issue by paying all of the administrative costs of arbitration, not enforcing the venue clause, and arbitrating the claims in Southern California. TForce states that it has already filed the arbitration demand in Los Angeles and agreed to pay all arbitration fees. **But, as the district court correctly recognized, waiving unconscionable elements of the delegation clause does not change the analysis of whether the delegation clause, as drafted, is unconscionable. TForce's later willingness to alter the arbitration provision "does not change the fact that the arbitration agreement as written is unconscionable and contrary to public policy."** *Armendariz* [*v. Foundation Health Psychcare Services, Inc.*], 24 Cal. 4th [83] at 125, 99 Cal.Rptr.2d 745, 6 P.3d 669; *see also Parada* [*v. Superior Court (Monex Deposit Co.)*], 176 Cal. App. 4th [1554] at 1584, 98 Cal.Rptr.3d 743 ("[C]ourts should not consider after-the-fact offers by employers to pay the plaintiff's share of the arbitration costs where the agreement itself provides that the plaintiff is liable .... **[T]he [drafter] is saddled with the consequences of the provision as drafted. If the provision, as drafted, would deter potential litigants, then it is unenforceable**, regardless of whether, in a particular case, the employer agrees to pay a particular litigant's share of the fees and costs to avoid such a holding." (citations omitted)). To conclude otherwise would incentivize drafters to overreach based on the assumption they could simply waive unconscionable terms when faced with litigation. [Emphasis added.]

Verizon cannot hide behind the tactic of waiving selected provisions when called out on their overreaching, unconscionable terms.[2]

**Even With The Revision, The Customer Agreement Remains Permeated By Unconscionability.** Even if the Revision were a valid amendment that could be applied to this litigation, the Customer Agreement would still be permeated with unconscionability and the Court should still deny Verizon's Motion To Compel Arbitration.

The Court should be aware that, on June 4, 2022, Plaintiffs' counsel submitted to the American Arbitration Association ("AAA") demands for arbitration against Verizon on behalf of 2,536 Verizon customers (who do not live in California or New Jersey, the states in which class actions are pending). Notably, if the Court orders the 27 Plaintiffs in this case to individual arbitration, the Plaintiffs' individual cases would go to the back of the line of 2,536 previously submitted demands for individual arbitration already pending before the AAA.

The application of Verizon's mass arbitration provisions to these customers is a live and concrete issue, and, even under the Revision, it would take ***146 years*** **for the arbitration process to reach the claims of the 27 Plaintiffs (who would be at the back of the line)** under the batches-of-10 requirement that would still remain in the Customer Agreement after the Revision becomes effective. (Some causes of action, like invasion of privacy, die with the claimant,[3] as do some requests for punitive or exemplary damages.[4] No amount of tolling

---

[2] Verizon cites two cases for its argument that waiving the statute of limitations provision would "avoid any unconscionable result" in this action: *Mohamed v. Uber Techs., Inc.*, 836 F.3d 1102, 1112 (9th Cir. 2016), and *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1033 (9th Cir. 2016) (Watford, J., concurring). Verizon's Memo. I.S.O. Request at p. 1:14-21 (Dkt. No. 44). Neither case helps Verizon.

In *Mohamed*, the court was addressing the "effective vindication doctrine," not unconscionability. 836 F.3d at 1112. As the *Lim* court explained, waiving unconscionable provisions does not change the analysis of whether the arbitration agreement, as written, is unconscionable. 8 F.4th at 1004. Because the issue here is unconscionability, *Lim* controls.

In the *Tompkins* concurrence, Judge Watford parts from the majority by saying that the fee-shifting clause was not unconscionable because it was waived. 840 F.3d at 1033. Judge Watford cites no legal authority for this proposition, and the majority refused to adopt his opinion. *Lim*'s unanimous decision is binding precedent on this Court. Judge Watford's concurring opinion is not.

[3] *Hendrickson v. California Newspapers, Inc.*, 48 Cal.App.3d 59, 62 (1975).

[4] *See* Cal. C.C.P. § 377.34(a).

changes the fact that the dead can lose their claims, and a 146-year arbitral process guarantees that many, if not most, claimants will die before an arbitrator will rule on their claims.)

The other unconscionable provisions discussed in the Plaintiffs' Opposition to the Motion to Compel Arbitration would remain in the Customer Agreement after the Revision comes into effect. Verizon would still be attempting to use a contract of adhesion to enforce a 180-day limitation period, a jury trial waiver, a punitive damages waiver, a public injunction waiver, an exculpatory clause with a discovery limitation, and the absurd 10-at-a-time arbitration limit—all of which work together to permeate the Customer Agreement with unconscionability. **Under the Revision, customers would still be forbidden from even *filing* an arbitration before a prior batch of 10 were concluded**. Verizon's Revision is an attempt to put lipstick on a pig.

Taken as a whole and even with the Revision, Verizon is still attempting to force Plaintiffs and its customers to arbitrate in an inferior forum, and the entirety of the arbitration clause should be stricken.

**Conclusion.** Plaintiffs respectfully request that the Court deny Verizon's Request and deny Verizon's Motion To Compel Arbitration.

Dated: June 10, 2022                Respectfully submitted,

HATTIS & LUKACS

By: /s/  Paul Karl Lukacs

Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
Che Corrington (admitted *pro hac vice*)
HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com
Email: che@hattislaw.com

Stephen DeNittis, Esq. (admitted *pro hac vice*)
DENITTIS OSEFCHEN PRINCE, P.C.

5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com

*Attorneys for Plaintiffs and the Proposed Class*