1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Crystal Nix-Hines (Bar No. 326971)
2    (crystalnixhines@quinnemanuel.com)
   Shon Morgan (Bar No. 187736)
3    (shonmorgan@quinnemanuel.com)
   Marina Lev (Bar No. 321647)
4    (marinalev@quinnemanuel.com)
5  865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
6  Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100
7

8     Cristina Henriquez (Bar No. 317445)
   (cristinahenriquez@quinnemanuel.com)
9  555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
10  Telephone:    (650) 801-5000
Facsimile:    (650) 801-5000
11

12  Attorneys for Defendants
VERIZON WIRELESS and VERIZON
13  COMMUNICATIONS, INC.

14                UNITED STATES DISTRICT COURT

15          FOR THE NORTHERN DISTRICT OF CALIFORNIA

16  TERESA MACCLELLAND; KAREN          CASE No. 3:21-cv-08592-EMC
UMBERGER; SCOTT WILLITS; MICHAEL
17  BRANOM; MOLLY BROWN; MICHAEL
CARNEY; TIM FRASCH; PATRICIA GAGAN;   **VERIZON'S MEMORANDUM IN**
18  ANNA GUTIERREZ; LINDA JENKINS;       **SUPPORT OF REQUEST FOR**
AUGUSTUS JOHNSON; WILLIAM KAUPELIS; **LEAVE TO FILE SUPPLEMENTAL**
19  MARILYN KAYE; JANETTE LISNER;       **BRIEF**
WILLIAM ERIC LOUGH; DAVID MASSARO;
20  LOUISE MONSOUR; DARLEEN PEREZ;
GABRIELLE POZZUOLI; VALERIE REED;   Judge:     Hon. Edward M. Chen
21  BRUCE SCHRAMM; KERRY SHOWALTER;
JOHN ST. JARRE; GLORIA STERN; EDNA
22  TOY; TERESA TOY; and VANESSA WEST; For
Themselves, As Private Attorneys General, and On
23  Behalf Of All Others Similarly Situated,
              Plaintiffs,
24       vs.
CELLCO PARTNERSHIP D/B/A VERIZON
25  WIRELESS; and VERIZON
COMMUNICATIONS INC.,
26

27               Defendants.
28

1    Defendants Verizon Wireless and Verizon Communications, Inc. (collectively, "Verizon")

2   respectfully submit this memorandum in support of their request for leave to file a supplemental

3   brief concerning a dispositive legal development subsequent to the May 19, 2022, hearing on

4   Defendants' motion to compel arbitration.

5    Specifically, Defendants write to highlight the significance of the Supreme Court's opinion

6   in *Viking River Cruises, Inc. v. Moriana*, No. 20-1573 (Slip. Op. June 15, 2022), which resolved

7   an appeal referenced in the briefing on Defendants' pending motion to compel arbitration and stay

8   (ECF Nos. 20, 34).  For the reasons stated below and to be outlined more fully in Verizon's

9   proposed supplemental brief, the Supreme Court's analysis in *Viking River* compels dismissal of

10   Plaintiffs' public injunctive relief request and enforcement of the arbitration clause as to Plaintiffs'

11   individual request for injunctive relief.

12    In *Viking River*, the Court stated that "state law cannot condition the enforceability of an

13   arbitration agreement on the availability of a procedural mechanism that would permit a party to

14   expand the scope of the arbitration by introducing claims that the parties did not jointly agree to

15   arbitrate." Slip Op. at 18.  The Court held that *Iskanian v. CLS Transportation Los Angeles, LLC,*

16   59 Cal. 4th 348, which invalidates agreements to arbitrate only individual PAGA claims, conflicts

17   with the Federal Arbitration Act (FAA).  This is so because "[i]f the parties agree to arbitrate

18   'individual' PAGA claims based on personally sustained violations, *Iskanian* allows the aggrieved

19   employee to abrogate that agreement after the fact and demand either judicial proceedings or an

20   arbitral proceeding." Slip Op. at 19.  The Supreme Court concluded that "[e]ither way, the parties

21   are coerced into giving up a right they enjoy under the FAA." *Id.*

22    The holding of *Viking River* bears directly on Plaintiffs' argument regarding *McGill v.*

23   *Citibank*, N.A., 2 Cal. 5th 945 (2017).  In *McGill*, the California Supreme Court held that an

24   arbitration agreement waiving a right to request public injunctive relief in any forum is invalid and

25   unenforceable under California law.  *Id.* at 961.  Plaintiffs contend that *McGill* renders

26   Paragraph (3) of the Customer Agreement unenforceable.  *See* Pls.' Opp'n to Verizon's Mot. to

27   Compel Arbitration and Stay Proceedings ("Mot. to Compel Arbitration") (ECF No. 29) at 14-15.

28   *Viking River* conclusively forecloses this argument.  To the extent that *McGill* purports to

1    invalidate the parties' agreement under Paragraph (3) "to arbitrate only individual [injunctive

2    relief] claims" based on "personally sustained violations," it is inconsistent with the FAA because

3    it would permit Plaintiffs "to abrogate [the parties'] agreement after the fact and demand either

4    judicial proceedings or an arbitral proceeding that exceeds the scope jointly intended by the

5    parties." *Viking River*, Slip Op. at 18, 19.

6          Under Verizon's Customer Agreement, the parties agreed to arbitrate only individual

7    claims for injunctive relief on behalf of an individual party.  *See* ECF No. 30-7 (Exhibit G) at ECF

8    p.7. *Viking River* underscores that Paragraph (3) is a valid and binding provision that the Court

9    should enforce.   *Viking River* makes clear that, just as in the PAGA context, the fact that

10   enforcement of an arbitration clause may as a practical matter prevent adjudication of a public

11   injunctive relief claim does not provide a basis to refuse to enforce an arbitration clause pursuant

12   to the FAA.  *See Viking River*, Slip Op. at 21.  Accordingly, Verizon respectfully requests that the

13   Court grant its motion for leave to file a supplemental brief.

14

15

16   DATED:  June 22, 2022                      QUINN EMANUEL URQUHART &
                                                 SULLIVAN, LLP
17

18                                              By_____*/s/ Crystal Nix-Hines*_____
                                                    Crystal Nix-Hines
19                                                  Attorneys for Defendants
                                                    VERIZON WIRELESS and VERIZON
20                                                  COMMUNICATIONS, INC.

21

22

23

24

25

26

27

28