QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Crystal Nix-Hines (Bar No. 326971)
  (crystalnixhines@quinnemanuel.com)
  Shon Morgan (Bar No. 187736)
  (shonmorgan@quinnemanuel.com)
  Marina Lev (Bar No. 321647)
  (marinalev@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

  Cristina Henriquez (Bar No. 317445)
  (cristinahenriquez@quinnemanuel.com)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5000

Attorneys for Defendants
VERIZON WIRELESS and VERIZON COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MACCLELLAND; KAREN UMBERGER; SCOTT WILLITS; MICHAEL BRANOM; MOLLY BROWN; MICHAEL CARNEY; TIM FRASCH; PATRICIA GAGAN; ANNA GUTIERREZ; LINDA JENKINS; AUGUSTUS JOHNSON; WILLIAM KAUPELIS; MARILYN KAYE; JANETTE LISNER; WILLIAM ERIC LOUGH; DAVID MASSARO; LOUISE MONSOUR; DARLEEN PEREZ; GABRIELLE POZZUOLI; VALERIE REED; BRUCE SCHRAMM; KERRY SHOWALTER; JOHN ST. JARRE; GLORIA STERN; EDNA TOY; TERESA TOY; and VANESSA WEST,<br><br>Plaintiffs,<br>vs.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; and VERIZON COMMUNICATIONS INC.,<br><br>Defendants. | CASE No. 3:21-cv-08592-EMC<br><br>**VERIZON'S SUPPLEMENTAL BRIEF** |

Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Communications Inc. ("Verizon") respectfully submit the below supplemental brief pursuant to the Court's June 23, 2022 Order authorizing a supplemental submission addressing *Viking River Cruises, Inc. v. Moriana*, No. 20-1573.

The Supreme Court's analysis in *Viking River* compels dismissal of Plaintiffs' public injunctive relief claim and enforcement of Verizon's arbitration clause as to Plaintiffs' individual request for injunctive relief. In *Viking River*, the Court stated that "state law cannot condition the enforceability of an arbitration agreement on the availability of a procedural mechanism that would permit a party to expand the scope of the arbitration by introducing claims that the parties did not jointly agree to arbitrate." Slip Op. at 18. The Court held that *Iskanian v. CLS Transportation Los Angeles, LLC,* 59 Cal. 4th 348 (2014)—which "invalidates agreements to arbitrate only individual PAGA claims," *id.* (internal quotation marks omitted)—conflicts with the Federal Arbitration Act ("FAA") because "[i]f the parties agree to arbitrate 'individual' PAGA claims based on personally sustained violations, *Iskanian* allows the aggrieved employee to abrogate that agreement after the fact and demand either judicial proceedings or an arbitral proceeding that exceeds the scope jointly intended by the parties," *id.* at 18, 19. The Court concluded, "[e]ither way, the parties are coerced into giving up a right they enjoy under the FAA." *Id.* at 19.

The FAA preemption holding in *Viking River* forecloses Plaintiffs' assertion that *McGill v. Citibank*, N.A., 2 Cal. 5th 945 (2017), renders Paragraph (3) of Verizon's Customer Agreement unenforceable. (*See* Pls.' Opp'n to Verizon's Mot. to Compel Arbitration and Stay Proceedings ("MTC") (ECF No. 29) at 14-15.) In *McGill*, the California Supreme Court held that an agreement to arbitrate only individualized claims for injunctive relief—thereby waiving a right to request injunctive relief on behalf of the general public of California—is invalid and unenforceable under California law. *McGill*, 2 Cal. 5th at 961. To the extent that *McGill*, and, by extension, *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019), purport to invalidate the parties' agreement under Paragraph (3) "to arbitrate only individual [injunctive relief] claims" based on "personally sustained violations," those decisions are inconsistent with the FAA because

they would permit Plaintiffs "to abrogate [the parties'] agreement after the fact and demand either judicial proceedings or an arbitral proceeding that exceeds the scope jointly intended by the parties." *Viking River*, Slip Op. at 18, 19. *Viking River* prohibits courts from conditioning the enforcement of an arbitration agreement upon the parties agreeing to add claims beyond those they originally agreed to arbitrate. *McGill* itself holds, as a matter of California law, that public injunctive relief is distinct and separate from individual injunctive relief benefiting the claimant: a public injunction "benefits the plaintiff, if at all, only incidentally and/or as a member of the general public" and does not "redress or prevent injury to a plaintiff." 2 Cal. 5th at 955. Just as the FAA prohibits California from declaring that individual and non-individual PAGA claims are indivisible to prevent the enforcement of agreements for individual arbitration, so too does it prohibit California from tying together individual and non-individual injunctive claims for the same purpose.

