Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
Che Corrington (admitted *pro hac vice*)
HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com
Email: che@hattislaw.com

Stephen DeNittis, Esq. (admitted *pro hac vice*)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MACCLELLAND, *Et Al.*, For Themselves, As Private Attorneys General, and On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; and VERIZON COMMUNICATIONS INC.,<br><br>Defendants. | Case No. 3:21-cv-08592-EMC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF RE: *VIKING RIVER CRUISES, INC. v. MORIANA*** <br><br>[Hon. Edward M. Chen] |

The recent U.S. Supreme Court decision titled *Viking River Cruises, Inc. v. Moriana*, No. 20-1573, 2022 WL 2135491 (U.S. June 15, 2022) ("*Viking River Cruises*"), has no adverse effect on the arguments raised by Plaintiffs in their opposition to Verizon's motion to compel arbitration, and in fact confirms why the *McGill* rule (*McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017)) remains good law.

Notably, *Viking River Cruises* involved laws and facts that were radically different from the case at bar. *Viking River Cruises* focused on the peculiarities of the Labor Code Private Attorneys General Act ("PAGA"); the decision has nothing to do with the consumer protection statutes under which Plaintiffs are suing or with the remedy of public injunctive relief. The bulk of the decision is devoted to two issues that are irrelevant at bar: (1) the representative nature of a PAGA claim, where a plaintiff is acting as an agent of the State; and (2) the fact that PAGA imposes a rule of joinder in the arbitral context, where a PAGA plaintiff can "superadd" (to use Justice Alito's word) the Labor Code claims of other employees. These issues are irrelevant here.

For purposes of Verizon's arbitration motion, each Plaintiff is seeking public injunctive relief in his or her individual capacity and is not representing the State or other persons or the general public. *McGill*, 2 Cal. 5th at 959 ("A person who meets these requirements is 'fil[ing]' the 'lawsuit[ ]' or 'action[ ]' on his or her own behalf, not 'on behalf of the general public.'"). A claim for public injunctive relief—obviously—does not impose a rule of joinder of other individuals' claims in arbitration and does not superadd the claims of other individuals in arbitration.

To the extent this Court desires to extract persuasive authority from *Viking River Cruises*, the decision **supports** the denial of Verizon's arbitration motion and **re-affirms** the rulings in *McGill* and in *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019). According to *Viking River Cruises*, **"the FAA does not require courts to enforce contractual waivers of substantive rights and remedies."** 2022 WL 2135491, at *7 (emphasis added). This principle applies to state statutes as well as federal. *Id.* at *7 n.5. "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to

1   their resolution in an arbitral . . . forum.'" *Ibid.*, at *7. In other words, *McGill* was free to
2   recognize a substantive right and remedy (i.e., public injunctive relief must be available in
3   either court or arbitration), and *Blair* was correct in holding that the FAA did not preempt the
4   *McGill* rule because it was "a generally applicable contract defense derived from long-
5   established California public policy." *Blair*, 928 F.3d at 828.

6         Under the FAA, a seemingly neutral law could be preempted if it would compel a party
7   "to arbitrate using procedures at odds with arbitration's traditional form." *Viking River Cruises*,
8   2022 WL 2135491, at *7. But the reasoning and result in *Viking River Cruises* is consonant
9   with *Blair*. *Viking River Cruises* stated that "the problems we have identified in mandatory
10  class arbitration arise from procedures **characteristic of multiparty representative actions**."
11  *Ibid.*, at *9 (emphasis added). Notably, *Viking River Cruises* holds that the sole procedural
12  conflict of PAGA with the FAA "derives from the statute's built-in mechanism of **claim**
13  **joinder**." *Ibid.*, at *10 (emphasis added). But no such problems exist with the *McGill* rule: A
14  plaintiff's claim seeking public injunctive relief (e.g., to stop false advertising to the general
15  public) cannot possibly be seen as joining another person's claims, asserting other people's
16  individual claims, or impacting or restricting another person's rights or recovery. And under the
17  *McGill* rule, the parties are free to arbitrate; all *McGill* says is that a party cannot draft an
18  agreement that prohibits the other side from seeking public injunctive relief in any forum—
19  which is what Verizon did in its Customer Agreement.

