**HATTIS & LUKACS**
Daniel M. Hattis (Bar No. 232141)
Paul Karl Lukacs (Bar No. 197007)
dan@hattislaw.com
pkl@hattislaw.com
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650

**DENITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis (admitted *pro hac vice*)
sdenittis@denittislaw.com
5 Greentree Centre, Suite 410
525 Route 73 N.
Marlton, New Jersey 08057
Telephone: (856) 797-9951

*Attorneys for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MACCLELLAND; KAREN UMBERGER; SCOTT WILLITS; MICHAEL BRANOM; MOLLY BROWN; MICHAEL CARNEY; TIM FRASCH; PATRICIA GAGAN; ANNA GUTIERREZ; LINDA JENKINS; AUGUSTUS JOHNSON; WILLIAM KAUPELIS; MARILYN KAYE; JANETTE LISNER; WILLIAM ERIC LOUGH; DAVID MASSARO; LOUISE MONSOUR; DARLEEN PEREZ; GABRIELLE POZZUOLI; VALERIE REED; BRUCE SCHRAMM; KERRY SHOWALTER; JOHN ST. JARRE; GLORIA STERN; EDNA TOY; TERESA TOY; and VANESSA WEST; For Themselves, As Private Attorneys General, and On Behalf Of All Others Similarly Situated,<br><br>      Plaintiffs,<br>  v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; and VERIZON COMMUNICATIONS INC.,<br><br>      Defendants. | Case No. 3:21-cv-08592-EMC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO TAKE OFF CALENDER MOTION FOR EQUITABLE REDISTRIBUTION (DKT. NO. 90)**<br><br>[Civil L.R. 7-11]<br><br>[Hon. Edward M. Chen] |

**RELIEF REQUESTED**

Plaintiffs Teresa MacClelland, Et Al. (collectively, "Plaintiffs") respectfully request that this Court take off calendar the premature Motion For Equitable Redistribution (Dkt. No. 90) that was filed by Proposed Intervenors Allison Hayward, Peter Heinecke, Lawrence Prince and Will Yeatman (collectively, "Proposed Intervenors"). Plaintiffs also respectfully request that this Court vacate the briefing schedule and hearing for the Motion For Equitable Redistribution. This Court needs to rule upon the Proposed Intervenors' Motion To Intervene (Dkt. No. 89) before ruling upon the Motion For Equitable Redistribution, which the Proposed Intervenors can only bring *if and after* this Court grants their Motion To Intervene. The Proposed Intervenors can, of course, re-notice their Motion For Equitable Redistribution in the event the Court allows them to intervene.

**REASON FOR ABSENCE OF STIPULATION**

On February 27, 2024, counsel for Plaintiffs emailed counsel for Proposed Intervenors with a request that they stipulate to taking the Motion For Equitable Distribution off calendar until after the resolution of the Motion To Intervene. *See* Email from P.K. Lukacs to T. Frank & F. Bednarz, sent at 2:22 p.m. on Feb. 27, 2024 (Exhibit A to Declaration of Paul Karl Lukacs, filed simultaneously herewith). Counsel for Proposed Intervenors declined to stipulate and indicated that this Administrative Motion would be opposed. *See* Email from F. Bednarz to P.K. Lukacs, sent at 7:37 p.m. on Feb. 27, 2024 (Exhibit A to Lukacs Declaration).

**BACKGROUND FACTS**

This is a class action in which Plaintiffs allege false advertising and deceptive practices claims on behalf of a class of California consumers against Defendants Cellco Partnership d/b/a Verizon Wireless and Verizon Communications Inc. (collectively, "Verizon") regarding Verizon's monthly Administrative Charge. *See* Sec. Am. Comp., ¶¶ 1-14 (Dkt. No. 58); Lukacs Decl., ¶ 2.

As this Court is aware, this class action is being settled along with three other class actions and more than thirteen thousand individual arbitrations in the New Jersey Superior Court proceeding captioned *Dean Esposito v. Cellco Partnership d/b/a Verizon Wireless*, New Jersey Superior Court Middlesex County Law Division Docket No. MID-L-6360-23 ("*Esposito*"). *See* Stipulation and Order Continuing Status Conference, dated Dec. 28, 2023, at second Whereas

clause (Dkt. No. 85); Lukacs Decl., ¶ 3. Verizon is headquartered in New Jersey, and the New Jersey Superior Court has general jurisdiction over Verizon with regard to claims from all over the country. Lukacs Decl., ¶ 4.

