Theodore H. Frank (SBN 196332)
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street NW, Suite 300
Washington, DC 20006
Voice: 703-203-3848
Email: ted.frank@hlli.org

M. Frank Bednarz (*pro hac vice* application to be filed shortly)
HAMILTON LINCOLN LAW INSTITUTE
1440 W. Taylor St. #1487
Chicago, IL 60607
Voice: (801) 706-2690
Email: frank.bednarz@hlli.org

*Attorneys for Intervenors*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TERESA MACCLELLAND, et al.,<br>for Themselves, as Private Attorneys General, and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>          v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS; and VERIZON COMMUNICATIONS INC.,<br><br>                    Defendants. | Case No. 3:21-cv-08592-EMC<br>Hon. Edward M. Chen, Courtroom 5 (17th Floor)<br><br>INTERVENORS' OPPOSITION TO ADMINISTRATIVE MOTION TO TAKE OFF CALENDAR MOTION FOR EQUITABLE REDISTRIBUTION<br><br>DATE:          April 4, 2024<br>TIME:          1:30 p.m. |
| ALLISON HAYWARD, PETER HEINECKE, LAWRENCE PRINCE, and WILL YEATMAN,<br><br>                    Intervenors. | |

Courts commonly hear related motions together. This is especially so when deciding an intervention motion that depends heavily on the purpose of intervention. Class Counsel cites no precedent supporting the "administrative" relief they request in Plaintiffs' Administrative Motion to Take Off Calendar Motion for Equitable Redistribution. ("Admin. Mot.," Dkt. 92). Class Counsel does not offer a reason for their proposal to multiply proceedings except for the purported burden on attorneys seeking $33.3 million in fees. The alleged burden does not withstand scrutiny. Even if it were genuine, it would not rationalize removing from the calendar Intervenors' Motion for Equitable Redistribution ("Equitable Motion," Dkt. 90).

Class Counsel represented to the *Esposito* court that they will "address [the motion and complaint] in the Northern District of California, where they were filed." Bednarz Decl. B (attached), Ex. B1 (DeNittis Letter dated February 28) at 2. We agree that this is the proper forum. Let's address them without delay.

## BACKGROUND

Class Counsel filed their first action concerning Verizon's "Administrative Charge" in this Court under the federal jurisdiction of the Class Action Fairness Act and obtained a favorable decision denying Verizon's motion to compel arbitration. Dkt. 53. The Court found that Customer Agreement was unconscionable and unenforceable, and its decision was quoted favorably in the appeal of a later-filed New Jersey action and by an arbitrator who found that the "batching" provisions violated AAA's Due Process Protocol. Dkt. 89-1 (Proposed Complaint), ¶¶ 32-33; Dkt. 91 ("Bednarz Decl."), Ex. 13 (Arbitrator's opinion) at 11-12.[1] The Court permitted discovery during the pendency of Verizon's appeal, which was set for oral argument on November 14. But on November 9, the parties asked to stay argument for a forthcoming settlement.

Class Counsel did not file their proposed settlement in any of their four pending actions (three federal and one in state court). Instead, they filed a new, fifth complaint in New Jersey state court on November 10, 2023, followed five days later by the motion for preliminary approval and settlement agreement. Bednarz Decl. Ex. 1. Class Counsel thus got their settlement assigned to a judge unfamiliar with the history of this litigation, and thus unfamiliar with the work class counsel claims in support of their fee request. The settling parties did

---

[1] Class Counsel asserts that Intervenors "ignore that three other class actions were filed against Verizon by class counsel in New Jersey state and federal courts" (Admin. Mot. 3 n.1), but in fact Inventors describe the history of these cases. *See* Dkt. 89-1, ¶¶ 25, 32-33. Class counsel cannot deny that the *MacClelland* action was first-filed, the first to achieve favorable decision, and the only action to secure substantive discovery.

