QUINN EMANUEL URQUHART & SULLIVAN, LLP
Shon Morgan (Bar No. 187736)
(shonmorgan@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants*
*VERIZON WIRELESS and VERIZON COMMUNICATIONS, INC.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MACCLELLAND, et al., | CASE NO. 3:21-cv-08592-EMC |
| Plaintiffs, | **DEFENDANT VERIZON'S OPPOSITION TO MOTION TO INTERVENE** |
| vs. | |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, et al., | Hearing |
| Defendants. | Date: May 9, 2024<br>Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5 |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

I.    PROPOSED INTERVENORS' BASELESS ALLEGATIONS OF FORUM SHOPPING ........................................................................................................................ 2

II.   PROPOSED INTERVENORS DO NOT MEET THE STANDARD FOR PERMISSIVE INTERVENTION OR INTERVENTION AS OF RIGHT ............................ 3

    A.    No Facts Justify Intervention As Of Right .................................................................. 4

    B.    The Motion Is Untimely .............................................................................................. 6

CONCLUSION ................................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page**

### Cases

*Aleut Corp. v. Tyonek Native Corp.*,
   725 F.2d 527 (9th Cir. 1984) ................................................................................................... 6

*Asghari v. Volkswagen Grp. of Am., Inc.*,
   2015 WL 12732462 (C.D. Cal. May 29, 2015) ......................................................................... 5

*Cal. Dept. of Toxic Substances Control v. Comm. Realty Projects, Inc.*,
   309 F.3d 1113 (9th Cir. 2002) ............................................................................................. 7, 8

*California ex rel. Lockyer v. United States*,
   450 F.3d 436 (9th Cir. 2006) ................................................................................................... 5

*Callahan v. Brookdale Senior Living Communities, Inc.*,
   42 F.4th 1013 (9th Cir. 2022) .................................................................................................. 4

*Cellco P'ship v. Holschen*,
   No. 4-23-cv-00823 (E.D. Mo. June 26, 2023) .......................................................................... 3

*Cellco P'ship v. Lasher*,
   No. 8:23-cv-1242 (M.D. Fla. June 2, 2023) ............................................................................. 3

*CEP Emery Tech Invs. LLC v. JPMorgan Chase Bank, N.A.*,
   2010 WL 1460263 (N.D. Cal. Apr. 12, 2010) .......................................................................... 4

*Chavez v. PVH Corp.*,
   2014 WL 6617142 (N.D. Cal. Nov. 20, 2014) ..................................................................... 7, 8

*Cohorst v. BRE Props.*, Inc.,
   2011 WL 3475274 (S.D. Cal. Aug. 5, 2011) ............................................................................ 4

*Donnelly v. Glickman*,
   159 F.3d 405 (9th Cir. 1998) ................................................................................................... 4

*Esposito, et al., v. Cellco Partnership d/b/a/ Verizon Wireless, et al.*,
   MID-L-6360-23 (N.J. Sup. Ct.) ............................................................................................... 1

*Feller v. Transamerica Life Ins. Co.*,
   2018 WL 6025839 (C.D. Cal. Nov. 16, 2018) ......................................................................... 5

*Hemphill v. San Diego Ass'n of Realtors, Inc.*,
   225 F.R.D. 616 (S.D. Cal. 2005) ............................................................................................. 2

*In Re Gen. Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*,
   1996 WL 683785, at *5 (E.D. Pa. Nov. 25, 1996) ............................................................... 4, 5

*Morazan v. Aramark Unif. & Career Apparel Grp., Inc.*,
   2013 WL 4734061 (N.D. Cal. Sept. 3, 2013) ...................................................................... 8

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
   523 F.3d 1091 (9th Cir. 2008) ........................................................................................... 2

*Orange Cnty. v. Air California*,
   799 F.2d 535 (9th Cir. 1986) ............................................................................................. 6

*Perry v. Proposition 8 Official Proponents*,
   587 F.3d 947 (9th Cir. 2009) ............................................................................................. 4

*Sterrett v. Sonim Techs., Inc.*,
   2020 WL 6342941 (N.D. Cal. Oct. 29, 2020) .................................................................... 5