Here, under the Customer Agreement, the parties agreed to arbitrate only individual claims for injunctive relief on behalf of an individual party. Specifically, Paragraph (3) of the dispute resolution provisions of the Agreement provides that "**THE ARBITRATOR MAY AWARD MONEY OR INJUNCTIVE RELIEF ONLY IN FAVOR OF THE INDIVIDUAL PARTY SEEKING RELIEF AND ONLY TO THE EXTENT NECESSARY TO PROVIDE RELIEF WARRANTED BY THAT PARTY'S INDIVIDUAL CLAIM. NO CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL OR GENERAL INJUNCTIVE RELIEF THEORIES OF LIABILITY OR PRAYERS FOR RELIEF MAY BE MAINTAINED IN ANY ARBITRATION HELD UNDER THIS AGREEMENT.**" ECF No. 30-7 (Exhibit G) at ECF p.7. *Viking River* underscores that Paragraph (3) is a valid and binding provision that the Court should enforce.

Verizon respectfully requests that this Court enforce the parties' agreement to arbitrate. If Plaintiffs prevail in arbitration, they can obtain full individualized relief on their individual injunctive claims. If the Court finds Plaintiffs have also alleged "public" injunctive relief on behalf of the general public, the Court may sever those claims from their requests for individual injunctive relief. (*See* MTC at 10.) Neither the Customer Agreement nor *Viking River* act as a

substantive waiver of the right to seek public injunctive relief in court apart from Plaintiffs' individual claim for injunctive relief. However, under Article III, Plaintiffs would not have standing to assert such as a claim apart from their already litigated private injunctive relief action. *See, e.g.*, *McGovern v. U.S. Bank N.A.*, 2020 WL 7129344, at *2 (S.D. Cal. Dec. 3, 2020) (holding that, "to litigate a claim for public injunctive relief in federal court, a plaintiff must have Article III standing to do so" and "the Court has held, continues to hold, and finds no grounds to reconsider the holding, that Plaintiff does not have (and cannot allege) Article III standing to seek public injunctive relief because public injunctive relief is categorically incompatible with Article III standing"); *Herrera v. Wells Fargo Bank, N.A.*, 2020 WL 5804255, at *5 (C.D. Cal. Sept. 8, 2020) ("Herrera cannot proceed on California's right to seek public injunctive relief alone, because that authorization standing alone does not confer standing in federal court."), *reconsideration denied* 2020 WL 7051097 (C.D. Cal. Oct. 8, 2020).

*Viking River* makes clear that, just as in the PAGA context, the fact that enforcement of an arbitration clause may as a practical matter prevent adjudication of a public injunctive relief claim does not provide a basis to refuse to enforce an arbitration clause pursuant to the FAA. *See* Slip Op. at 21 ("But as we see it, PAGA provides no mechanism to enable a court to adjudicate non-individual PAGA claims once an individual claim has been committed to a separate proceeding. Under PAGA's standing requirement, a plaintiff can maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action.").[1] Accordingly, the Court should compel arbitration of the individual claims and dismiss the balance of the claims for lack of standing.

---

[1] *Viking River's* analysis of PAGA's standing requirements compels the conclusion that Plaintiffs also lack statutory standing to assert claims under California's consumer protection laws. Just as an employee lacks statutory standing to assert a severed, non-individual PAGA claim because "the employee is no different from a member of the general public," Slip Op. at 21, Plaintiffs lack statutory standing to assert non-individual injunctive relief claims because California's Unfair Competition Law (UCL) and False Advertising Law (FAL) do not grant standing to assert claims on behalf of "the general public." *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011); *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1155-56 (9th Cir. 2021) ("Both the UCL and FAL formerly gave standing to 'any person acting for the interests' of 'the general public'" but "[t]hat all changed when Californians passed Proposition 64").

| | |
|---|---|
| DATED: June 27, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By  */s/ Crystal Nix-Hines*<br>Crystal Nix-Hines<br>Attorneys for Defendants<br>VERIZON WIRELESS and VERIZON COMMUNICATIONS, INC. |