20        When the U.S. Supreme Court granted certiorari in *Viking River Cruises*, the corporate
21  defense bar fantasized about a domino theory in which *Viking River Cruises* would overrule
22  *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (9th Cir. 2014) (which
23  barred PAGA waivers), leading to an overruling of *Sakkab v. Luxottica Retail N. Am., Inc.*, 803
24  F.3d 425, 432 (9th Cir. 2015) (which held that the FAA did not preempt *Iskanian*), leading to
25  an overruling of *Blair* (which cited *Sakkab*), leading to FAA preemption of the *McGill* rule.

26        These daydreams were premature since *Viking River Cruises* invalidated only one
27  aspect of *Iskanian*: its prohibition against "division of PAGA actions into individual and non-
28  individual claims through an agreement to arbitrate." *Id.* at *11. The rest of *Iskanian* remains

- 2 -

PLAINTIFFS' SUPPLEMENTAL BRIEF
RE: *VIKING RIVER*
CASE NO. 3:21-CV-08592-EMC

good law. In particular, the high court noted that the FAA did not preempt *Iskanian*'s rule against "a wholesale waiver of PAGA claims." *Ibid.* Similarly, the FAA does not preempt *McGill*'s rule against a wholesale waiver of public injunctive relief.

Nothing in *Viking River Cruises* stands for the proposition that a defendant, like Verizon, can require consumers to contractually waive substantive rights or remedies from being heard in any forum at all. In fact, *Viking River Cruises* stands for the opposite and **<u>supports</u>** the *McGill* rule.

Verizon's Supplemental Brief (Dkt. No. 51) ("S.B.") confuses several issues. Plaintiffs are not attempting to "add claims beyond those they originally agreed to arbitrate." S.B., at p. 2:4-5. Plaintiffs are merely arguing that the Customer Agreement would prevent them from seeking public injunctive relief in any forum and is therefore unenforceable. In addition, Verizon's Brief repeatedly conflates claims with remedies, such as when it argues that the *McGill* rule ties "together individual and non-individual injunctive claims." S.B., p. 2:10-12. Verizon is wrong; to the contrary, a plaintiff alleging a claim under one of California's consumer protection statutes is alleging **a single claim** arising from a single nucleus of operative fact. The plaintiff may be seeking multiple potential **remedies** (including a public as well as a private injunction), but she is not alleging separate individual and non-individual **"claims."** Plaintiffs are certainly not superadding the claims of other, absent plaintiffs—the problem *Viking River Cruises* had with PAGA.[1]

A final point: The Customer Agreement's violation of *McGill* is only one of the many unconscionable provisions that permeate the Agreement. Even if *Viking River Cruises* was the death of *McGill* (which it certainly is not), this Court should still deny Verizon's arbitration motion because of the many other interrelated unconscionable terms.

---

[1] Verizon's last-ditch standing argument (S.B., at p. 2:26-28) is unavailing because Plaintiffs have alleged a loss of money or property sufficient to satisfy statutory standing (FAC, ¶¶ 526, 543, 561) and a desire to rely in the future on truthful advertising sufficient to confer Article III standing for injunctive relief (FAC, ¶¶ 498, 499). *See Vasquez v. Cebridge Telecom CA, LLC*, 2021 WL 5113217, *5-*6 (N.D. Cal. Nov. 3, 2021).

Dated: June 27, 2022

Respectfully submitted,

HATTIS & LUKACS

By: /s/  Daniel M. Hattis

Daniel M. Hattis (SBN 232141)
Paul Karl Lukacs (SBN 197007)
Che Corrington (admitted *pro hac vice*)
HATTIS & LUKACS
400 108th Ave NE, Ste 500
Bellevue, WA 98004
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com
Email: che@hattislaw.com

Stephen DeNittis, Esq. (admitted *pro hac vice*)
DENITTIS OSEFCHEN PRINCE, P.C.
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com

*Attorneys for Plaintiffs and the Proposed Class*