On December 15, 2023, the New Jersey Superior Court in *Esposito* granted preliminary approval to a proposed nationwide class action settlement agreement with a non-reversionary settlement fund of $100 million. *See* Lukacs Decl., ¶ 5; *see also* Stipulation and Order Continuing Status Conference, dated Dec. 28, 2023, at first Whereas clause (Dkt. No. 85). Among other provisions, the Preliminary Approval Order appointed as class counsel the attorneys Daniel M. Hattis, Esq., and Paul Karl Lukacs, Esq., of the Hattis & Lukacs law firm and Stephen DeNittis, Esq., Joseph A. Osefchen, Esq., and Shane T. Prince, Esq., of the DeNittis Osefchen Prince, P.C., law firm. Lukacs Decl., ¶ 5.

The Fairness Hearing is scheduled to occur on March 22, 2024. Lukacs Decl., ¶ 6. If the New Jersey Superior Court grants final approval to the settlement agreement, then the settlement will resolve claims by Verizon customers from all 50 states and the District of Columbia. *Ibid.* If given final approval, the settlement agreement will resolve four class actions against Verizon (including this *MacClellan* case) as well as 13,539 individual arbitration demands against Verizon. *Ibid.*

On January 31, 2024, the class counsel in *Esposito* (most of whom are also the counsel of record in this *MacClelland* case) moved in the New Jersey court for an attorneys' fees award of $33.3 million—an amount comprised of exactly 33.3% of the settlement fund. Lukacs Decl., ¶ 7. The amount requested also equaled the class counsels' lodestar, plus a lodestar multiplier of 1.945. *Ibid.* As argued at length in the motion for attorneys' fees filed in *Esposito*, the amount requested is consistent with Third Circuit and New Jersey law. *Ibid.* No attorneys' fees have been awarded yet. *Ibid.*

Proposed Intervenors Allison Hayward, Peter Heinecke, Lawrence Prince and Will Yeatman (collectively, "Proposed Intervenors") criticize the attorneys' fees request in *Esposito* as too rich. Lukacs Decl., ¶ 8. In Proposed Intervenors' opinion, since the multiple class actions and arbitration demands that are being settled in *Esposito* purportedly originated with this "first-filed"

1  action in *MacClelland*, the attorneys' fees for the entire nationwide settlement should be governed
2  by a supposed Ninth Circuit benchmark of 25% of the settlement fund. *Ibid.* Proposed Intervenors
3  also argue that class counsel should receive no fees on the grounds that settling the class actions in
4  an omnibus fashion in New Jersey breached a fiduciary duty to obtain the best settlement for the
5  class.[1] *Ibid.* (Proposed Intervenors do not challenge any other aspect of the settlement—only the
6  attorneys' fees. *Ibid.*)

7  Obviously, Plaintiffs and their counsel strongly disagree with Proposed Intervenors'
8  arguments.

9  But the key point for now is that—for reasons that remain obscure and dumbfounding—
10 Proposed Intervenors did *not* file an objection in the *Esposito* action. Lukacs Decl., ¶ 10. The
11 deadline to object to the class action settlement was Monday, February 26, 2024, but Proposed
12 Intervenors did *not* file an objection for the New Jersey court to review at the Fairness Hearing.
13 *Ibid.*

14 Instead, the path that Proposed Intervenors chose to take was to file two motions in this
15 *MacClelland* action—a Motion To Intervene (Dkt. No. 89) and a Motion For Equitable
16 Redistribution (Dkt. No. 90). Lukacs Decl., ¶ 11. In the Motion To Intervene, Proposed
17 Intervenors request mandatory or permissive intervention. *Ibid.* In the Motion For Equitable
18 Redistribution, Proposed Intervenors request that this Court reduce the class counsels' attorney
19 fees in the *Esposito* action to either 25% of the settlement fund or to zero. *Ibid.*

20 This Court is scheduled to hear both motions on April 4, 2024. Plaintiffs' oppositions to
21 both motions are due on March 8, 2024—which is 14 days after the motions were filed.

---

[1] Proposed Intervenors argue that class counsel forum-shopped in filing *Esposito* in New Jersey state court. But Proposed Intervenors ignore that three other class actions were filed against Verizon by class counsel in New Jersey state and federal courts—including *Achey v. Cellco Partnership d/b/a Verizon Wireless*, 293 A.3d 551 (N.J. App. Div. 2023), which was filed in New Jersey state court on January 11, 2022 (only two months after *MacClelland*) and which was litigated to the New Jersey Supreme Court after the plaintiffs prevailed in a published Appellate Division decision. *See* Lukacs Decl., ¶ 9.

## ARGUMENT

The problem is obvious: This Court cannot rule on the Motion For Equitable Redistribution unless and until it first grants the Motion To Intervene. The Proposed Intervenors must be adjudicated to be actual intervenors and therefore parties before the Court can determine if they are entitled to relief. *See, e.g., People Who Care v. Rockford Board of Education School District No. 205*, 171 F.3d 1083, 1089 (7th Cir. 1999) ("an applicant for intervention is not a party—he wants to *become* a party") (emphasis in original; citations omitted). Proposed Intervenors tacitly acknowledged this sequence of decision by filing the Motion To Intervene (Dkt. No. 89) *before* filing the Motion For Equitable Redistribution (Dkt. No. 90).