1  not notify this Court or any other court presiding over Class Counsel's actions of their new action and pending

2  settlement until after the state court granted preliminary approval on December 15. Nor did any of the settling

3  parties comply with the notice requirements in 28 U.S.C. § 1715 for the proposed settlement of the three

4  federal class actions.

5  Class Counsel filed a $33.3 million (33.3%) fee request on January 31. Bednarz Decl. Ex. 6. This request

6  exceeds the benchmark fee award in this Circuit (which in turn is higher than awards this Court has made for

7  similar settlements) and does not comply with this district's Procedural Guidance for Class Action Settlements.

8  In view of Class Counsel's pattern and practice of settling this and other national class actions in state

9  court after obtaining favorable determinations—including *Vasquez v. Cebridge Telecom CA, LLC*, 569 F.

10  Supp. 3d 1016 (N.D. Cal. 2021)—Intervenors contend that Class Counsel filed a new complaint to avoid the

11  scrutiny of this Court and in this way "subordinates the interests of the class to its own interests." *Arkin v.*

12  *Pressman, Inc.*, 38 F.4th 1001, 1011 (11th Cir. 2022). The Intervenors propose to move in equity: when counsel

13  have "breached their fiduciary duty to the class" by "agree[ing] to accept excessive fees," that "excessive award

14  could be considered property of the class plaintiffs, and any injury…could be…redressed by allocating to them

15  a portion of that award." *Lobatz v. U.S. West Cellular of Cal., Inc.*, 222 F.3d 1142, 1147 (9th Cir. 2000).

16  Class Counsel's Administrative Motion—which does not comply with Loc. R. 7-11 because it omits

17  the Defendants' position on the motion—would necessarily and improperly multiply and delay proceedings.

18  **ARGUMENT**

19  **I.    The merits of intervention and the relief Intervenors seek are closely related.**

20  This Court and others routinely hear motions to intervene simultaneously with proposed intervenors'

21  substantive motions. The reason is simple: efficiency. The merits of a motion to intervene inevitably relate to

22  the merits of the relief sought by the intervenor—should the relief sought be futile, moot, or impossible, the

23  Court can soundly refuse to exercise its discretion concerning permissive intervention.

24  For example, in *O'Connor v. Uber Techs., Inc.* this Court heard putative intervenors' motion to intervene

25  together with their motion to disqualify class counsel, and along with preliminary approval of the proposed

26  settlement that inspired intervenors to act. No. 13-cv-03826-EMC, 2016 U.S. Dist. LEXIS 110368, at *11

27  (N.D. Cal. Aug. 18, 2016). Doing so did not prejudice the named plaintiffs; to the contrary, joint hearing on

28  the pending motions convinced the Court to deny preliminary approval, which made denial of permissive

intervention an easy decision: "the settlement will not affect the proposed intervenors' cases." *Id.* Similarly, in *Alexander v. FedEx Ground Package Sys.*, this Court heard a motion to intervene that also included a motion for appointment as interim class counsel, and resolved it based on the merits of the underlying motion. No. 05-cv-00038-EMC, 2015 WL 5698756, 2015 U.S. Dist. LEXIS 131712, at *20 (N.D. Cal. Sep. 29, 2015).

Courts have also routinely heard motions to intervene along with substantive motions and have granted both together. *E.g.*, *Tonkawa Tribe of Indians of Okla. v. Sci. Games Corp.*, No. 2:20-cv-01637-GMN-BNW, 2021 WL 3847802, 2021 U.S. Dist. LEXIS 162479, at *13 (D. Nev. Aug. 27, 2021); *Clean Earth, Inc. v. Endurance Am. Ins.*, No. 15-6111(FLW), 2016 WL 5422063, 2016 U.S. Dist. LEXIS 133256 (D.N.J. Sep. 28, 2016). And appellate courts have also resolved the underlying motion of an intervenor appealing the denial of a motion to intervene. *Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012) (Easterbrook, J.); *Taylor v. Sw. Bell Tel. Co.*, 251 F.3d 735 (8th Cir. 2001). Under Class Counsel's theory, only intervention should have been decided, but this would have been inefficient.