*Torliatt v. Ocwen Loan Servicing, LLC*,
   2020 WL 10964876 (N.D. Cal. Oct. 2, 2020) .................................................................... 7

*U.S. Equal Emp. Opportunity Comm'n v. Activision Blizzard, Inc.*,
   2023 WL 8908774 (9th Cir. Dec. 27, 2023) ...................................................................... 8

*United States v. Alisal Water Corp.*,
   370 F.3d 915 (9th Cir. 2004) ..................................................................................... 4, 6, 7

*In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*,
   2016 WL 4376623 (N.D. Cal. Aug. 17, 2016) .................................................................. 6

**Statutes and Rules**

28 U.S.C. § 1711(2) ....................................................................................................................... 3

Local Rule 3-13 ............................................................................................................................. 3

Rule 24(a) .................................................................................................................................. 3, 5

Rule 24(b) ..................................................................................................................................... 4

**PRELIMINARY STATEMENT**

After two years of contentious litigation across four actions in courts in New Jersey and California about an "Administrative Charge" that Verizon Wireless charges its customers, Verizon Wireless and the attorneys prosecuting that litigation have reached a $100 million nationwide settlement that will benefit millions of customers. Three of these four cases were litigated in New Jersey and involved significant investigation and dispositive motion practice. After months of arms'-length negotiations and with the assistance of an experienced mediator, the parties finalized this historic settlement, and have initiated approval proceedings in New Jersey Superior Court in a consolidated action that combines the plaintiffs and claims across the four actions. "The $100 million settlement fund represents one of the largest class action settlements ever reached in the Superior Court of New Jersey and one of the largest settlements in the country involving a case dealing with allegedly deceptive fees." *Esposito, et al., v. Cellco Partnership d/b/a/ Verizon Wireless, et al.*, MID-L-6360-23 ("*Esposito*"), No. LCV2024273558, Motion for Final Approval, at 13 (N.J. Sup. Ct.).[1]

The New Jersey Superior Court has preliminarily deemed the settlement "fair, reasonable, and adequate" to the class; found that class counsel "have adequately represented, and will continue to adequately represent," the class; and found that the settlement was "the product of arms' length negotiations . . . after significant litigation[.]" *Esposito*, MID-L-6360-23, No. LCV20233659560, Preliminary Approval Order ¶ 4. Since that ruling, more than 58 million class members have been sent a court-approved notice (through an extensive notice campaign costing nearly five million dollars to date). The class reception to the settlement has been overwhelmingly positive: over 4.5 million class members have already submitted claims for payment, and less than one-ten thousandth of a percent of the class objected. The New Jersey state court will address those objections and any remaining issues at a fairness hearing scheduled for March 22, 2024.[2]

---

[1] The settlement agreement, preliminary approval order, motion for final approval, and other filings in *Esposito* are available on the class settlement website. *See* www.verizonadministrativechargesettlement.com/important-documents.

[2] Verizon Wireless takes no position on proposed intervenors' objections to class counsel's fee motion.

Even though this hard-fought matter is poised for final resolution in New Jersey Superior Court in less than three weeks, proposed intervenors seek to disrupt it at the eleventh hour by intervening in this Court.  But proposed intervenors are in the wrong forum.  There is no legal basis to intervene in this Court for the purpose of objecting to class counsel's fee motion pending before the New Jersey Superior Court.  Proposed intervenors provide no valid grounds on which this Court could usurp the New Jersey Superior Court's jurisdiction over that motion, and none exists.  Rather, they resort to disparaging the state court's ability to reach a fair resolution and accusing the parties of colluding to "evade federal scrutiny."  Proposed intervenors submit no evidence to support their fantastical theory of forum shopping, and conveniently ignore that three out of the four parallel cases *were litigated in New Jersey*, thus effectuating the settlement in New Jersey was a logical choice. If proposed intervenors believed they had a basis to object to class counsel's fee request, they could have done so via objection and participation in the fairness hearing in New Jersey Superior Court. Tellingly, they failed to do so.

Proposed intervenors cannot evade the proper procedures established by the New Jersey Superior Court by fabricating a dispute in this Court.  Accordingly, Verizon Wireless respectfully requests that the motion to intervene be denied.