It would be a waste of this Court's and Plaintiffs' resources to work up the Motion For Equitable Redistribution if this Court moots the motion by denying the Motion To Intervene. Plaintiffs have very strong and numerous arguments against the Motion To Intervene, some of which are supported by this Court's own orders denying intervention. It will be a challenge for Plaintiffs to fit all of their arguments into this Court's 25-page limit (but it will be done).

This Court should review the intervention arguments separately from the equitable redistribution arguments. The two motions sound in completely different fields of law. The intervention motion is a procedural motion that cites (unsuccessfully) the well-established provisions of Fed.R.Civ.P. 24. The equitable redistribution motion is based on nebulous theories of equity, fairness and duty. The motions are distinct in concept and remedy and should be treated as such for briefing and argument purposes.

Proposed Intervenors contend that "[t]he motion to intervene depends on the relief we request" and that "the merits of the motions are linked[.]" Email from F. Bednarz to P.K. Lukacs, sent at 7:37 p.m. on Feb. 27, 2024 (Exhibit A to Lukacs Declaration). These contentions are contrary to Ninth Circuit precedent, which makes a clear distinction between the motion to intervene (in which the district court focuses on the sufficiency of a proposed Complaint In Intervention) versus the adjudication of the merits of a now-approved Complaint In Intervention.

-4-                                                                                              Case No. 3:21-cv-08592-EMC
PLS.' ADMIN. MOTION TO TAKE OFF CALENDAR MOTION FOR EQUITABLE REDISTRIBUTION

*See Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).[2] The Motion To Intervene is at heart a pleading motion. The gravamen of the Motion For Equitable Redistribution is that of a summary judgment motion seeking to prove the allegations pleaded in the Complaint In Intervention. These two types of motions are customarily decided separately.

Counsel for Plaintiffs cannot realistically brief both motions within the 14-day briefing window. Lukacs Decl., ¶ 13. Counsel for Plaintiffs are also class counsel in *Esposito* and are in the process of drafting filings and preparing for the Fairness Hearing on March 22, 2024. *Ibid.*

Plaintiffs have satisfied the criteria laid out in Paragraph 4 of this Court's Civil Standing Order—General for an order changing the Court's calendar. Lukacs Decl., ¶ 14. Proposed Intervenors would not agree to a stipulation. *Ibid.* Plaintiffs are filing this Administrative Motion three court days after receiving the two motions and a week-and-a-half before the opposition due date of March 8, 2024. *Ibid.* Plaintiffs have been diligent. *Ibid.*

Plaintiffs can prepare a strong and thorough opposition to the Motion To Intervene by next Friday, but Plaintiffs would be prejudiced if they were forced to rush and prepare the opposition to the Motion For Equitable Redistribution during the same time frame. (And the Court should be aware that Proposed Intervenors filed their motions out of the blue, with no forewarning and certainly no meeting and conferring about a mutually agreeable briefing schedule. *Ibid.*)

By contrast, Proposed Intervenors will not be prejudiced if this Court hears the motions in sequence. In the event the Proposed Intervenors ultimately obtain a Judgment on their Complaint In Intervention, they can enforce that Judgment in the same manner as any other litigant.

For the reasons stated, Plaintiffs respectfully request that the Court grant this Administrative Motion.

---

[2] The standard laid by the Ninth Circuit is: "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections. District courts may often be able to determine whether a prima facie case is made out by reference to the proposed intervenor's papers alone; however, we do not foreclose consideration of the pleadings and affidavits of opponents to intervention, nor do we preclude district courts from holding a hearing when necessary to resolve ambiguities or conflicts." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: February 28, 2024 | Respectfully submitted, |
| 3 | | |
| 4 | | HATTIS & LUKACS |
| 5 | | By: */s/ Paul Karl Lukacs* |
| 6 | | Daniel M. Hattis (SBN 232141)<br>Paul Karl Lukacs (SBN 197007) |
| 7 | | HATTIS & LUKACS<br>11711 SE 8th Street, Suite 120 |
| 8 | | Bellevue, WA 98005<br>Telephone: (425) 233-8650 |
| 9 | | Facsimile: (425) 412-7171<br>Email: dan@hattislaw.com |
| 10 | | Email: pkl@hattislaw.com |
| 11 | | Stephen P. DeNittis, Esq. (admitted *pro hac vice*)<br>DENITTIS OSEFCHEN PRINCE, P.C. |
| 12 | | 5 Greentree Centre, Suite 410<br>525 Route 73 N. |
| 13 | | Marlton, New Jersey 08057<br>Telephone: (856) 797-9951 |
| 14 | | Email: sdenittis@denittislaw.com |
| 15 | | *Attorneys for Plaintiffs and the Class* |