The clearest sign that the merits of intervention are closely related to Intervenor's Equitable Motion is plaintiffs' Administrative Motion itself, which argues repeatedly about the merits of the Equitable Motion while simultaneously implausibly asserting that "[t]he motions are distinct in concept and remedy." Admin. Mot. 4. Class Counsel offers alternative (and unconvincing) reasons that they settled nationwide claims in a wholly new action filed on November 10. *Id.* at 2. Class Counsel argues that their $33.3 million fee request is reasonable. *Id.* at 2-3. Plaintiffs suggest that Intervenors have adequate process in the forum that Class Counsel chose to file their settlement. *Id.* at 3; *but see Durkin v. Shea & Gould*, 92 F.3d 1510 (9th Cir. 1996) (court approval of settlement and fee does not preclude malpractice suit). Plaintiffs also mischaracterize the Intervenor's Equitable Motion (which seeks to disgorge unjust enrichment) as a request to "reduce the class counsels' attorney fees in the *Esposito* action" (which Intervenors do *not* seek). Plaintiffs' reason for arguing about the merits of relief is not a mystery: an important requisite to intervention, as Class Counsel admits, is the "sufficiency of a proposed Complaint in Intervention." *Id.* at 4. It would be inefficient to hear them separately.

Intervenors' reason for filing the motions simultaneously was to avoid prejudice. Class Counsel can respond to the substance of the complaint and Intervenors' proposed remedy, without being sandbagged or having their hands tied. Bifurcating the issues, in contrast, allows Class Counsel two arguments against the substance of Intervenors' cause of action and remedy. The Court may certainly wish additional briefing on the

1    merits, but a decision on intervention necessarily requires consideration of the merits of relief.

2    **II.      Class Counsel offers no reason it cannot efficiently brief Intervenor's related Motions.**

3            The only reason that Class Counsel offers for removing Intervenor's Equitable Motion from the

4    calendar is that they allegedly "cannot realistically brief both motions within the 14-day briefing window."

5    Admin. Mot. 5. Without elaboration, they add "Counsel for Plaintiffs are also class counsel in Esposito and

6    are in the process of drafting filings and preparing for the Fairness Hearing on March 22, 2024." *Id* (citing

7    declaration that simply repeats assertion verbatim). While class counsel claims diligence, they do not explain

8    how the attorneys at their firms, eight of which have billed thousands of hours in this litigation (Frank Decl.

9    Ex. 6 at 16) cannot respond to two motions filed by non-profit attorneys within two weeks—or why they

10   could not instead ask for a change in the briefing schedule while keeping the April 4 hearing date.

11           Class Counsel's own actions demonstrate they do not seem to lack capacity. After all, Class Counsel

12   filed a dense five-page "administrative" motion within "three court days." Admin. Mot. 5. In proceedings

13   before the *Esposito* court in New Jersey, Class Counsel has filed numerous papers including 58 pages of

14   substantive briefing and 15 pages of declarations between January 24 and February 12, including a "Motion

15   for Protective Order, Injunctive Relief and/or Order to Show Cause" along with a 5-page proposed order

16   seeking to have class members who "opt out through [an independent attorney's website] not excluded from

17   the class" and bound by the settlement in spite of their otherwise timely and valid opt-outs. These filings are

18   extraordinary because Verizon—which obviously has an interest in extinguishing consumer claims—already

19   filed a motion seeking these same ends on January 22, yet Class Counsel filed their own parallel motion with

20   full briefing. Class Counsel attended a hearing on these motions February 16, which remain submitted and

21   await decision by the *Esposito* court, so require no further attorney time. Plaintiffs articulate no intervening

22   impairment that would prevent any (let alone *all*) of their attorneys from addressing the Equitable Motion.