## ARGUMENT

### I. PROPOSED INTERVENORS' BASELESS ALLEGATIONS OF FORUM SHOPPING

Proposed intervenors rely on nothing but speculation to support their allegations of forum shopping, which alone is fatal to their motion.  A proposed intervenor that alleges settlement resulted from forum shopping must support that allegation with concrete evidence.  *See, e.g.*, *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099–100 (9th Cir. 2008) (rejecting unsupported allegations of "underhanded activity"); *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 621 (S.D. Cal. 2005) ("As a general principle, the courts respect the integrity of counsel and

presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered." (cleaned up)).

In lieu of concrete evidence of forum shopping, proposed intervenors falsely contend the parties tried to hide the fact of settlement.[3]  The record demonstrates just the opposite.  *First,* the parties fulfilled their obligations under Local Rule 3-13 by promptly informing this Court of the pending settlement.  *See* Dkt. 84 (notifying the Court of pending settlement action within two months of filing).  Contrary to proposed intervenors' contention otherwise, the timing of that notice was consistent with the parties' prior notices to this Court regarding other pending litigations.  *See, e.g.*, Dkt. 32 (notifying the Court of parallel action within three months of filing).  *Second*, the Class Action Fairness Act does not govern class actions in state court, so no CAFA notice was required.  *See* 28 U.S.C. § 1711(2) (defining "class action" under CAFA to mean "any civil action filed in a district court . . . or any civil action that is removed to a district court.").  Proposed intervenors cite no contrary authority, and again none exists.  *Third*, the standard provision in the settlement agreement limiting contact with the press does not imply that the parties seek to keep the fact of settlement from anyone.  Indeed, the parties' notice to this Court and to *58 million class members* establishes that the parties diligently seek to fully inform the relevant parties and public writ large.

## II.   PROPOSED INTERVENORS DO NOT MEET THE STANDARD FOR PERMISSIVE INTERVENTION OR INTERVENTION AS OF RIGHT

To intervene as of right under Rule 24(a), the applicant must meet its burden on the following factors:

---

[3]  Verizon Wireless further notes that proposed intervenors completely mischaracterize certain declaratory judgment actions brought by Verizon Wireless in Missouri and Florida.  Dkt. 89-1 ¶¶ 34–35; *Cellco P'ship v. Holschen*, No. 4-23-cv-00823 (E.D. Mo. June 26, 2023); *Cellco P'ship v. Lasher*, No. 8:23-cv-1242 (M.D. Fla. June 2, 2023).  In their proposed complaint, proposed intervenors misleadingly state that Verizon Wireless filed those actions against certain individuals to "keep[] their class claims *out* of arbitration hearings."  Dkt. 89-1 ¶ 34 (original emphasis).  To the contrary, Verizon Wireless sought to compel those individuals *to arbitration*.  *See* Dkt. 1, *Holschen*, No. 4-23-cv-00823; Dkt. 1, *Lasher*, No. 8:23-cv-1242.  Verizon Wireless did so under a provision in the relevant customer agreements that prohibited class arbitration—the enforceability of which could only be reviewed "by a court and not the arbitrator" under the plain language of the contract.  *See id.*

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022).

To permissively intervene under Rule 24(b), an applicant must meet its burden of establishing that "(1) the motion is timely; (2) the trial court has an independent basis for jurisdiction; and (3) the applicant's claims or defenses and the main action have a question of law or fact in common." *CEP Emery Tech Invs. LLC v. JPMorgan Chase Bank, N.A.*, 2010 WL 1460263, at *5 (N.D. Cal. Apr. 12, 2010); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*, 159 F.3d at 412 ("[T]he district court must consider whether [permissive] intervention will unduly delay the main action or will unfairly prejudice the existing parties.").

"The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (original emphasis). Thus, a proposed intervenor's "[f]ailure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

### A. No Facts Justify Intervention As Of Right

As a threshold matter, proposed intervenors cannot show that their interests will be impaired by *this* litigation, which is fatal to their motion to intervene as of right. *See Cohorst v. BRE Props., Inc.*, 2011 WL 3475274, at *6 (S.D. Cal. Aug. 5, 2011) (intervention as of right improper where intervenor "fail[ed] to identify how resolution of this action will impair or impede her ability to protect her interests"). For instance, in *In Re Gen. Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, the district court considered whether to allow intervention for the purpose of enjoining a state court settlement that was allegedly improper for forum shopping, given that the federal court

had earlier denied the proposed settlement.  1996 WL 683785, at *4–6 (E.D. Pa. Nov. 25, 1996).  The court there found proposed intervenors' request improper for many reasons—including that the relief they sought was prohibited by doctrines of comity—and noted that: "[w]hatever interest [intervenors] may have in the litigation here, it is not being affected by disposition of this action because there is no disposition of this action at this time."  *Id.* at *5.