23           To the extent that a briefing logjam exists, it is one of Class Counsel's own making. Plaintiffs grumble

24   that Intervenors "filed their motions out of the blue." Admin. Mot. 5. But of course Class Counsel filed their

25   proposed settlement that seeks to bind 68 million Americans "out of the blue" in an entirely new action filed

26   November 10 in Middlesex County, New Jersey. Class counsel did not inform this or any other court about

27   the location or content of their settlement until after preliminary approval had been granted, in violation of

28   N.D. Cal. Loc. R. 3-13. *See Doe v. Goodrx Holdings, Inc.*, No. 23-cv-00501-AMO, 2023 WL 9777022, 2023 U.S.

Dist. LEXIS 235488 (N.D. Cal. Nov. 2, 2023) (issuing order to show cause why defendant should not be sanctioned under Rule 3-13 for failing to inform court of new action filed in S.D. Fla. for purpose of settlement until five days after new action's filing). But for Class Counsel's strategic decision to multiply proceedings, the Intervenors would have no occasion to petition this Court for equitable relief.

As detailed in Intervenors' Motions, class counsel have a pattern settling national classes in state court. Dkt. 90 (Equitable Mot.) at 14. These cases show not only that class counsel deliberately created the dueling forums they complain about, but also that the two firms before this Court have received $8,833,901.72 in the last 13 months just from 33.3% fees in these two New Jersey-rubber-stamped settlements of national federal claims. Bednarz Decl. Ex. 19 at 3; Ex. 21 at 5. Intervenors' attorneys work within an annual budget a tiny fraction of these awards, so Intervenors can confidently assert that class counsel has sufficient resources to respond to motions filed by non-profit *pro bono* attorneys.

Class Counsel seeks $33.3 million from the fund for class benefit; it is not too much to ask them to file a response to intervenor's interrelated motions, even if it requires additional staff or a short extension.

**III.    Class Counsel offers no argument against a less drastic solution: a short extension.**

Class Counsel's reference to the March 22 Fairness Hearing cannot justify completely removing Intervenor's Equitable Motion from the calendars either. While *Esposito* reply papers are due "no later than fourteen days before the Fairness Hearing" (Bednarz Decl. Ex. 4 at 10), this should afford plenty of breathing room for Class Counsel to oppose Intervenor's Equitable Motion following the March 8 deadline for papers in New Jersey. Intervenors would not have objected to a slight extension of time to respond to their Equitable Motion. To the extent Class Counsel simply wishes more time, if they withdraw their administrative motion for delay, Intervenors are willing to stipulate that Class Counsel's response to the two motions may be permitted on Tuesday, March 12 (an extra four days), and Intervenors' replies in support of both motions filed by Wednesday, March 20 (an extra one day). But if Class Counsel are not willing to withdraw their motion and so stipulate, it shows that their issue is not burden, but a desire to unnecessarily multiply and delay proceedings.

There are fully 34 days until the April 4 hearing; Class Counsel's apparent desire for delay cannot support removing a motion from the calendar entirely.

Dated: March 1, 2024

Respectfully submitted,

/s/ Theodore H. Frank
Theodore H. Frank (SBN 196332)
HAMILTON LINCOLN LAW INSTITUTE
        CENTER FOR CLASS ACTION FAIRNESS
1629 K Street NW, Suite 300
Washington, DC 20006
Voice: 703-203-3848
Email: ted.frank@hlli.org

M. Frank Bednarz (*pro hac vice* application to be filed shortly)
HAMILTON LINCOLN LAW INSTITUTE
        CENTER FOR CLASS ACTION FAIRNESS
1440 W. Taylor St. #1487
Chicago, IL 60607
Voice: 801-706-2690
Email: frank.bednarz@hlli.org

*Attorneys for Intervenors*

PROOF OF SERVICE

I hereby certify that on this day I electronically filed the foregoing Motion and Memorandum in support of Intervention using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

DATED this 1st of March, 2024.

/s/ Theodore H. Frank
Theodore H. Frank