Similarly, proposed intervenors here make the circular argument that they must intervene in *this action* because the resolution of the *state court action* might impair their interests.  But the attorneys' fees motion that proposed intervenors challenge is pending in New Jersey Superior Court—not here.  And if proposed intervenors wished to challenge that motion, they could have objected and appeared at the fairness hearing that is scheduled to take place in New Jersey in less than three weeks.  Their failure to do so indicates that proposed intervenors are the ones improperly shopping their objections in this Court.

Even if this lawsuit could affect proposed intervenors' interests (it cannot), their interests are not *impaired* under Rule 24(a) because they have alternative procedures at their disposal.  Under Ninth Circuit law, even if proposed intervenors have interests in a litigation, those interests are not impaired "if they have 'other means' to protect them."  *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) (citation omitted).  Courts therefore regularly find that a proposed intervenor cannot intervene for the purpose of raising concerns about the settlement process where he or she can object to the proposed settlement, participate in the fairness hearing, or opt out of the settlement class.  *See, e.g.*, *Sterrett v. Sonim Techs., Inc.*, 2020 WL 6342941, at *1 (N.D. Cal. Oct. 29, 2020) (no right to intervene where proposed intervenors could "submit a formal objection" that would be considered before final settlement approval); *Feller v. Transamerica Life Ins. Co.*, 2018 WL 6025839, at *4 (C.D. Cal. Nov. 16, 2018) (same where proposed intervenor could object or opt out of the settlement); *Asghari v. Volkswagen Grp. of Am., Inc.*, 2015 WL 12732462, at *38 (C.D. Cal. May 29, 2015) ("there are alternatives open to them which would be less disruptive to these proceedings and to the interests of the settling parties" (cleaned up)).  All of these options were available to proposed intervenors in the New Jersey action.  Having failed to take advantage of them,

the proposed intervenors cannot intervene in this Court seeking a second bite at the apple in a forum they perceive as more favorable.

Proposed intervenors have not met their burden to show a protectable interest that will be impaired absent intervention in this action, and their motion to intervene as of right should be denied.

### B. The Motion Is Untimely

Proposed intervenors also cannot intervene permissively or as of right because their motion is untimely. "Courts weigh three factors in determining whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Alisal*, 370 F.3d at 921 (cleaned up). The motion is untimely under each of these factors.

*First*, the motion comes on the eve of the final fairness hearing. *Orange Cnty. v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986) (affirming denial of motion to intervene brought after proposed final settlement); *Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1984) (same where brought "on the eve of settlement"); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2016 WL 4376623, at *1, 4 (N.D. Cal. Aug. 17, 2016) (denying motion to intervene that was filed the day before court preliminarily approved class action settlement). Proposed intervenors bring their motion more than three months after the parties' proposed settlement was publicly filed, two months after the Superior Court's preliminary approval order, and days after the deadline for class members to opt out. Although proposed intervenors could have filed timely objections to the proposed settlement in New Jersey Superior Court by the February 26, 2024 deadline, they tellingly opted not to do so. With the nationwide class notice and claim process well underway and the fairness hearing set for March 22, 2024, proposed intervenors should not be permitted to derail the orderly settlement review and approval process established by the New Jersey Superior Court. The late stage of the proceeding weighs heavily against proposed intervenors.

*Second*, the proposed intervention would also prejudice the parties and the progression of this case. A motion to intervene in the settlement phase of a case prejudices the parties and the class members by complicating proceedings and delaying relief. *Alisal*, 370 F.3d at 922 ("[A] party's

seeking to intervene merely to attack or thwart a remedy rather than participate in the future administration of the remedy is disfavored."); *Chavez v. PVH Corp.*, 2014 WL 6617142, at *4 (N.D. Cal. Nov. 20, 2014) (finding intervention would prejudice parties who expended resources and class members who had already filed claims).  After years of parallel litigation across four forums and months of settlement negotiations, the parties have agreed to a $100 million nationwide settlement, sent notice to over 58 million class members and received over 4.5 million claims from class members, in an extensive notice and claims process that has cost of upwards of $5 million to date.  Thus, the proposed intervention would not only prejudice the parties and the claims administrator—who have expended significant resources to date—but also the millions of class members who have already submitted claims.  See *Chavez*, 2014 WL 6617142, at *4.  This prejudice is especially unwarranted given that the sole purpose of the proposed intervention is to attack the state court's jurisdiction over class counsel's fee motion.  *Alisal*, 370 F.3d at 922 (affirming denial of motion to intervene that primarily sought to challenge damages award); *Torliatt v. Ocwen Loan Servicing, LLC*, 2020 WL 10964876, at *3 (N.D. Cal. Oct. 2, 2020) (noting applicant's motion to intervene "amounts to an injunction for which it has provided no support").  Therefore, proposed intervenors' motion is also untimely due to the prejudice it would inflict on the parties and class members.

*Third*, proposed intervenors' delay in seeking to intervene is unjustifiable.  A proposed intervenor must act "as soon as he knows or *has reason to know* that his interests might be adversely affected by the outcome of the litigation." *Cal. Dept. of Toxic Substances Control v. Comm. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002) (original emphasis).  Thus, "[t]he timeliness inquiry under the third factor does not allow a potential intervenor to wait until a potential harm 'crystallizes' or becomes 'certain.'"  *Chavez*, 2014 WL 6617142, at *6; *U.S. Equal Emp. Opportunity Comm'n v. Activision Blizzard, Inc.*, 2023 WL 8908774, at *2 (9th Cir. Dec. 27, 2023) ("she should have known that the risks of waiting included possible denial of her motion to intervene as untimely." (cleaned up)); *Cal. Dep't of Toxic Substances*, 309 F.3d at 1120 ("While [the proposed intervenors] were not certain that the Consent Decree would be adverse to their interests, they had reason to know that negotiations might produce a settlement decree to their detriment.").

1    Proposed intervenors had reason to know that class counsel sought 33.3% in attorneys' fees on November 15, 2023, and yet waited more than three months to file their motion. The parties publicly filed the proposed settlement in state court on November 15, 2023, explicitly stating that class counsel would seek an award of up to 33.3% of the settlement fund. *Esposito*, MID-L-6360-23, No. LCV20233659560, at 34. Although proposed intervenors argue that January 31, 2024 was "the earliest point" at which they could have known about class counsel's fees, the plain language of the proposed settlement agreement belies their argument. *See id.* Proposed intervenors therefore had reason to know three months ago that class counsel might seek a 33.3% award of attorneys' fees, yet impermissibly waited for the issue to "crystallize" in class counsels' fee motion. *See Cal. Dep't of Toxic Substances*, 309 F.3d at 1120; *Chavez*, 2014 WL 6617142, at *6. At this late stage of the case, proposed intervenors' three-month delay is inexcusable. *See, e.g.*, *Morazan v. Aramark Unif. & Career Apparel Grp., Inc.*, 2013 WL 4734061, at *4 (N.D. Cal. Sept. 3, 2013) (proposed intervenor's explanation did "not excuse waiting two months to file the instant Motion—particularly given the posture of the case").

Because none of the timeliness factors weigh in proposed intervenors' favor, their motion is untimely, and they cannot intervene permissively or as of right.

## CONCLUSION

For the foregoing reasons, the Court should deny proposed intervenors' Motion to Intervene.

DATED this 8th day of March, 2024          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By: */s/ Shon Morgan*

Shon Morgan
*Attorneys for Defendants VERIZON WIRELESS and VERIZON COMMUNICATIONS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2024, I caused a true and correct copy of the foregoing **DEFENDANT VERIZON'S OPPOSITION TO MOTION TO INTERVENE** to be filed in this Court's CM/ECF system, which will send notification of such filing to all parties who have appeared in this matter.

Dated this March 8, 2024.

/s/ *Shon Morgan*
Shon Morgan