# EXHIBIT A

| | |
|---|---|
| DEAN ESPOSITO, JEFFREY ACHEY, MARILYN ACHEY, JUSTIN ANDERSON, DEIDRE ASBJORN, GREGORY BURLAK, CARLA CHIORAZZO, JUDITH CHIORAZZO, JOHN CONWAY, ADAM DEMARCO,  JAMES FISHER, ALLISON GILLINGHAM, LORRAINE GILLINGHAM, DOREE GORDON, DONNA HARTMAN, PATRICIA JUSTICE, DAVID KELLY, CHRISTINA MANFREDO, JUDITH OELENSCHLAGER, DANIEL PATINO, JAMES PRATE, MICHAEL SCHEUFELE, RUSSELL SEWEKOW, DEBORAH STROYEK, LINDA TEER, CHRISTINE TRAPPE, BRENDA TRIPICCHIO, TERESA MACCLELLAND, KAREN UMBERGER, SCOTT WILLITS, MICHAEL BRANOM, MOLLY BROWN, MICHAEL CARNEY, TIM FRASCH, PATRICIA GAGAN, ANNA GUTIERREZ, LINDA JENKINS, AUGUSTUS JOHNSON, WILLIAM KAUPELIS, MARILYN KAYE, JANETTE LISNER, WILLIAM ERIC LOUGH, DAVID MASSARO, LOUISE MONSOUR, DARLEEN PEREZ, GABRIELLE POZZUOLI, VALERIE REED, BRUCE SCHRAMM, KERRY SHOWALTER, JOHN ST. JARRE, GLORIA STERN, EDNA TOY, TERESA TOY, VANESSA WEST, MARY BOWMAN, ART CAPRI, DEBRA CASEY, KARYN CHALLENDER. TYSON COHRON, CINTIA CORSI, ANDI ELLIS, LAURIE FRANTZ, ASHLEY GARRISON, ANGELA GREEN, CARLOS GUTIERREZ, JAMES HOLLING, KAREN HUDSON, JERRY HUNT, JENNIFER HURTT, JOYCE JONES, LYNN KIRALY, MICHELLE LACUESTA, JASON MCCONVILLE, JOSE NICOT, SANDRA OSHIRO, LESLIE OWENS, JON SANTOS, TERRY SEXTON, KATHLEEN WRIGHT, PAMELA M. ALLEN, SAMANTHA ALBAITIS, CYDNI ARTERBURY, LISA BAKER, BRIANA BELL, CHRISTINE BELLAVIA, KIMBERLY BLAIR, LEANOR BLAND-MULLINS, CAROLINE BONHAM, TAMMY BURKE, ANNMARIE CALDWELL, SHAUNA CAVALLARO, SANTOS COLON, ERIKA CONLEY, KENDRA CONOVER, DYLAN CORBIN, LAURA CURRY, SHAKERA DYER, JANE FREY, RUSSELL FROM, ANGEL GAINES, ASHTIN GAMBLIN, ERICKA GARDNER, ANN GRAFF, JAMES HENSLEY, SAREL HINES, ALEXANDER KEELER, ADAM KELLER, BILLIE KENDRICK, KRISTA KIRBY, JAN LOMBARD, MARC LOWREY, JILL MAILHOIT, AARON MAXA, KELLY MOORE, LINDSEY MORAN, DAVID MOYERS, JENNIFER OCAMPO-NEUBAUER, KEISHA ODOM, ANGEL PACHECHO, HEATHER RAY, SUSAN SCOTT, | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY LAW DIVISION<br><br>DOCKET NO. MID-L-<br><br>**CLASS ACTION SETTLEMENT AGREEMENT** |

| | |
|---|---|
| LORI SNYDER, MISTY SUTTON, KATHRYN TAYLOR, ANTHONY VALLECORSA, CLAIRE WHITE, KRISTOPHER WILLARD, ALVIN WILSON, and BRAD YOUNG, on behalf of themselves and all others similarly situated, Plaintiffs, v. CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, Defendant. | |

This Class Settlement Agreement ("Settlement Agreement") dated November 8, 2023 is entered into by and between all named Plaintiffs set forth in the caption above (collectively, "Plaintiffs") on behalf of themselves and the Settlement Class (as defined below), and Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon" and collectively with Plaintiffs, the "Parties"). This Settlement Agreement is conditioned upon and subject to approval of the Court as required by New Jersey Rules of Court Rule 4:32-2. Settlement Class Counsel (as defined below) and the Parties stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the Effective Date (as defined below), this Action (as defined below) and all Released Claims (as defined below) shall be finally and fully settled, compromised, and released, on the following terms and conditions:

## I.    **RECITALS**

**A.**    Plaintiffs' counsel previously initiated four putative class actions asserting individual state and nationwide class claims (the "Putative Class Cases") against Verizon, captioned: (1) *MacClelland, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al*., 21-cv-08592 (N.D. Cal.); (2) *Corsi, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, 22-cv-04621 (D.N.J.); (3) *Allen, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, 23-cv-01138

(D.N.J.); and (4) *Achey, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, MID-L-000160-22 (N.J. Super.).

**B.**     Each of the Putative Class Cases asserts claims on behalf of Plaintiffs and others who had Verizon post-paid wireless service plans and were charged and paid an administrative charge (the "Administrative Charge") within the applicable statutes of limitations.   In those actions, Plaintiffs allege, as they do here, that Verizon's representations and advertisements regarding the price of its post-paid wireless service plans were misleading because the prices did not include the Administrative Charge, and that Verizon implemented and charged the Administrative Charge in a deceptive and unfair manner.   Among other relief, in the Putative Class Cases, Plaintiffs seek injunctive relief and damages on behalf of themselves and the proposed classes, mirroring the relief sought here.

**C.**     While none has yet reached a merits or class certification determination, the Putative Class Cases already have been extensively litigated.   In each case, Verizon moved to compel arbitration of Plaintiffs' claims and to stay the respective litigations, resulting in multiple rounds of briefing and appeals to date.   The current procedural posture of each of the Putative Class Cases is summarized below:

- *MacClelland (N.D. Cal.)*: On July 1, 2022, the court denied Verizon's motion to compel arbitration; Verizon has appealed to the Ninth Circuit, which has scheduled argument for November 14, 2023.  *See MacClelland v. Cellco P'ship*, 609 F. Supp. 3d 1024, 1028 (N.D. Cal. 2022), *appeal filed*, 22-16020 (9th Cir.).

- *Corsi (D.N.J.)*: On June 2, 2023, the court denied without prejudice Verizon's motion to compel arbitration and ordered the parties to conduct limited discovery on the issue of arbitrability.  *See Corsi v. Cellco P'ship*, 2023 WL 3775320, at *3 (D.N.J. June 2, 2023).

2

On October 13, 2023, the parties submitted stipulated facts to the court that would permit the court to resolve Verizon's motion.

- **_Allen (D.N.J.)_**:  Given the court's Order in _Corsi_ (before the same district judge), Verizon withdrew its then-pending motion to compel arbitration.  On August 11, 2023, the _Allen_ plaintiffs filed an amended complaint adding additional plaintiffs from different states, and asserting deceptive trade practices claims based on those states' consumer protection statutes.  On October 13, 2023, the parties submitted stipulated facts to the court that would permit the court to resolve a motion by Verizon to compel arbitration.

- **_Achey (N.J. Super.)_**: On July 15, 2022, the court severed a limitation on damages in Verizon's customer agreement, but enforced the remainder of the agreement and compelled arbitration.  On May 1, 2023, the New Jersey Appellate Division reversed in part and deemed the arbitration agreement unenforceable.  _See Achey v. Cellco P'ship_, 475 N.J. Super. 446, 450 (N.J. App. Div. 2023).  On June 1, 2023, Verizon petitioned the New Jersey Supreme Court for certification and review of the Appellate Division's order.  _See Achey v. Cellco P'ship_, Dkt. No. 088253 (N.J.).  On September 11, 2023, the New Jersey Supreme Court accepted the appeal.

**D.**     On August 23, 2023, the Parties and their counsel participated in a full-day mediation with mediator Hon. Jay C. Gandhi (ret.) of JAMS in an effort to settle all the Putative Class Cases.

**E.**     Following the mediation, after further, extensive arms-length negotiations, the Parties reached an agreement in principle to settle on the terms and conditions embodied in this Settlement Agreement.

**F.**     This action (the "Action") joins all the named Plaintiffs and claims asserted on behalf of the Plaintiffs in the Putative Class Cases, and the putative classes they seek to represent, in a single, consolidated proceeding.

**G.**     Settlement Class Counsel have performed substantial work in the prosecution of the claims of the Plaintiffs and the Settlement Class Members.  Settlement Class Counsel have conducted extensive factual and legal research into the claims and various potential defenses in this matter, and have engaged in substantial motion practice.  Settlement Class Counsel have conducted an extensive investigation regarding Verizon's practices, including reviewing approximately 80,000 documents produced by Verizon.  Settlement Class Counsel believe that the proposed settlement of this Action, as set forth herein, is fair, reasonable, and adequate, and in the best interests of the proposed Settlement Class and that this Settlement Agreement should be approved by the Court under New Jersey Rules of Court Rule 4:32-2.

**H.**     Based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs and Settlement Class Counsel, on behalf of the proposed Settlement Class, have agreed to settle this Action pursuant to the provisions of this Settlement Agreement, after considering, among other things: (1) the substantial benefits to the Settlement Class Members under the terms of this Settlement Agreement; (2) the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this Settlement Agreement promptly in order to provide expeditious and effective relief to the Settlement Class Members.

**I.**     Verizon has denied and expressly continues to deny any wrongdoing or liability whatsoever and does not admit or concede any actual or potential fault, wrongdoing, or liability in

connection with any facts or claims that have been alleged against it in this Action or any violation of any law or duty, including but not limited to, those alleged in the Action. Verizon contends that it has acted properly at all times and also denies that Plaintiffs and Settlement Class Members are entitled to any form of damages or other relief based on the conduct alleged in the Action. Verizon has maintained and continues to maintain that it has meritorious defenses to all causes of action alleged in the Action; that it was and is prepared to vigorously defend against the claims related to the Action; that the claims against it are meritless; and that it has valid and enforceable rights to compel arbitration as to Plaintiffs and Settlement Class Members and/or to enforce any applicable contractual or statutory limitations period to limit any relief, all of which are expressly reserved. Verizon has maintained and continues to maintain that: the Administrative Charge is lawful, justified, fully supported by underlying expenses, and appropriate, including as a charge to help defray certain expenses Verizon incurs, including, but not limited to, charges for interconnection and charges associated with cell site rents and maintenance; and that Verizon's disclosures respecting the implementation, amount, and nature of the Administrative Charge, including for every increase of the Administrative Charge, have been lawful, accurate, and robust. Verizon contends that Plaintiffs are not entitled to any relief respecting the Administrative Charge, including any form of injunctive relief that precludes Verizon from charging or increasing the Administrative Charge or requires Verizon to modify any of its disclosures and practices respecting the Administrative Charge. Verizon further denies that this Action meets the requisites for certification as a class action under state or federal law, other than in relation to a settlement class as described in this Settlement Agreement. Verizon further states that it currently charges the Administrative Charge, expects to continue to charge the Administrative Charge, and might increase the Administrative Charge from time to time in the future.

**J.**     Verizon considers it desirable to resolve this Action on the terms stated herein, in order to avoid further expense, inconvenience, and interference with its business operations, and to dispose of burdensome litigation.   Therefore, Verizon has determined that the settlement of this Action on the terms set forth herein is in its best interests.

**K.**     This Settlement Agreement reflects a compromise between the Parties, and shall in no event be construed as or deemed an admission or concession by any Party of the truth of any of the pleadings in this Action, or of any fault on the part of Verizon, and all such allegations or the validity of any purported claim or defense asserted, are expressly denied by Verizon.   Nothing in this Settlement Agreement shall constitute an admission of liability or be used as evidence of liability, by or against any Party hereto.

**L.**     Nothing in the Recitals in this Section I shall affect the scope of the Release granted in this Settlement Agreement.

## II.     DEFINITIONS

**A.**     As used in this Settlement Agreement, including the exhibits attached hereto, the following terms have the following meanings, unless this Settlement Agreement specifically provides otherwise:

**1.**     "Accountholder(s)" means the person(s) on the Verizon post-paid wireless account financially responsible for the account.

**2.**     "Action" means the above-captioned action, *Esposito et al. v. Cellco Partnership d/b/a Verizon Wireless*, Docket No. MID-L-  (N.J. Sup. Ct.).

**3.**     "Administrative Costs" means and includes: the reasonable costs and expenses of the Settlement Administrator associated with disseminating Notice to the Settlement Class, disseminating Settlement Payments to Settlement Class Members, implementing the Claim

Process, and carrying out their other responsibilities consistent with the terms of this Settlement Agreement.

4.  "Claim(s)" means a claim for a Settlement Payment submitted in compliance with the procedures described in Section IV.D.1. of this Settlement Agreement.

5.  "Claim Deadline" means ninety days following the Notice Date.

6.  "Claim Form" means the document substantially in the form attached as **Exhibit E** to this Settlement Agreement.

7.  "Claim Process" means the process for submitting and reviewing Claims as described in Section IV.D.1. of this Settlement Agreement.

8.  "Customer Data" means the best data and information reasonably available to Verizon regarding the accounts within the Settlement Class definition, to be provided by Verizon to the Settlement Administrator for the Settlement Administrator's use in disseminating Notice, processing Claims, and disseminating Settlement Payments.   The Customer Data shall include the following information, to the extent it is reasonably accessible and available to Verizon, for each account within the Settlement Class: (1) account number or other unique identifying number for the account; (2) the name(s) of the Accountholder(s) for the account; (3) the last-known mailing address for the account; (4) the last known email address for the account; (5) the service start and end dates for the account; and (6) the mobile telephone numbers that have been associated with the account.

9.  "Court" means the Superior Court of New Jersey, Middlesex County, Law Division.

10.  "Effective Date" means the date on which all of the following events have occurred: (a) the Court has entered a final judgment approving this Settlement Agreement and

dismissing this Action; and (b) either: (i) the time to appeal from the Court's final judgment approving this Settlement Agreement, including the Court's ruling on attorneys' fees, costs, and service awards, has expired and no appeal has been taken; or (ii) if a timely appeal of the Court's final judgment approving this Settlement Agreement is taken and if the final judgment (other than as to attorneys' fees, costs, or service awards) has not been reversed in any way, the date on which the final judgment and/or ruling on attorneys' fees, costs, and service awards are no longer subject to further direct appellate review.

11.     "Email Notice" means the notice of the terms of the proposed Settlement that shall be provided to Accountholders for certain accounts in the Settlement Class, in the manner contemplated by Section VI.B herein.   The Email Notice shall be substantially in the form attached as **Exhibit A** hereto.

12.     "Fairness Hearing" means the hearing at or after which the Court shall make a final decision regarding whether to finally approve this Settlement Agreement as fair, reasonable, and adequate.

13.     "Final Order and Judgment" means the Court's order, substantially in the form attached to this Settlement Agreement as **Exhibit G** , finally approving this Settlement Agreement and dismissing all claims and defenses in this Action with prejudice, as described in Section X.B of this Settlement Agreement.

14.     "Net Distributable Funds" means the Settlement Fund minus the following: Administrative Costs; any attorneys' fees and costs for Settlement Class Counsel awarded by the Court; and any service awards for Plaintiffs awarded by the Court.

15.     "Notice" means the notice of the proposed Settlement Agreement contemplated by Section VI of this Settlement Agreement, and shall include the Settlement

8

Website, the Website Notice, Email Notice, and Postcard Notice, as well as the Reminder Email Notice.

16.     "Notice Date" means thirty days following the entry of the Preliminary Approval Order.

17.     "Parties" means Plaintiffs and Verizon, collectively, as each of those terms is defined in this Settlement Agreement.

18.     "Plaintiffs" means the plaintiffs listed in the caption of this Settlement Agreement as well as listed on the signature page herein.

19.     "Postcard Notice" means the notice of the terms of the proposed Settlement that shall be provided to Accountholders for certain accounts in the Settlement Class, in the manner contemplated by Section VI.C herein.  The Postcard Notice shall be substantially in the form attached as **Exhibit B** hereto.

20.     "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving this Settlement Agreement, as outlined in Section X.A of this Settlement Agreement, and that is substantially in the form attached as **Exhibit F** to this Settlement Agreement.

21.     "Release" means the release and waiver set forth in Section IX of this Settlement Agreement.

22.     "Released Parties" means Cellco Partnership d/b/a Verizon Wireless and Verizon Communications Inc. and their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, assigns, attorneys, and insurers, including all of their insurers' affiliates, predecessors, successors, assigns and reinsurers, and the respective agents, servants, attorneys, employees, officers, directors, shareholders and representatives of the foregoing.

9

23. "Releasing Parties" means Plaintiffs and the Settlement Class Members, including, only to the extent they may have a right to a claim on behalf of a Plaintiff or a Settlement Class Member, each of their respective spouses, executors, representatives, heirs, predecessors, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, agents, attorneys and assigns, and all others of those who claim through them or who assert claims on their behalf; and, with respect to any business entities, members, officers, directors, shareholders, employees, independent contractors, agents, successors, assigns, representatives, and all other persons acting or purporting to act on behalf of such business entity.

24. "Reminder Email Notice" means the reminder notice to be emailed to Settlement Class Accounts that were sent the Email Notice, reminding them of the Claim Deadline, as contemplated by Section VI.F herein.   The Reminder Email Notice shall be substantially in the form attached as **Exhibit D** hereto.

25. "Settlement" or "Settlement Agreement" means this Settlement Agreement, including the exhibits attached hereto.

26. "Settlement Administrator" means Angeion Group, subject to Court approval.

27. "Settlement Fund" means the total cash consideration of one hundred million dollars ($100,000,000.00) to be paid by Verizon under the Settlement Agreement.

28. "Settlement Class" means:

All current and former individual consumer account holders in the United States (based on account holders' last known billing address) who received postpaid wireless or data services from Verizon and who were charged and paid an Administrative Charge and/or an Administrative and Telco Recovery Charge between January 1, 2016 and the date of the Settlement Agreement.

29.     "Settlement Class Account(s)" means accounts within the Settlement Class definition.[1]

30.     "Settlement Class Counsel" means:  Stephen P. DeNittis, Joseph A. Osefchen and Shane T. Prince of DeNittis Osefchen Prince, P.C., and Daniel M. Hattis and Paul Karl Lukacs of Hattis & Lukacs.

31.     "Settlement Class Member" means any person who is within the Settlement Class definition and who does not submit a timely and valid request for exclusion pursuant to Section VII of this Settlement Agreement.

32.     "Verizon's Counsel" means Shon Morgan of Quinn Emanuel Urquhart & Sullivan, LLP and Jeffrey S. Jacobson of Faegre Drinker Biddle & Reath LLP.

33.     "Website Notice" means the notice of the terms of the proposed Settlement that shall be provided in the manner contemplated by Section VI.D herein and that shall appear on the Settlement Website.   The Website Notice shall be substantially in the form attached as **Exhibit C** hereto.

34.     "Valid Claimant(s)" means and includes Settlement Class Accounts for which a timely and valid Claim is submitted, as determined by the Settlement Administrator.

B.     Other capitalized terms used in this Settlement Agreement but not defined in this Section shall have the meanings ascribed to them elsewhere in this Settlement Agreement.

## III.     CERTIFICATION OF THE SETTLEMENT CLASS

A.     Only for the purposes of settlement and the proceedings contemplated herein for effectuating the Settlement, Plaintiffs shall move the Court to provisionally certify the Settlement Class (as defined herein) pursuant to New Jersey Rules of Court Rule 4:32-2.

---

[1]  According to Verizon's records there are approximately 58,657,088 Settlement Class Accounts.

**B.**     For the purposes of settlement only, Plaintiffs shall move for the appointment of Plaintiffs as Settlement Class Representatives and for the appointment of the following attorneys as Settlement Class Counsel: Stephen P. DeNittis, Joseph A. Osefchen and Shane T. Prince of DeNittis Osefchen Prince, P.C., and Daniel M. Hattis and Paul Karl Lukacs of Hattis & Lukacs.

**C.**     Verizon does not oppose certification of the Settlement Class, or the appointments of the Settlement Class Representatives and Settlement Class Counsel, for purposes of settlement only.   If the Effective Date of the Settlement does not occur for any reason, certification of the Settlement Class, and any Settlement Class Representative or Settlement Class Counsel appointments, shall be deemed void and vacated; any preliminary or final order certifying a class for settlement purposes shall be deemed void and vacated; nothing related to the Settlement or negotiations shall be admissible in connection with a contested class certification motion, or otherwise; and each Party shall retain all of their respective rights as they existed prior to execution of this Settlement Agreement.   By entering into this Settlement Agreement, Verizon does not waive its right to challenge or contest the maintenance of any claim, request for relief, or lawsuit against it as being frivolous or lacking a substantial basis in fact or law or to oppose certification of any class other than the Settlement Class in connection with the settlement memorialized in this Settlement Agreement.

## IV.     **SETTLEMENT RELIEF**

**A.**     <u>Settlement Fund.</u>  In consideration for the complete and final settlement of this Action, the Release, and other promises and covenants set forth in this Settlement Agreement, and subject to the other terms and conditions herein, Verizon will pay the Settlement Fund one hundred million dollars ($100,000,000.00).  The Settlement Fund will be paid by Verizon on a non-reversionary basis, and will cover the following:  all Settlement Payments to the Settlement Class

as set forth in Section IV.D of this Settlement Agreement; Administrative Costs; any attorneys' fees and costs for Settlement Class Counsel awarded by the Court; any service awards for Plaintiffs awarded by the Court; and any other costs and expenses that this Settlement Agreement provides will be paid from the Settlement Fund.   In no event shall Verizon be required to pay more than one hundred million dollars ($100,000,000.00) under this Settlement Agreement, and neither Settlement Class Counsel nor any named Plaintiff shall seek any other relief (including additional attorneys' fees or costs) beyond that contemplated in this Settlement Agreement.   Other than payment of this Settlement Fund, Verizon shall have no other monetary obligation under this Settlement Agreement.

**B.**   <u>Revised Consumer Disclosures</u>.  Within ninety days of the Effective Date, Verizon will amend its Verizon Wireless Customer Agreement to include the revised Administrative Charge disclosures reflected in **Exhibit H**, which revised disclosures were jointly prepared and agreed-upon by Verizon and Plaintiffs.

**C.**   <u>Establishment and Funding of the Settlement Fund Account.</u>

**1.**   Within twenty days following entry of the Preliminary Approval Order, Verizon shall transfer by wire into an account held by an FDIC-insured financial institution and administered by the Settlement Administrator (the "Settlement Fund Account"), funds equal to fifty percent (50%) of the Settlement Fund (i.e., $50,000,000.00).  Verizon shall transfer to the Settlement Fund Account funds equal to the remaining fifty percent (50%) of the Settlement Fund (i.e., $50,000,000.00) within ten days after the Effective Date.  Any escrow agreement in connection with the Settlement Fund Account shall prohibit the distribution of any funds from the Settlement Fund Account absent a court order and the consent of Settlement Class Counsel and Verizon's Counsel that a distribution is authorized by that court order.   The Settlement Fund

Account shall be maintained by the Settlement Administrator as a Court-approved Qualified Settlement Fund pursuant to Section 1-468B-1 *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.   All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by or in connection with the Settlement Fund Account, including any taxes or tax detriments that may be imposed upon Settlement Class Counsel, Verizon, or Verizon's Counsel with respect to income earned by the Settlement Fund Account for any period during which the Settlement Fund Account does not qualify as a Qualified Settlement Fund for purposes of federal or state income taxes or otherwise, shall be paid out of the Settlement Fund Account.  Plaintiffs, Settlement Class Counsel, Verizon, and Verizon's Counsel, shall have no liability or responsibility for any taxes arising with respect to the Settlement Fund Account.   Any bank fees associated with the Settlement Fund Account shall be paid by the Settlement Administrator from the Settlement Fund Account.

**D.**    <u>Distribution of Net Distributable Funds to the Settlement Class</u>.   The Net Distributable Funds (i.e., the Settlement Fund minus the following:  Administrative Costs; any attorneys' fees and costs for Settlement Class Counsel awarded by the Court; and any service awards for Plaintiffs awarded by the Court) shall be distributed to the Accountholders for Valid Claimants, pursuant to the terms set forth in this Settlement Agreement, including the terms regarding the disbursement of residual funds.   Each Settlement Class Account that does not timely and validly request exclusion from the Settlement Class is eligible to submit a Claim for a Settlement Payment.

**1.**    <u>Claim Process.</u>

a.      Accountholders for Settlement Class Accounts may submit Claims for a Settlement Payment, by submitting a Claim Form on or before the Claim Deadline.  The Claim Form shall be substantially in the form attached as **Exhibit E** to this Settlement Agreement. Claim Forms may be submitted electronically via the Settlement Website or by mail.  For Claim Forms submitted by mail, the Claim Form shall be considered timely if postmarked on or before the Claim Deadline.  The Email Notice, Postcard Notice, and Website Notice shall identify both the Claim Deadline and the webpage address, on the Settlement Website, where Claim Forms may be submitted electronically, and the Email Notice and Postcard Notice shall include unique personal identification numbers to facilitate the submission of Claims.   The Email Notice shall also include a hyperlink to the webpage address, on the Settlement Website, where Claim Forms may be submitted electronically.

b.      The Settlement Administrator shall review and process Claims.

c.      Those Settlement Class Accounts for which a timely and valid Claim is submitted, as determined by the Settlement Administrator, shall be deemed "Valid Claimants" and shall be issued Settlement Payments as described further herein.   Only one valid Claim may be submitted for each Settlement Class Account.

d.      Settlement Class Accounts that timely and validly request exclusion from the Settlement Class shall not be eligible for a Settlement Payment.   All other Settlement Class Accounts shall be eligible to submit Claims for Settlement Payments.

e.      The Settlement Administrator shall conduct reasonable audit(s) to ensure the integrity of the Claim Process, including that appropriate controls are in place to prevent fraud.

    f.  Beginning no later than two weeks following the Notice Date and continuing until the processing of Claims is completed, the Settlement Administrator shall provide weekly updates to Settlement Class Counsel and Verizon's Counsel regarding Claim submissions and regarding its review and processing of Claims.  The Settlement Administrator's weekly updates to Settlement Class Counsel shall not include any personally identifiable information about Verizon customers, such as account numbers, the name(s) of Accountholder(s) or subscribers, email addresses, or contact information.

    **2.**  <u>Calculation of Final Settlement Payment Amount</u>.  The Settlement Payment amount shall be calculated as follows:

    a.  The "Settlement Payment" shall  be a minimum of fifteen dollars ($15.00) for each Valid Claimant account.  In addition to the minimum payment of fifteen dollars ($15.00), each Valid Claimant account shall be entitled to an additional one dollar ($1.00) for each month such Valid Claimant account received postpaid wireless or data services from Verizon and was charged and paid an Administrative Charge and/or an Administrative and Telco Recovery Charge between January 1, 2016 and the date of the Settlement Agreement, up to a maximum of one hundred dollars ($100.00).

    b.  Each Valid Claimant account, as determined by the Settlement Administrator, will be issued a Settlement Payment, in accordance with this Section IV.D.2.

    c.  In the event the aggregate Settlement Payments across all Valid Claimant accounts exceed the Net Distributable Funds, the Settlement Payment issued to each Valid Claimant account will be reduced on a *pro rata* basis, as determined by the Settlement Administrator.

d.     In the event the aggregate Settlement Payments across all Valid Claimant accounts do not exceed the Net Distributable Funds, the Settlement Payment issued to each Valid Claimant account will be increased on a *pro rata* basis, as determined by the Settlement Administrator, up to a maximum of one hundred dollars ($100.00).

**3.**     Creation of Payment List and Distribution of Settlement Payments

a.     The Settlement Payee List.   By no later than seven (7) days following the Effective Date, the Settlement Administrator—using the Customer Data, the timely and valid requests for exclusion from the Settlement Class, and the timely and valid Claims submitted—shall (i) provide to Verizon's Counsel a "Settlement Payee List" that includes, for each Valid Claimant account, the following information: the account number or other unique identifying number for the account as indicated in the Customer Data; and the name(s) of the Accountholder(s) on the account as indicated in the Customer Data, and (ii) provide to Settlement Class Counsel the total number of Valid Claimants on the Settlement Payee List.

b.     Determination of Net Distributable Funds.  By no later than twenty-eight (28) days following the Effective Date, the Settlement Administrator shall determine the amount of Net Distributable Funds (and provide that information to Settlement Class Counsel and Verizon's Counsel), by deducting from the Settlement Fund: (i) the amount of any Court-approved attorneys' fees and costs award for Settlement Class Counsel; (ii) the amount of any Court-approved service awards for Plaintiffs; (iii) the Administrative Costs (including both costs already incurred and a prediction of future costs necessary to effectuate this Settlement Agreement), but shall not include any Administrative Costs associated with distribution of the Residual Funds as contemplated by Section IV.D.4 herein; and (iv) the amount of any and all other costs, expenses, and other payments (other than the Settlement Payments) not specifically enumerated in subsections

17

(i) through (iii) of this Section IV.D.3.b that are expressly contemplated as being paid from the Settlement Fund under this Settlement Agreement.

        c.    <u>The Payment List</u>.  By no later than twenty-eight (28) days following the Effective Date, the Settlement Administrator shall (i) create and provide to Verizon's Counsel a "Payment List," as a supplement to the Settlement Payee List, that includes all of the information on the Settlement Payee List and adds the following for each account on the Settlement Payee List: the Settlement Payment amount for the account, as calculated pursuant to Section IV.D.2 herein, and (ii) provide to Settlement Class Counsel the Settlement Payment amounts on the Payment List, the total number of accounts to receive the Settlement Payment amounts, and the total amount of all payments on the Payment List.

        d.    <u>Payments To Valid Claimants</u>.  Within seventy-five (75) days following the Effective Date (hereinafter, the "Payment Date"), the Settlement Administrator shall mail checks via first class U.S. Mail postage pre-paid, or provide an electronic payment, at the Valid Claimant's election, to each Valid Claimant account on the Payment List, drawn from the Settlement Fund Account in the Settlement Payment amounts indicated for them in the Payment List. Settlement Payment checks or electronic payments, as applicable, shall be made out to the Accountholder(s) on the Valid Claimant accounts, as indicated in the Payment List.  Settlement Payment checks shall be sent to the mailing addresses indicated in the corresponding Claim Forms. Settlement Payments made electronically shall be sent to the payment account indicated in the corresponding Claim Forms.  The initial mailed Settlement Payment checks to Valid Claimant accounts shall be valid for a period of one-hundred-twenty days.

        e.    <u>Undeliverable Settlement Payment Checks</u>.  For any mailed Settlement Payment checks that are returned undeliverable with forwarding address information,

18

the Settlement Administrator shall re-mail the check to the new address indicated.   For any mailed Settlement Payment checks that are returned undeliverable without forwarding address information, the Settlement Administrator shall conduct an industry standard "skip trace" to try to identify updated address information and re-mail checks to the extent an updated address is identified.

      **4.**   <u>Residual Funds</u>.  For any Settlement Payment funds which remain in the Settlement Fund Account one year after the Payment Date—consisting of checks that were successfully delivered but not timely negotiated, and checks or electronic payments deemed undeliverable by the Settlement Administrator (collectively, "Residual Funds")—such Residual Funds shall be treated as unclaimed property of the corresponding Accountholder(s), subject to applicable state unclaimed property procedures; provided that any Administrative Costs of the Settlement Administrator in connection with the distribution of the Residual Funds pursuant to this Section IV.D.4 shall be paid from the Residual Funds, shall not increase Verizon's contribution to the Settlement Fund or change any obligation by Verizon under this Settlement Agreement, and shall reduce *pro rata* the respective unclaimed property amounts for the Accountholder(s) with uncashed or undeliverable Settlement Payment checks.  Any monies remaining in the Settlement Fund Account after (1) distribution to those Settlement Class Members who filed valid Claims for a Settlement Payment on or before the Claim Deadline; (2) payment of any Administrative Costs of the Settlement Administrator; (3) the payment of any Court-awarded attorneys' fees and costs to Settlement Class Counsel; (4) the payment of any Court-awarded service awards to Plaintiffs; and (5) the treatment of any Residual Funds as unclaimed property of the corresponding Accountholder(s) subject to applicable state unclaimed property procedures as provided herein, shall be sent to cy pres, with a recipient to be mutually agreed upon by the parties and identified before final approval of the Settlement.  Nothing contained in this Section IV.D.4 shall impose any

obligations on Verizon, and the Settlement Administrator shall be responsible for performing any and all obligations that may be required by any state's unclaimed property laws and procedures in connection with any Residual Funds, or any cy pres distribution.

## V.     **THE SETTLEMENT ADMINISTRATOR**

A.     The duties of the Settlement Administrator, in addition to any other responsibilities that are described in this Settlement Agreement, shall include:

1.     Providing Notice to Settlement Class Members as set forth in this Settlement Agreement;

2.     Receiving and processing Claims pursuant to the Claims Process described in this Settlement Agreement, and providing updates to Settlement Class Counsel and Verizon's Counsel regarding the Claims and Claims Process, as provided in this Settlement Agreement;

3.     Establishing and maintaining the Settlement Website;

4.     Establishing and maintaining the Toll-Free Number;

5.     Responding to inquiries from Settlement Class Members;

6.     Keeping a clear and careful record of all communications with Settlement Class Members and all administration expenses;

7.     Establishing and maintaining a post office box for requests for exclusion, objections, and other correspondence from Settlement Class Members;

8.     Establishing and maintaining an email address for other correspondence from Settlement Class Members;

9.     Processing and determining the validity of any requests for exclusion by Settlement Class Members;

10.     Receiving any objections mailed by Settlement Class Members to the Settlement Administrator;

11.     Providing copies to Settlement Class Counsel and Verizon's Counsel of all requests for exclusion, objections, and other correspondence received from Settlement Class Members;

12.     Providing interim reports on request, and, within ten (10) days after the Exclusion Deadline (as defined in Section VII.A herein), a final report to Settlement Class Counsel and Verizon's Counsel summarizing the number of requests for exclusion received during that period, the total number of requests for exclusion received to date, the names and addresses of persons in the Settlement Class who submitted a request for exclusion, and any other pertinent information requested by Settlement Class Counsel or Verizon's Counsel;

13.     In advance of the Fairness Hearing, preparing an affidavit, to submit to the Court, affirming its compliance with the Notice and settlement administration provisions of this Settlement Agreement, and identifying any persons in the Settlement Class who submitted timely and valid requests for exclusion;

14.     Preparing the Settlement Payee List and Payment List as provided in this Settlement Agreement;

15.     Processing and transmitting distributions from the Settlement Fund and Settlement Fund Account as provided in this Settlement Agreement;

16.     Paying any invoices, expenses, taxes, fees, and other costs associated with administration of this Settlement as contemplated by this Settlement Agreement or required by law; and

17.     Performing any other settlement administration-related functions reasonably necessary to effectuate this Settlement Agreement, with the consent of both Settlement Class Counsel and Verizon's Counsel, or as approved by the Court.

## VI.   <u>NOTICE PROGRAM</u>

A.     <u>Customer Data</u>.   By no later than five days following entry of the  Preliminary Approval Order, Verizon shall provide the Customer Data to the Settlement Administrator.

B.     <u>Email Notice</u>.  By no later than the Notice Date, the Settlement Administrator shall email the Email Notice to each Settlement Class Account for which an email address is included in the Customer Data.   The Email Notice shall be substantially in the form attached as **Exhibit A** to this Settlement Agreement.   The Email Notices shall be sent to the email addresses listed in the Customer Data for such accounts.    The Email Notices shall be sent with the sender title "Verizon Class Action Settlement Administrator" and the subject line "Notice of Verizon Class Action Settlement."    Should Settlement Class Members contact Verizon Customer Services representatives regarding the Email or Postcard Notices, Verizon Customer Services should be prepared to direct Settlement Class Members to the Class Action Settlement website.

C.     <u>Mail Notice</u>.

1.     For any Settlement Class Account where there is no email address included in the Customer Data: by no later than the Notice Date, the Settlement Administrator shall: (a) update the mailing address listed in the Customer Data for such account through the National Change of Address Database; and (b) mail the Postcard Notice to them, via first class U.S. mail, postage pre-paid, at their address as updated.   The Postcard Notice shall be substantially in the form attached as **Exhibit B** to this Settlement Agreement.

22

**2.**    For any Settlement Class Account where the Settlement Administrator sent Email Notice but received notice that the Email Notice was not received (i.e., a "bounce-back"): by no later than ten (10) days following the Notice Date, the Settlement Administrator shall:  (a) update the mailing address listed in the Customer Data for such account through National Change of Address Database; and (b) mail the Postcard Notice to them, via first class U.S. mail, postage pre-paid, at their address as updated.  The Postcard Notice shall be substantially in the form attached as **Exhibit B** to this Settlement Agreement.

**3.**    For any mailed Postcard Notices that are returned with forwarding address information, the Settlement Administrator shall promptly re-mail the Postcard Notice to the new address indicated.   For any mailed Postcard Notices that are returned as undeliverable without a forwarding address, the Settlement Administrator shall conduct an industry standard "skip trace" to try to identify a more current address and re-mail the Postcard Notice to the extent an updated address is identified.

**D.**    <u>Settlement Website</u>.  The Settlement Administrator shall establish and maintain an Internet website, at the URL www.VerizonAdministrativeChargeSettlement.com ("Settlement Website") where Settlement Class Members can obtain further information about the terms of this Settlement Agreement, their rights, important dates and deadlines, and related information. Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website.   The Settlement Website shall include, in PDF format, the Complaint in this Action, this Settlement Agreement, the long-form Website Notice substantially in the form attached as **Exhibit C** to this Settlement Agreement, the Preliminary Approval Order entered by the Court, Settlement Class Counsel's fee and cost application (after it is filed), and other case documents as agreed upon by the Parties and/or required by the Court, and shall be operational

and live before the first Postcard Notice or Email Notice is disseminated.   The Settlement Website shall be optimized for display on mobile phones.   The Settlement Website shall remain operational until at least one year after the Payment Date or such other later date as the Parties may agree.

      **E.**    <u>Toll-Free Number</u>.   The Settlement Administrator shall establish and maintain a toll-free telephone number ("Toll-Free Number") where Settlement Class Members can obtain further information about the Settlement Agreement and their rights.   The Toll-Free Number shall be operational and live by no later than one day before the first Postcard Notice or Email Notice is disseminated, and shall remain operational until at least one year after the Payment Date or such other later date as the Parties may agree.  The Toll-Free Number will not utilize a live, in-person operator, but rather will provide automated responses containing information about the Settlement Agreement.

      **F.**    <u>Reminder Email Notice</u>.  No later than fourteen (14) days after the Notice Date, the Settlement Administrator shall email a Reminder Email Notice, substantially in the form attached as **Exhibit D** to this Settlement Agreement, to each Settlement Class Account that was sent the Email Notice.   Depending on the volume of Claim Form submissions and in consultation with the Parties, prior to the Claim Deadline, the Settlement Administrator may cause a second reminder email notice to be sent to Settlement Class Accounts that were sent the Reminder Email Notice or to a portion of them that have not yet submitted a Claim Form.

## VII.   <u>REQUESTS FOR EXCLUSION</u>

      **A.**    Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator, at the address provided in the Website Notice, a request for exclusion that is postmarked no later than thirty-five days after the Notice Date (the "Exclusion Deadline").   To be effective, the request for exclusion must include (1) the Settlement Class

Member's full name, telephone number, mailing address, and email address; (2) a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (3) the name of this Action: "*Esposito et al. v. Cellco Partnership d/b/a Verizon Wireless*"; and (4) the Settlement Class Member's original signature. In addition, for the request for exclusion to be effective, the sender's mailing address as reflected in the request for exclusion and on the mailing envelope itself must match the mailing address associated with the Settlement Class Member's Verizon account. Requests for exclusion furthermore must be made on an individual basis; "mass," "class," or other purported group opt outs are not effective. Any Settlement Class Member who submits a timely and valid request for exclusion is foreclosed from objecting to the Settlement or to Settlement Class Counsel's motion for attorneys' fees, costs, and service awards. If a Settlement Class Member submits both a timely and valid request for exclusion and an objection, the Settlement Class Member shall be treated as if they had only submitted a request for exclusion.

B. The Settlement Administrator shall promptly after receipt provide copies of any requests for exclusion, including any related correspondence, to Settlement Class Counsel and Verizon's Counsel.

C. By no later than fourteen (14) days before the Fairness Hearing, the Settlement Administrator shall file with the Court (or provide to Settlement Class Counsel for filing with the Court) a declaration confirming that the Notice program set forth in Section VI has been implemented and providing a complete and final list of persons in the Settlement Class who submitted timely and valid requests for exclusion.

D. Any Settlement Class Member who does not submit a timely and valid request for exclusion as provided in Section VII shall be bound by all subsequent proceedings, orders, and

judgments in this Action, including, but not limited to, the Release, regardless of whether the Settlement Class Member has any pending claims or causes of action against Verizon.

## VIII.  **OBJECTIONS**

A.    Any Settlement Class Member who does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Settlement Class Counsel's motion for attorneys' fees, costs, or service awards, only by complying with the objection provisions set forth in this Section VIII.    Settlement Class Members who object shall remain Settlement Class Members and shall be subject to the Release set forth in this Settlement Agreement if this Settlement is approved by the Court and becomes effective.    To be considered valid, an objection must be in writing, must be filed with the Court or mailed to the Court at the address listed in the Website Notice, postmarked/filed no later than twenty-five (25) days before the Fairness Hearing (the "Objection Deadline"), and must include the following: (1) the name of this Action: "*Esposito  v. Cellco Partnership d/b/a Verizon Wireless*"; (2) the full name, mailing address, telephone number, and email address of the objector; (3) the objector's original signature; (4) a description of the specific reasons for the objection; (5) the name, address, bar number and telephone number of counsel for the objector, if the objector is represented by an attorney; and (6) state whether the objector intends to appear at the Fairness Hearing either in person or through counsel.    Any Settlement Class Member who does not timely submit an objection in accordance with this section shall waive the right to object or to be heard at the Fairness Hearing and shall be forever barred from making any objection to the proposed Settlement or to Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.  Any Settlement Class Member who objects to the Settlement shall nevertheless be eligible for all benefits of the Settlement if it is approved and becomes final.

**B.**     The Settlement Administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Settlement Class Counsel and Verizon's Counsel.

**C.**     By no later than twenty-one (21) days before the Fairness Hearing, the Settlement Administrator shall file with the Court (or provide to Settlement Class Counsel for filing with the Court) copies of any objections received by the Settlement Administrator.

## IX.   **RELEASE AND WAIVER**

**A.**     The Parties agree to the following release and waiver, which shall take effect upon the Effective Date.

**B.**     In consideration for the Settlement benefits described in this Settlement Agreement, Releasing Parties will fully, finally, and forever release, relinquish, acquit, and discharge the Released Parties from, and shall not now or hereafter institute, maintain, or assert on their own behalf, on behalf of the Settlement Class, or on behalf of any other person or entity, any and all manner of claims, requests for relief, actions, causes of action, suits, rights, debts, sums of money, payments, obligations, reckonings, contracts, agreements, executions, promises, damages, liens, judgments, and demands of whatever kind, type or nature whatsoever, both at law and in equity, whether past, present, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, whether based on federal, state, or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any other claim that Releasing Parties ever had, now have, may have, or hereafter can, shall, or may ever have against the Released Parties, that were or reasonably could have been alleged in this Action or in any other court, tribunal, arbitration, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, arising from or relating to the Administrative Charge,

27

including, without limitation, any such claims or requests for relief: (1) alleged in this Action; (2) for rescission, declaratory relief, injunctive relief, or any other equitable relief of any kind; (3) for violations of any state's deceptive, unlawful, and/or unfair business and/or trade practices, false, misleading or fraudulent advertising, consumer fraud, and/or consumer protection statutes; (4) for violations of the Uniform Commercial Code, any breaches of express, implied, and/or any other warranties, any similar federal, state, or local statutes, codes; or (5) for damages, costs, expenses, extra-contractual damages, compensatory damages, exemplary damages, special damages, penalties, punitive damages, damage multipliers, disgorgement, interest, unjust enrichment, restitution, attorneys' fees, costs, or any other monetary relief of any kind (together, the "Released Claims").

C.      Plaintiffs, Settlement Class Counsel, Verizon, and Verizon's Counsel also agree to release each other from any and all claims relating in any way to any Party's or counsel's conduct in this Action, including but not limited to any claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion or resolution of this Action. The list of claims released by this Section IX.C includes, but is not limited to, claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in Section XI.

D.      Plaintiffs, on behalf of themselves and each Settlement Class Member, fully understand that the facts upon which this Settlement Agreement is executed may be found hereafter to be other than or different from the facts now believed by Plaintiffs, the Settlement Class Members and Settlement Class Counsel to be true and expressly accept and assume the risk of such possible differences in facts and agree that the Settlement Agreement shall remain effective notwithstanding any such difference in facts.

28

E.      Upon the occurrence of the Effective Date, Plaintiffs and each and every other Settlement Class Member hereby expressly waive and relinquish the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any comparable provision or principle under the laws of any other state.  Section 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Plaintiffs and each and every other Settlement Class Member also expressly waive and relinquish any and all provisions, rights and benefits of any similar, comparable, or equivalent state, federal, or other law, rule, regulation, or common law or equity.  Plaintiffs and each Settlement Class Member may hereafter discover facts other than, different from, or in addition to those that he or she knows or believes to be true with respect to the Released Claims, but Plaintiffs and each Settlement Class Member hereby expressly waive and fully, finally and forever settle, release and discharge any known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different or additional facts.   The Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the waivers in this Section IX were separately bargained for and are a material element of this Settlement Agreement.

F.      The Parties acknowledge that the Release set forth herein may be raised as a complete defense to and will preclude any action or proceeding based on the claims released by and through this Settlement Agreement.

29

**G.**     Nothing in this Release shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## X.     <u>PRELIMINARY AND FINAL SETTLEMENT APPROVAL</u>

**A.**     <u>Preliminary Approval</u>.  Promptly upon full execution of this Settlement Agreement, Plaintiffs shall move the Court for entry of the Preliminary Approval Order substantially in the form of **Exhibit F** to this Settlement Agreement, for the purposes of, among other things: (1) preliminarily approving the settlement memorialized in this Settlement Agreement such that Notice should be provided in accordance with the terms of this Settlement Agreement; (2) finding that the requirements for provisional certification of the Settlement Class have been satisfied; (3) certifying the Settlement Class as defined herein; (4) setting a date for a Fairness Hearing; (5) approving the proposed Notice program described in Section VI herein (including the proposed forms and methods of notice), and directing dissemination of Notice to the Settlement Class in accordance with the terms of this Settlement Agreement; (6) determining that the Notice program, as set forth in this Settlement Agreement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution; (7) approving the proposed Claim Form and Claims Process, and directing that the Claim Process be implemented pursuant to the terms of this Settlement Agreement; (8) providing that any objections by any Settlement Class Member to this Settlement Agreement, the entry of the Final Order and Judgment, or to Settlement Class Counsel's request for attorneys' fees, costs, or service awards, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before the date(s) specified in the Notice and Preliminary Approval Order, such objector submits to the Court a written objection, and otherwise complies with the requirements for objections set forth in Section VIII of this Settlement Agreement; (9) establishing dates by

which Settlement Class Counsel shall file and serve all papers in support of final approval of the Settlement and in support of their application for attorneys' fees, costs, and service awards, and by which the Parties shall file and serve all papers in response to any objections; (10) providing that all Settlement Class Members who do not submit timely and valid requests for exclusion will be bound by the Final Order and Judgment; (11) approving the procedure for persons in the Settlement Class to request exclusion from the Settlement Class described in Section VII, and directing that requests for exclusion be submitted pursuant to the terms of this Settlement Agreement; (12) directing the Parties, pursuant to the terms and conditions of this Settlement Agreement, to take all necessary and appropriate steps to establish the means necessary to implement the Settlement; (13) setting deadlines consistent with this Settlement Agreement for dissemination of Notice, requesting exclusion from the Settlement Class or objecting to the Settlement, and filing papers in connection with the Fairness Hearing; (14) appointing the Settlement Class Representatives and Settlement Class Counsel; (15) approving the appointment of the Settlement Administrator; and (16) enjoining the litigation or prosecution of all claims that will be released by the Settlement.

       **B.**   <u>Final Order and Judgment</u>.  By no later than fifteen (15) days following the Notice Date, Plaintiffs and Settlement Class Counsel shall file a motion for final approval of the Settlement, requesting entry of the Final Order and Judgment substantially in the form of **Exhibit G** to this Settlement Agreement, which shall specifically include provisions: (1) stating that the Court has personal jurisdiction over all Settlement Class Members, has subject matter jurisdiction over the claims asserted in this Action, and that venue is proper; (2) finally approving the Settlement pursuant to New Jersey Rules of Court Rule 4:32-2, and directing the Parties and Settlement Administrator to implement the Settlement pursuant to its terms, including distributing Settlement Payments to Settlement Class Members and making such other disbursements from the

Settlement Fund and Settlement Fund Account as provided by the Settlement Agreement; (3) finding that the Notice as distributed was the best notice practicable and fully satisfied the requirements of due process and New Jersey Rules of Court Rule 4:32-2; (4) finally certifying the Settlement Class pursuant to New Jersey Rules of Court Rule 4:32-2; (5) confirming that Plaintiffs, the Settlement Class Members, and all other Releasing Parties have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; (6) retaining jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Settlement Agreement, the Final Order and Judgment, and any separate Order regarding Settlement Class Counsel's motion for attorneys' fees, costs, and/or service awards, and for any other necessary purpose; and (7) entering a judgment that dismisses all claims and defenses in this Action with prejudice, without costs to any Party, except as provided in this Settlement Agreement, and subject to the Court's continuing jurisdiction over the Parties and the Settlement Fund for the purpose of enforcement of the terms of this Settlement Agreement.

        **C.**    <u>Responses to Objections</u>.  By no later than fourteen (14) days before the Fairness Hearing, the Parties shall file any responses to any Settlement Class Member objections, and any reply papers in support of the motion for final approval of the Settlement and/or in support of Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.

        **D.**    <u>Actions Following the Effective Date</u>.  By no later than seven (7) days following the Effective Date, Plaintiffs and Settlement Class Counsel shall dismiss with prejudice any parallel litigations and arbitrations brought by the Plaintiffs or Settlement Class Counsel against Verizon, including *MacClelland, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, 21-cv-08592 (N.D. Cal.); *Corsi, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, 22-cv-04621

(D.N.J.); *Allen, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, 23-cv-01138 (D.N.J.); *Achey et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, Dkt. No. MID-L-000160-22 (N.J. Super.); and any arbitrations filed with the American Arbitration Association.

      **E.**    <u>Effect of Agreement if Settlement is Not Approved</u>.  This Settlement Agreement is entered into only for the purpose of settlement.  If the Settlement is not approved, or is terminated, cancelled, or fails to become effective for any reason, including without limitation in the event the Final Order and Judgment is reversed or vacated following any appeal taken therefrom, then this Settlement shall be *void ab initio*, shall have no force or effect, and shall impose no obligations on the Parties.  The intent of the previous sentence is that, in the event that a necessary approval is denied, the Parties will revert to their positions immediately prior to the date this Settlement Agreement was executed, and this Action, and any parallel litigations and arbitrations brought by the Plaintiffs or Settlement Class Counsel against Verizon, including in *MacClelland, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, 21-cv-08592 (N.D. Cal.);  *Corsi, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, 22-cv-04621 (D.N.J.); *Allen, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, 23-cv-01138 (D.N.J.); *Achey et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, Dkt. No. MID-L-000160-22 (N.J. Super.); and any arbitrations filed with the American Arbitration Association, will resume without prejudice to any Party. The Parties further agree to cooperate in asking the Court to set a reasonable schedule for the resumption of this Action and any parallel litigations brought by the Plaintiffs or Settlement Class Counsel against Verizon, as well as any pending or stayed appeals including the New Jersey Supreme Court appeal in *Achey v. Cellco Partnership*, Dkt. No. 088253 (N.J.) and the Ninth Circuit appeal in *MacClelland v. Cellco Partnership*, 22-16020 (9th Cir.).  In the event of such a reversion, the

Parties agree that the proposed or actual certification of the Settlement Class will be deemed void and will not be urged or considered as a factor in any further proceeding.

## XI.  ATTORNEYS' FEES,  COSTS, AND SERVICE AWARDS

A.  No later than fifteen (15) days following the Notice Date Settlement Class Counsel shall file a motion with the Court (which Verizon has agreed not to oppose) requesting an award of attorneys' fees not to exceed thirty-three million three hundred thousand dollars ($33,300,000.00) (i.e., 33.30% of the Settlement Fund), plus reimbursement of their litigation costs (i.e., litigation expenses), with any such amounts awarded payable from the Settlement Fund. Such motion shall be posted on the Settlement Website promptly after the motion has been filed with the Court.

B.  Settlement Class Counsel's entitlement to attorneys' fees and costs will be determined by the Court.   The Settlement shall not be conditioned on Court approval of an award of attorneys' fees and costs.   In the event the Court declines any request or awards less than the amounts sought, but otherwise approves the Settlement, the remaining provisions of this Settlement Agreement will continue to be effective and enforceable by the Parties.

C.  Any attorneys' fees and costs awarded by the Court to Settlement Class Counsel shall be paid from the Settlement Fund and shall not increase Verizon's contribution to the Settlement Fund or change any obligation by Verizon under this Settlement Agreement.

D.  Settlement Class Counsel shall have the sole and absolute discretion to allocate any attorneys' fees and costs awarded by the Court.  Verizon shall have no liability or other responsibility for allocation of any such fees and costs awarded.

E.  Settlement Class Counsel shall be entitled to full payment of the attorneys' fees and costs awarded by the Court within ten (10) business days of the Court's entry of the Final Order

and Judgment and any order granting attorneys' fees and costs, notwithstanding any appeal, upon execution of a Stipulated Undertaking, attached as **Exhibit I** hereto ("Stipulated Undertaking"), requiring repayment of fees and costs by Settlement Class Counsel should the Final Order and Judgment be reversed or materially modified or the award of attorneys' fees and costs be reversed or reduced on appeal.

F.      No later than fifteen (15) days following the Notice Date, Settlement Class Counsel shall file a motion with the Court requesting payment from the Settlement Fund to Plaintiffs of service awards not to exceed $3,500.00 for each Plaintiff.  Any motion for service awards will be based on Plaintiffs' time, effort, and commitment in this Action, and will not be based or conditioned upon Plaintiffs' support for the Settlement.   Any such motion shall be posted on the Settlement Website promptly after the motion has been filed with the Court.

G.      Plaintiffs' entitlement to service awards, if any, will be determined by the Court. The Settlement shall not be conditioned on Court approval of service awards for the Plaintiffs.  In the event the Court declines any request for service awards or awards less than the amount sought, but otherwise approves the Settlement contemplated by this Settlement Agreement, the remaining provisions of this Settlement Agreement will continue to be effective and enforceable by the Parties, including the Release set forth in this Settlement Agreement.

H.      Any service awards for Plaintiffs awarded by the Court shall be paid from the Settlement Fund and shall not increase Verizon's contribution to the Settlement Fund or change any obligation by Verizon under this Settlement Agreement.

I.      To the extent awarded by the Court, Verizon shall pay the service awards to the Plaintiffs, through Settlement Class Counsel, within ten (10) business days of the Court's entry of the Final Order and Judgment and any order awarding Plaintiff service awards, notwithstanding

any appeal, upon execution of the Stipulated Undertaking, requiring repayment of such service awards by Settlement Class Counsel should the Final Order and Judgment or the award of Plaintiff service awards be reversed or materially modified on appeal.  Verizon shall have no liability to the Plaintiffs arising from any claim regarding payment of any award of the Plaintiff service awards, so long as Verizon complies with its obligations under this Agreement.

## XII.   <u>ADDITIONAL PROVISIONS</u>

A.    <u>No Admission of Liability or Wrongdoing</u>.  Verizon expressly disclaims and denies any wrongdoing or liability whatsoever and expressly incorporates Section I.I of the Recitals.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be relevant to or evidence of Verizon's admission or concession of, or related to, (1) the truth of any fact alleged by Plaintiffs in this Action; (2) that any person suffered compensable harm or is entitled to any relief, including legal, injunctive, or any other equitable relief, with respect to the matters asserted in this Action; (3) any liability, negligence, fault, or wrongdoing by Verizon or the Released Parties, including any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf; (4) that the Action or any other action was or may be properly certified as a class action for litigation, non-settlement purposes; (5) the arbitrability of the Action as to Plaintiffs and Settlement Class Members; or (6) the enforceability of any applicable contractual or statutory limitations period to limit any relief.  Verizon may file this Settlement Agreement in any action or proceeding that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**B.**     <u>Termination</u>.  This Settlement may be terminated by either Plaintiffs or Verizon by serving on counsel for the opposing party and filing with the Court a written notice of termination within ten (10) days (or such longer time as may be agreed between Settlement Class Counsel and Verizon) after any of the following occurrences:

**1.**     the Court rejects, materially modifies, or materially amends or changes the Settlement (with the exception of any provision of the Settlement relating to Settlement Class Counsel's attorneys' fees or expenses or Plaintiff service awards);

**2.**     the Court declines to enter without material change the material terms in the proposed Preliminary Approval Order or the Final Order and Judgment;

**3.**     an appellate court reverses the Final Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand; or

**4.**     the Effective Date does not otherwise occur.

In the event of a termination pursuant to this Section XII.B, this Settlement Agreement shall become null and void ab initio without prejudice to the status quo ante rights, positions and privileges of the Parties, except as otherwise expressly provided herein.  In the event of any such termination, the Parties will bear their own costs and fees with regard to their efforts to implement the Settlement Agreement.  In the event of a termination pursuant to this Section XII.B, this Settlement Agreement shall have no force or effect and the Parties will return to the status quo ante in this Action and in any parallel litigations and arbitrations brought by the Plaintiffs or Settlement Class Counsel against Verizon, including in *MacClelland, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, 21-cv-08592 (N.D. Cal.); *Corsi, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, 22-cv-04621 (D.N.J.); *Allen, et al. v. Cellco Partnership d/b/a Verizon*

*Wireless, et al.*, 23-cv-01138 (D.N.J.); *Achey et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, Dkt. No. MID-L-000160-22 (N.J. Super.); and in any arbitrations filed with the American Arbitration Association, as it existed prior to the date of this Settlement Agreement. The Parties will also be prohibited from using this Settlement and any settlement or mediation communications in connection with discovery or as evidence in this Action or in any other action, arbitration, or other proceeding of any kind. The Parties further agree to cooperate in asking the Court to set a reasonable schedule for the resumption of this Action and any parallel litigations brought by the Plaintiffs or Settlement Class Counsel against Verizon, as well as any pending or stayed appeals including the New Jersey Supreme Court appeal in *Achey v. Cellco Partnership*, Dkt. No. 088253 (N.J.) and the Ninth Circuit appeal in *MacClelland v. Cellco Partnership*, 22-16020 (9th Cir.).

       **C.**    <u>Public Statements and Non-Disparagement</u>. No press release or press communication concerning the Settlement shall be initiated by any Party or counsel. The Parties and their counsel may respond as appropriate to any Settlement Class Member inquiries and any media inquiries that they receive regarding the Settlement. In responding to any media inquiries, neither Party shall disparage the other Party in any such communications or public statements.

       **D.**    <u>Confidentiality</u>. It is agreed that until the filing of the motion for preliminary settlement approval, the Settlement Agreement and its terms shall be confidential and shall not be disclosed to any person unless required by applicable disclosure laws, required to be disclosed to auditors or attorneys, or agreed to by the Parties. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement Agreement.

       **E.**    <u>Fair, Adequate and Reasonable Settlement</u>. The Parties believe this Settlement is a fair, adequate, and reasonable settlement of this Action and have arrived at this Settlement through

arms-length negotiations, taking into account all relevant factors, present and potential.  This Settlement was reached after hard-fought, arms-length negotiations that included a full-day mediation conducted by Hon. Jay C. Gandhi of JAMS.

 **F.** <u>Voluntary Agreement</u>.  This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm or entity.

 **G.** <u>Binding On Successors</u>.  This Settlement Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

 **H.** <u>Parties Represented by Counsel</u>.  The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

 **I.** <u>Authorization</u>.  Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

 **J.** <u>Construction and Interpretation</u>.  Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.

K.     Headings.  The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.

L.     Exhibits.  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and Settlement and are hereby incorporated and made a part of this Settlement Agreement.

M.     Effect of Weekends and Holidays.    If any date or deadline in this Settlement Agreement falls on a Saturday, Sunday, or federal holiday, the next business day following the date or deadline shall be the operative date.

N.     Merger and Integration.  This Settlement Agreement contains an entire, complete, and integrated statement of each and every term and condition agreed to by and among the Parties, and is not subject to any term or condition not provided for herein.   In entering into this Settlement Agreement, no Party has made or relied on any warranty or representation not specifically set forth herein.

O.     No Waiver.  There shall be no waiver of any term or condition absent an express writing to that effect by the Party to be charged with that waiver.   No waiver of any term or condition in this Settlement Agreement by any Party shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Settlement Agreement.

P.     Modifications and Amendments.   No amendment, change or modification of this Settlement Agreement or any part thereof shall be valid unless in writing signed by the Parties.

Q.     Governing Law.  This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of New Jersey, without regard to its conflict of law principles.

40

**R.**     Further Assurances.  Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances and shall do any and all acts or things reasonably necessary to obtain approval of this Settlement and in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.   The Parties and their counsel undertake to implement the terms of this Settlement Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Settlement Agreement.

**S.**     Execution Date.  This Settlement Agreement shall be deemed executed upon the date set forth in the preamble above.

**T.**     Continuing Jurisdiction.  The Parties to this Settlement Agreement stipulate that the Court shall retain personal and subject matter jurisdiction over the implementation and enforcement of this Settlement Agreement, the Preliminary Approval Order, the Final Order and Judgment, and any separate order regarding Settlement Class Counsel attorneys' fees and expenses and/or Plaintiff service awards.

**U.**     Counterparts.  This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument.   The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.   Photocopies of executed copies of this Settlement Agreement may be treated as originals.

**V.**     Notices.     Notices to counsel for the Parties required under this Settlement Agreement shall be sent by email and first-class mail to:

For Plaintiffs:

**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis, Esq.

41

Joseph A. Osefchen, Esq.
Shane T. Prince, Esq.
525 Route 73 North, Suite 410
Marlton, NJ 08053
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com
Email: josefchen@denittislaw.com
Email: sprince@denittislaw.com

**HATTIS & LUKACS**
Daniel M. Hattis, Esq.
Paul Karl Lukacs, Esq.
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com

For Verizon:

**FAEGRE DRINKER BIDDLE & REATH LLP**
Jeffrey S. Jacobson (NJ ID No.000772011)
600 Campus Drive
Florham Park, NJ 07932
Tel. (973) 549-7000
Email: jeffrey.jacobson@faegredrinker.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Shon Morgan
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel. (213) 443-3000
Email: shonmorgan@quinnemanuel.com

Agreed to on the date indicated below.

APPROVED AND AGREED TO BY DEFENDANT CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS:

Dated:   11/9/23

By:   _Andrew K Short_

Title:   _Chief Litigation Counsel_

APPROVED AND AGREED TO BY VERIZON'S COUNSEL:

Dated:   11/9/23

Shon Morgan
Quinn Emanuel Urquhart & Sullivan, LLP

APPROVED AND AGREED TO BY SETTLEMENT CLASS COUNSEL, who are also expressly authorized to sign on behalf of the Plaintiffs:

Dated:

Stephen P. DeNittis
DeNittis Osefchen Prince, P.C.

Dated:   11/8/2023

Daniel M. Hattis
Hattis & Lukacs

APPROVED AND AGREED TO BY THE PLAINTIFFS
All named Plaintiffs are to provide signatures on or before final approval of the Settlement to receive the proposed $3,500.00 service award.

Dated: 2023-11-09 | 03:54:37 PST

Plaintiff Jeffrey Achey

Dated: 2023-11-09 | 07:53:28 PST

Plaintiff Marilyn Achey

Dated: 2023-11-09 | 14:16:22 PST

Plaintiff Pamela M. Allen

Dated: 2023-11-08 | 22:17:14 PST

Plaintiff Samantha Albaitis

Dated: 2023-11-09 | 05:55:59 PST

Plaintiff Justin Anderson

Dated: 2023-11-09 | 14:30:19 PST

Plaintiff Cydni Arterbury

Dated: 2023-11-09 | 04:35:19 PST

Plaintiff Deidre Asbjorn

Dated: 2023-11-09 | 04:48:15 PST

Plaintiff Lisa Baker

Dated: 2023-11-09 | 07:08:29 PST

Plaintiff Briana Bell

Dated: 2023-11-08 | 22:44:20 PST

Plaintiff Christine Bellavia

44

Dated: 2023-11-09 | 20:38:22 PST

_Kimberly Blair_
Plaintiff Kimberly Blair

Dated: 2023-11-09 | 04:52:49 PST

_Leanor Bland-Mullins_
Plaintiff Leanor Bland-Mullins

Dated: 2023-11-09 | 00:49:48 PST

_Caroline Bonham_
Plaintiff Caroline Bonham

Dated: 2023-11-09 | 10:00:10 PST

_Mary F Bowman_
Plaintiff Mary Bowman

Dated: 2023-11-09 | 14:09:33 PST

_Mike Branom_
Plaintiff Michael Branom

Dated: 2023-11-08 | 22:33:37 PST

_Molly Brown_
Plaintiff Molly Brown

Dated: 2023-11-09 | 03:19:36 PST

_A Burke_
Plaintiff Tammy Burke

Dated: 2023-11-09 | 06:32:07 PST

_GREG BURLAK_
Plaintiff Gregory Burlak

Dated: 2023-11-09 | 02:01:22 PST

_Ann Marie Caldwell_
Plaintiff Annmarie Caldwell

Dated: 2023-11-09 | 14:00:50 PST

_Art Capri_
Plaintiff Art Capri

Dated: 2023-11-08 | 22:29:05 PST

Plaintiff Michael Carney

Dated: 2023-11-08 | 22:21:40 PST

Plaintiff Debra Casey

Dated: 2023-11-12 | 15:05:10 PST

Plaintiff Shauna Cavallaro

Dated: 2023-11-09 | 09:00:36 PST

Plaintiff Karyn Challender

Dated: 2023-11-09 | 04:53:41 PST

Plaintiff Carla Chiorazzo

Dated: 2023-11-09 | 14:32:23 PST

Plaintiff Judith Chiorazzo

Dated: 2023-11-09 | 07:42:17 PST

Plaintiff Tyson Cohron

Dated: 2023-11-09 | 08:07:08 PST

Plaintiff Santos Colon

Dated: 2023-11-09 | 07:37:25 PST

Plaintiff Erika Conley

Dated: 2023-11-08 | 23:01:01 PST

Plaintiff Kendra Conover

46

Dated: 2023-11-13 | 08:55:26 PST

_____

Plaintiff John Conway

Dated: 2023-11-09 | 06:07:19 PST

_____

Plaintiff Dylan Corbin

Dated: 2023-11-09 | 03:03:25 PST

_____

Plaintiff Cintia Corsi

Dated: 2023-11-08 | 22:26:57 PST

_____

Plaintiff Laura Curry

Dated: 2023-11-13 | 10:35:08 PST

_____

Plaintiff Adam DeMarco

Dated: 2023-11-09 | 05:11:23 PST

_____

Plaintiff Shakera Dyer

Dated: 2023-11-09 | 09:37:56 PST

_____

Plaintiff Andi Ellis

Dated: 2023-11-08 | 22:40:08 PST

_____

Plaintiff Dean Esposito

Dated: 2023-11-14 | 05:49:35 PST

_____

Plaintiff James Fisher

Dated: 2023-11-09 | 08:22:08 PST

_____

Plaintiff Laurie Frantz

47

Dated: 2023-11-09 | 16:25:24 PST

Plaintiff Tim Frasch

Dated: 2023-11-09 | 06:57:00 PST

Plaintiff Jane Frey

Dated: 2023-11-09 | 06:05:54 PST

Plaintiff Russell From

Dated: 2023-11-09 | 05:56:35 PST

Plaintiff Patricia Gagan

Dated: 2023-11-09 | 06:59:17 PST

Plaintiff Angel Gaines

Dated: 2023-11-09 | 14:16:42 PST

Plaintiff Ashtin Gamblin

Dated: 2023-11-09 | 10:15:32 PST

Plaintiff Ericka Gardner

Dated: 2023-11-11 | 13:33:35 PST

Plaintiff Ashley Garrison

Dated: 2023-11-09 | 15:06:08 PST

Plaintiff Allison Gillingham

Dated: 2023-11-09 | 15:12:59 PST

Plaintiff Lorraine Gillingham

48

Dated: 2023-11-09 | 04:28:41 PST

_____
Plaintiff Doree Gordon

Dated: 2023-11-09 | 08:03:06 PST

_____
Plaintiff Ann Graff

Dated: 2023-11-08 | 23:04:51 PST

_____
Plaintiff Angela Green

Dated: 2023-11-09 | 07:31:19 PST

_____
Plaintiff Anna Gutierrez

Dated: 2023-11-09 | 08:14:19 PST

_____
Plaintiff Carlos Gutierrez

Dated: 2023-11-10 | 04:46:07 PST

_____
Plaintiff Donna Hartman

Dated: 2023-11-10 | 12:54:44 PST

_____
Plaintiff James Hensley

Dated: 2023-11-09 | 03:50:42 PST

_____
Plaintiff Sarel Hines

Dated: 2023-11-08 | 23:00:59 PST

_____
Plaintiff James Holling

Dated: 2023-11-09 | 05:00:27 PST

_____
Plaintiff Karen Hudson

Dated: 2023-11-09 | 06:29:14 PST

Plaintiff Jerry Hunt

Dated: 2023-11-09 | 04:50:29 PST

Plaintiff Jennifer Hurtt

Dated: 2023-11-09 | 14:19:37 PST

Plaintiff Linda Jenkins

Dated: 2023-11-08 | 23:20:15 PST

Plaintiff Augustus Johnson

Dated: 2023-11-09 | 18:38:11 PST

Plaintiff Joyce Jones

Dated: 2023-11-09 | 05:27:05 PST

Plaintiff Patricia Justice

Dated: 2023-11-09 | 01:51:53 PST

Plaintiff William Kaupelis

Dated: 2023-11-08 | 22:28:54 PST

Plaintiff Marilyn Kaye

Dated: 2023-11-08 | 22:32:27 PST

Plaintiff Alexander Keeler

Dated: 2023-11-09 | 14:06:37 PST

Plaintiff Adam Keller

Dated: 2023-11-12 | 06:01:21 PST

Plaintiff David Kelly

Dated: 2023-11-09 | 16:53:44 PST

Plaintiff Billie Kendrick

Dated: 2023-11-10 | 04:31:51 PST

Plaintiff Lynn Kiraly

Dated: 2023-11-09 | 22:00:12 PST

Plaintiff Krista Kirby

Dated: 2023-11-09 | 08:44:38 PST

Plaintiff Michelle Lacuesta

Dated: _____

Plaintiff Janette Lisner

Dated: 2023-11-09 | 03:07:29 PST

Plaintiff Jan Lombard

Dated: 2023-11-10 | 08:57:57 PST

Plaintiff William Eric Lough

Dated: 2023-11-09 | 01:30:44 PST

Plaintiff Marc Lowrey

Dated: 2023-11-09 | 09:19:15 PST

Plaintiff Teresa MacClelland

Dated: 2023-11-09 | 10:28:03 PST

Plaintiff Jill Mailhoit

Dated: 2023-11-09 | 06:03:50 PST

Plaintiff Christina Manfredo

Dated: 2023-11-09 | 08:39:37 PST

Plaintiff David Massaro

Dated: 2023-11-09 | 02:50:44 PST

Plaintiff Aaron Maxa

Dated: 2023-11-09 | 07:04:35 PST

Plaintiff Jason McConville

Dated: 2023-11-09 | 10:46:35 PST

Plaintiff Louise Monsour

Dated: 2023-11-09 | 07:40:51 PST

Plaintiff Kelly Moore

Dated: 2023-11-09 | 05:02:01 PST

Plaintiff Lindsey Moran

Dated: 2023-11-09 | 10:24:49 PST

Plaintiff David Moyers

Dated: 2023-11-09 | 14:08:33 PST

Plaintiff Jose Nicot

Dated: 2023-11-09 | 04:14:24 PST

Plaintiff Jennifer Ocampo-Neubauer

Dated: 2023-11-09 | 03:11:54 PST

Plaintiff Keisha Odom

Dated: 2023-11-09 | 14:36:10 PST

Plaintiff Judith Oelenschlager

Dated: 2023-11-09 | 12:27:12 PST

Plaintiff Sandra Oshiro

Dated: 2023-11-09 | 08:10:38 PST

Plaintiff Leslie Owens

Dated: 2023-11-09 | 00:38:42 PST

Plaintiff Angel Pachecho

Dated: 2023-11-09 | 05:08:31 PST

Plaintiff Daniel Patino

Dated: 2023-11-09 | 06:20:31 PST

Plaintiff Darleen Perez

Dated: 2023-11-09 | 00:42:44 PST

Plaintiff Gabrielle Pozzuoli

Dated: 2023-11-09 | 05:39:49 PST

Plaintiff James Prate

Dated: _____2023-11-09 | 03:48:42 PST_____

_____
Plaintiff Heather Ray

Dated: _____2023-11-09 | 16:46:58 PST_____

_____
Plaintiff Valerie Reed

Dated: _____2023-11-09 | 03:23:03 PST_____

_____
Plaintiff Jon Santos

Dated: _____2023-11-09 | 06:40:12 PST_____

_____
Plaintiff Michael Scheufele

Dated: _____2023-11-10 | 06:53:05 PST_____

_____
Plaintiff Bruce Schramm

Dated: _____2023-11-09 | 06:31:20 PST_____

_____
Plaintiff Susan Scott

Dated: _____2023-11-09 | 14:20:52 PST_____

_____
Plaintiff Russell Sewekow

Dated: _____2023-11-14 | 12:25:26 PST_____

_____
Plaintiff Terry Sexton

Dated: _____2023-11-09 | 04:10:48 PST_____

_____
Plaintiff Kerry Showalter

Dated: _____2023-11-09 | 01:29:01 PST_____

_____
Plaintiff Lori Snyder

Dated: 2023-11-09 | 10:47:54 PST

_____
Plaintiff John St. Jarre

Dated: 2023-11-09 | 14:05:14 PST

_____
Plaintiff Gloria Stern

Dated: 2023-11-09 | 08:34:26 PST

_____
Plaintiff Deborah Stroyek

Dated: 2023-11-10 | 02:58:46 PST

_____
Plaintiff Misty Sutton

Dated: 2023-11-09 | 02:33:33 PST

_____
Plaintiff Kathryn Taylor

Dated: 2023-11-13 | 20:21:12 PST

_____
Plaintiff Linda Teer

Dated: 2023-11-09 | 19:38:18 PST

_____
Plaintiff Edna Toy

Dated: 2023-11-10 | 00:56:16 PST

_____
Plaintiff Teresa Toy

Dated: 2023-11-09 | 14:47:10 PST

_____
Plaintiff Christine Trappe

Dated: 2023-11-09 | 06:15:44 PST

_____
Plaintiff Brenda Tripicchio

Dated: _____ 2023-11-09 | 05:58:28 PST _____

_____
Plaintiff Karen Umberger

Dated: _____ 2023-11-09 | 14:02:22 PST _____

_____
Plaintiff Anthony Vallecorsa

Dated: _____ 2023-11-09 | 10:09:40 PST _____

_____
Plaintiff Vanessa West

Dated: _____ 2023-11-09 | 11:19:37 PST _____

_____
Plaintiff Claire White

Dated: _____ 2023-11-10 | 04:48:27 PST _____

_____
Plaintiff Kristopher Willard

Dated: _____ 2023-11-09 | 07:33:18 PST _____

_____
Plaintiff Scott Willits

Dated: _____ 2023-11-09 | 02:21:00 PST _____

_____
Plaintiff Alvin Wilson

Dated: _____ 2023-11-09 | 13:16:17 PST _____

_____
Plaintiff Kathleen Wright

Dated: _____ 2023-11-09 | 05:32:40 PST _____

_____
Plaintiff Brad Young

Exhibit A

To:       [Class Member Email Address]
From:    Verizon Class Action Settlement Administrator
Subject:  Notice of Verizon Class Action Settlement

---

Notice ID: <<Notice ID>>
Confirmation Code: <<Confirmation Code>>

### VERIZON CLASS ACTION SETTLEMENT

*A court authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*

**Para ver este aviso en español, visite**
**www.VerizonAdministrativeChargeSettlement.com.**

---

**\*\*YOU MAY BE ENTITLED TO A PAYMENT OF UP TO $100.00 IF YOU
FILE A CLAIM\*\***

**\*You must file a claim by [DATE] to receive a payment\***

**To file a claim click here.**

---

**Read this notice or visit www.VerizonAdministrativeChargeSettlement.com or
call toll-free (844) 689-0186 for more information.**

**What is this notice about?** A proposed settlement has been reached in a class action lawsuit. The lawsuit claimed that Cellco Partnership d/b/a Verizon Wireless ("Verizon") charged a monthly Administrative Charge and/or Administrative and Telco Recovery Charge (collectively, "Administrative Charge") on Verizon post-paid individual consumer wireless accounts that was unfair and not adequately disclosed. Verizon has denied and continues to deny that it did anything wrong and that the lawsuit has any merit. Verizon states that it will continue to charge the Administrative Charge and that it has the right to increase the Administrative

Charge. The settlement, if approved, resolves the lawsuit and provides benefits to Settlement Class Members who file a claim.

**Who is included?**  The "Settlement Class" includes consumers residing in the United States (based on account holders' last known billing address) who received postpaid wireless or data services from Verizon and who were charged and paid an Administrative Charge between January 1, 2016 and the date of the Settlement Agreement. You are receiving this notice because Verizon's records indicate that you are in the Settlement Class.

**What can I get?**  Under the proposed settlement, Verizon will pay $100 million to create a settlement fund. If the settlement is approved and becomes final, payments will be made to eligible account holders.  **You must file a claim to receive a payment (see below).**  If you file a claim by the deadline, your settlement payment may be up to $100.00 for your account, but the final amount may be lower depending on how long you were a Verizon subscriber and how many Settlement Class Members file valid claims.

**How do I get a payment?**  **You must file a claim by [DATE] to receive a settlement payment.  You can file a claim online by clicking here, or you can download a claim form at www.VerizonAdministrativeChargeSettlement.com, fill it out, and submit it by mail.**  Payments will be issued to valid claimants by mailed check or electronic payment.

**What are my options?**  You can (1) file a claim for a payment from the settlement, and, if the settlement becomes final and you are in the Settlement Class, you will give up the right to sue Verizon about the issues in this lawsuit; (2) do nothing, thereby receiving no payment, and, if the settlement becomes final, you will give up the right to sue Verizon about the issues in this lawsuit; or (3) exclude yourself from the Settlement Class by opting out, thereby receiving no payment, and you will retain any right you may have to sue Verizon about the issues in this lawsuit. To exclude yourself, you must mail a signed request for exclusion containing the information described at www.VerizonAdministrativeChargeSettlement.com, postmarked by **[DATE]**,  to:  Verizon Administrative Charge Settlement, Attn: Exclusions, P.O. Box 58220, Philadelphia, PA 19102.

If you do not exclude yourself, and the Court approves the settlement, you will be bound by the Court's orders and judgments and will release your claims relating to this lawsuit. If you do not exclude yourself, you can object to or comment on the settlement and/or Settlement Class Counsel's request for attorneys' fees, expenses, and service awards for the plaintiffs who brought this case on behalf of the Settlement Class.  To object, you must submit a signed, written objection containing

the information described at www.VerizonAdministrativeChargeSettlement.com to the Court by **[DATE]**. Visit www.VerizonAdministrativeChargeSettlement.com for more information.

**What happens next?** The Court will hold a hearing, currently scheduled for **[DATE, TIME]**, at the Superior Court of the State of New Jersey, located at [ADDRESS] to decide whether to approve the settlement, attorneys' fees and expenses for the attorneys representing the Settlement Class (up to $33.3 million plus expenses, to be paid from the $100 million settlement fund), and service awards of up to $3,500 to each of the plaintiffs who brought this case on behalf of the Settlement Class. You or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change without further notice, and/or the Court could order that this hearing be held remotely or telephonically. Check www.VerizonAdministrativeChargeSettlement.com for updates.

**Who represents me?** The Court has appointed DeNittis Osefchen Prince, P.C. and Hattis & Lukacs to represent the Settlement Class. Together, these lawyers are called Settlement Class Counsel. You do not need to pay these lawyers out of your pocket; instead, these lawyers will apply for compensation out of the settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How do I get more information?** For more information, including to view copies of case documents, the full settlement agreement, the complaint in the lawsuit, and Settlement Class Counsel's fee application (once it is filed), visit www.VerizonAdministrativeChargeSettlement.com. You can also call (844) 689-0186 or email info@VerizonAdministrativeChargeSettlement.com.

### PLEASE DO NOT CONTACT THE COURT

*Unsubscribe*

Exhibit B

Verizon Administrative Charge Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

## «ScanString»

Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

---

**LEGAL NOTICE**
**BY ORDER OF THE SUPERIOR COURT**
**OF THE STATE OF NEW JERSEY**

*A court authorized this notice. This is **not** a solicitation from a lawyer.*

**\*\*YOU MAY BE ENTITLED TO A PAYMENT OF UP TO $100.00 IF YOU FILE A CLAIM\*\***

**\*You must file a claim by [DATE] to receive a payment\***

To file a claim or to get more information, visit www.VerizonAdministrativeChargeSettlement.com.

Questions? Call (844) 689-0186.

*Para ver este aviso en español, visite* www.VerizonAdministrativeChargeSettlement.com.

**What is this notice about?** A proposed settlement has been reached in a class action lawsuit. The lawsuit claimed that Cellco Partnership d/b/a Verizon Wireless ("Verizon") charged a monthly Administrative Charge and/or Administrative and Telco Recovery Charge (collectively, "Administrative Charge") Verizon post-paid individual consumer wireless accounts that was unfair and not adequately disclosed. Verizon has denied and continues to deny that it did anything wrong and that the lawsuit has any merit. Verizon states that it will continue to charge the Administrative Charge and that it has the right to increase the Administrative Charge. The settlement, if approved, resolves the lawsuit and provides benefits to Settlement Class Members who file a claim.

**Who is included?** The "Settlement Class" includes consumers residing in the United States (based on account holders' last known billing address) who received postpaid wireless or data services from Verizon and who were charged and paid an Administrative Charge between January 1, 2016 and the date of the Settlement Agreement. You are receiving this notice because Verizon's records indicate that you are in the Settlement Class.

**What can I get?** Under the proposed settlement, Verizon will pay $100 million to create a settlement fund. You must file a claim to receive a payment (see below). If you file a claim by the deadline, your settlement payments will be made to eligible account holders. Payments will be issued to valid claimants by mailed check payment may be up to $100.00 for your account, but the final amount may be lower depending on how long you were a Verizon subscriber and how many Settlement Class Members file valid claims.

**How do I get a payment?** You must file a claim by [DATE] to receive a settlement payment. You can file a claim online by clicking here, or you can download a claim form at www.VerizonAdministrativeChargeSettlement.com, fill it out, and submit it by mail. Payments will be issued to valid claimants by mailed check or electronic payment.

**What are my options?** You can (1) file a claim for a payment from the settlement, and, if the settlement becomes final and you are in the Settlement Class you will give up the right to sue Verizon about the issues in this lawsuit; (2) do nothing, thereby receiving no payment, and, if the settlement becomes final you will give up the right to sue Verizon about the issues in this lawsuit; or (3) exclude yourself from the Settlement Class by opting out, thereby receiving no payment, and you will retain any right you may have to sue Verizon about the issues in this lawsuit. To exclude yourself, you must mail a signed request for exclusion containing the information described at www.VerizonAdministrativeChargeSettlement.com, postmarked by [DATE], to: Verizon Administrative Charge Settlement, Attn: Exclusions, P.O. Box 58220, Philadelphia, PA 19102. If you do not exclude yourself, and the Court approves the settlement, you will be bound by the Court's orders and judgments and will release your claims relating to this lawsuit. If you do not exclude yourself, you can object to or comment on the settlement and/or Settlement Class Counsel's request for attorneys' fees, expenses, and service awards for the plaintiffs who brought this case on behalf of the Settlement Class. To object, you must submit a signed, written objection containing the information described at www.VerizonAdministrativeChargeSettlement.com to the Court by [DATE]. Visit www.VerizonAdministrativeChargeSettlement.com for more information.

**What happens next?** The Court will hold a hearing, currently scheduled for [DATE, TIME], at the Superior Court of the State of New Jersey, located [ADDRESS] to decide whether to approve the settlement, attorneys' fees and expenses for the attorneys representing the Settlement Class (up to $33.5 million plus expenses, to be paid from the $100 million settlement fund), and service awards of up to $3,500 to each of the plaintiffs who brought this case on behalf of the Settlement Class. You or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change without further notice, and/or the Court could order that this hearing be held remotely or telephonically. Check www.VerizonAdministrativeChargeSettlement.com for updates.

**Who represents me?** The Court has appointed DeNittis Osefchen Prince, P.C. and Hattis & Lukacs to represent the Settlement Class. Together, these lawyers are called Settlement Class Counsel. You do not need to pay these lawyers out of your pocket; instead, these lawyers will apply for compensation out of the settlement fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**How do I get more information?** For more information, including to view copies of case documents, the full settlement agreement, the complaint in the lawsuit, and Settlement Class Counsel's fee application (once it is filed), visit www.VerizonAdministrativeChargeSettlement.com. You can also call (844) 689-0186.

**PLEASE DO NOT CONTACT THE COURT**

Exhibit C

Superior Court of the State of New Jersey

# If you have or had a Verizon post-paid wireless plan <u>YOU MAY BE ENTITLED TO A PAYMENT</u> from a class action settlement.

*A court authorized this notice.  It is not a solicitation from a lawyer.  You are not being sued.  Please do not contact the Court.  Your legal rights are affected whether you act or don't act.  **Read this notice carefully**.*

## OVERVIEW

- Verizon customers claimed in a class action lawsuit that Verizon has charged its post-paid individual consumer wireless service account holders a monthly Administrative Charge and/or Administrative and Telco Recovery Charge (collectively, "Administrative Charge") that was unfair and not adequately disclosed.  Verizon has denied and continues to deny that it did anything wrong and that the lawsuit has any merit.  The customers and Verizon have reached a proposed settlement to resolve the lawsuit on a class action basis, as described below.

- If you received a notice about this settlement by email or mail, you are in the Settlement Class according to Verizon's records and are eligible to file a claim for a payment from the settlement.

- **<u>IMPORTANT</u>: You must file a claim by [DATE] to receive a payment from the settlement.  Click here to file a claim.**  (Read below or see Questions 6-7 for details)

- Your legal rights are affected, and you have a choice to make.  Your options are explained here.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **FILE A CLAIM** | File a claim by [DATE] to receive a payment.  See Questions 6-7. |
| **DO NOTHING** | Receive no payment and give up the right to sue Verizon about the issues in this lawsuit. |

| | |
|---|---|
| **OPT-OUT** | Receive no payment from the settlement and retain any right you may have to sue Verizon about the issues in this lawsuit.  To opt-out, you must mail a signed request for exclusion by **[DATE]**.  See Question 11 for details. |
| **OBJECT OR COMMENT ON THE SETTLEMENT** | Object or comment on the settlement by **[DATE]**.  See Question 12 for details.  If you object or comment, you can still file a claim and receive a payment. |

- Questions?  Read below, or visit www.VerizonAdministrativeChargeSettlement.com or call [TOLL-FREE NUMBER] for more information.

# Information about the Lawsuit and Class

## 1. What is this lawsuit about?

The class action lawsuit concerns Verizon customers in the U.S. who purchased post-paid wireless plans from Verizon and were charged an Administrative Charge. Plaintiffs alleged, generally, that Verizon's representations and advertisements regarding the price of its post-paid wireless service plans were misleading because the prices did not include the Administrative Charge, and that Verizon implemented, charged, and increased the Administrative Charge in a deceptive and unfair manner. The complaint in this case is available at www.VerizonAdministrativeChargeSettlement.com.

Plaintiffs and Verizon have now agreed to a settlement to resolve this lawsuit, as described below. The Court has not decided whether Plaintiffs' claims and/or Verizon's defenses are valid. By agreeing to the settlement, neither Verizon nor Plaintiffs make any admissions regarding any liability by Verizon or the merits of the allegations, claims, or defenses in this case. Verizon has denied and continues to deny that it did anything wrong or that the lawsuit has any merit. Verizon states that it will continue to charge the Administrative Charge and contends that it has the right to increase the Administrative Charge. As part of this settlement, Verizon will amend its Customer Agreement to include revised Administrative Charge disclosures.

The Superior Court of the State of New Jersey is overseeing this lawsuit. The lawsuit is known as *Esposito et al. v. Cellco Partnership d/b/a Verizon Wireless*, Docket No. MID-.

## 2. Why is this a class action?

In a class action, one or more people sue on behalf of themselves and other people with similar claims. All of these people together make up the Settlement Class and are Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## 3. Who is in the Settlement Class?

The "Settlement Class" in this case is defined as:

All current and former individual consumer account holders in the United States (based on account holders' last known billing address) who received postpaid wireless or data services from Verizon and who were charged and paid an Administrative Charge and/or an Administrative and Telco Recovery Charge between January 1, 2016 and the date of the Settlement Agreement.

Excluded from the Settlement Class are any Judges presiding over this Action and any members of their families, and Verizon and affiliated entities and individuals and their respective officers and directors. Also excluded from the Settlement Class are those persons who submit a timely and valid request for exclusion in accordance with the procedures set forth in the

Settlement Agreement.

If you received a notice of this settlement by mail or email, you are in the Settlement Class according to Verizon's records.

People in the Settlement Class are called "Settlement Class Members."

# Information about the Settlement and About Filing a Claim for a Payment

## 4.  What are the terms of the proposed settlement?

The complete terms of the proposed settlement are set forth in the Settlement Agreement, which is available at www.VerizonAdministrativeChargeSettlement.com.  This notice provides only a summary of the terms of the settlement.  The settlement benefits and other terms are summarized below.

## 5.  What are the benefits of the proposed settlement?

If the settlement is approved and becomes final, Verizon will pay $100 million into a Settlement Fund.  This money will be used to: (1) make settlement payments to Settlement Class Members, as described at Questions 5-9 below; (2) pay the costs of distributing notice and settlement checks and electronic payments to Settlement Class Members and other costs of administering the settlement; and (3) pay court-awarded attorneys' fees and expenses of the attorneys appointed by the Court to represent the Class ("Settlement Class Counsel") and any service awards granted to the Plaintiffs.  As explained below, if you file a claim by the deadline and are eligible for a payment, your payment may be up to $100.00 for your account, but the final amount may be lower depending on how long you were a Verizon subscriber and how many Settlement Class Members file valid claims.  Also as part of this settlement, Verizon will amend its Customer Agreement to include revised Administrative Charge disclosures.

## 6.  How do I get a payment?

**You need to file a <u>claim</u> by [DATE] to receive a settlement payment.**

## 7.  How do I file a claim for a payment?

File Online:  To file a claim online, click here or visit www.VerizonAdministrativeChargeSettlement.com.

File By Mail:  If you prefer, you can also print a paper claim form, available at www.VerizonAdministrativeChargeSettlement.com, fill it out, and mail it to the address listed on the form.  Or, if you received notice of this settlement by mail you can fill out the claim form that is attached to that notice and mail it to the address listed on the form.  **The deadline to file a claim online or by mail is [DATE].**  The Settlement Administrator will review all claims and determine eligibility.

### 8.  How much will the payments be?

If you file a valid claim by the deadline and are eligible for a payment, your payment may be up to $100.00 for your account, but the final amount may be lower depending on how long you were a Verizon subscriber and how many Settlement Class Members file valid claims. Specifically, there will be an initial minimum allocated amount of $15.00 for your account plus $1.00 for each month your account received postpaid wireless or data services from Verizon and was charged and paid an Administrative Charge and/or an Administrative and Telco Recovery Charge between January 1, 2016 and the date of the Settlement Agreement, up to a maximum initial allocated amount of $100.00. If the Settlement Fund is not sufficient to pay all the filed valid claims after deducting any Court-approved amounts for the cost of settlement administration, attorneys' fees and costs, and incentive awards to the class representatives, then the payments made to the Settlement Class Members who filed valid claims will be decreased from the initial allocated amount on a pro-rata basis. **You must submit a claim by the deadline to receive a payment.**

### 9.  How and when will payments be sent?

Settlement payments will be issued to valid claimants after the settlement is approved and becomes final, by check or electronic payment.

For any settlement payment checks that are uncashed or deemed undeliverable by the Settlement Administrator, those amounts will be treated as unclaimed property of the corresponding Settlement Class Member, subject to applicable state unclaimed property procedures (the additional administrative costs of such unclaimed property process will be deducted from the unclaimed property amounts on a *pro rata* basis).

# Your other rights and options

### 10.  What happens if I do nothing?

If you do nothing, you will not receive any settlement payment.  **You must file a claim by [DATE] to receive a payment.**

If you do nothing, you will give up any right you may have to sue Verizon about the issues in this lawsuit.  You will also be legally bound by all of the orders that the Court issues and judgments the Court makes in this class action.

### 11.  How do I exclude myself (opt out) from the Settlement Class?

To exclude yourself from the Settlement Class, you must mail a signed request for exclusion to:  [SETTLEMENT ADMINISTRATOR ADDRESS]

To be effective, your request for exclusion must be postmarked no later than **[DATE]**, and must include the following information:

(a)  your full name, telephone number, mailing address, and email address;

(b) a clear statement that you wish to be excluded from the Settlement Class;

(c) the name of this lawsuit: "*Esposito et al. v. Cellco Partnership d/b/a Verizon Wireless*"; and

(d) your original signature.

In addition, for your request for exclusion to be effective, the mailing address as reflected in the request for exclusion and on the mailing envelope itself must match the mailing address associated with your Verizon account.

## 12.  How do I object or comment?

If you have not excluded yourself from the Settlement Class, you can comment on or object to the settlement, Settlement Class Counsel's request for attorneys' fees and litigation expenses, and/or the request for service awards for the Plaintiffs who brought this lawsuit.  To object or comment, you must send a signed, written objection/comment including the following:

(a) the name of this lawsuit: "*Esposito et al. v. Cellco Partnership d/b/a Verizon Wireless*";

(b) your full name, mailing address, telephone number, and email address;

(c) your original signature;

(d) a description of the specific reasons for the objection;

(e) the name, address, bar number and telephone number of your attorney if you are represented by an attorney; and

(f) a statement about whether or not you intend to appear at the Fairness Hearing either in person or through an attorney.

To be considered by the Court, your comment or objection must be in writing and filed with the Court or mailed to the Clerk of Court at the following address, filed/postmarked no later than [**DATE**]:

| THE COURT |
|---|
| Superior Court of New Jersey<br>Middlesex County<br>Clerk of Court<br>56 Paterson St.<br>New Brunswick, New Jersey 08903-0964 |

Note that you can ask the Court to deny approval of the settlement by filing an objection, but you cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If you would like to request that the Court deny approval, you must object. You have the right to consult with your own attorney, at your own expense, before deciding how best to proceed.

### 13.  What claims will be released by this Settlement?

If you are in the Settlement Class definition and do not exclude yourself from the Settlement Class, and the settlement is approved and becomes final, the settlement will be legally binding on you and you will be bound by all judgments entered in the case.  In exchange for the settlement benefits, you will release all claims against Verizon and its affiliates listed in the Settlement Agreement about the issues in this lawsuit. The Settlement Agreement, available at www.VerizonAdministrativeChargeSettlement.com, describes the claims you are releasing (giving up) by staying in the Settlement Class (called "Released Claims").

### 14.  Do I have a lawyer in this class action?

Yes.  The Court has appointed the following attorneys and law firms to represent the Settlement Class Members.  Together, these lawyers are called "Settlement Class Counsel":

**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis, Esq.
Joseph A. Osefchen, Esq.
Shane T. Prince, Esq.
525 Route 73 North, Suite 410
Marlton, NJ 08053

**HATTIS & LUKACS**
Daniel M. Hattis, Esq.
Paul Karl Lukacs, Esq.
11711 SE 8th Street, Suite 120
Bellevue, WA 98005

You do not have to pay Settlement Class Counsel for their time or expenses incurred in this case out of your pocket.  Instead, Settlement Class Counsel will petition the Court for an award of their fees and expenses; any amount awarded to Settlement Class Counsel will be paid from the Settlement Fund.

The Court has also appointed Plaintiffs—whose names are set forth in the caption of the settlement agreement, available at www.VerizonAdministrativeChargeSettlement.com—as class representatives to represent the Settlement Class.

### 15.  How will the lawyers be paid?

Settlement Class Counsel (see Question 14) will file a motion on or before [DATE] asking the Court to award them attorneys' fees of up to $33.3 million (which is 33.30% of the $100 million Settlement Fund) plus reimbursement of their litigation expenses.  The attorneys' fees and expenses awarded by the Court will be the only payment to Settlement Class Counsel for their efforts in achieving the settlement and for their risk in undertaking this representation on a wholly contingent basis.  In addition, Settlement Class Counsel will ask the Court on or before [DATE] to award each of the Plaintiffs representing the Settlement Class a service award of up

to $3,500 to compensate them for their efforts and commitment on behalf of the Settlement Class in this lawsuit.

The Court will determine the amount of attorneys' fees, expenses, and service awards to award. Settlement Class Counsel's application for attorneys' fees, expenses, and service awards will be available at www.VerizonAdministrativeChargeSettlement.com when it is filed.

### 16.  Should I hire my own lawyer for this case?

You do not need to hire your own lawyer because Settlement Class Counsel represents you and the other members of the Settlement Class already. However, you have the right to hire your own lawyer. If you want your own lawyer separate from Settlement Class Counsel, you will have to pay that lawyer.

# The Court's Fairness Hearing

### 17.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing, currently scheduled for [__:__] a.m. on [DATE], in the New Jersey Superior Court, located at 56 Paterson St., New Brunswick, New Jersey 08903-0964.  The hearing may be moved to a different date or time without additional notice and/or may be held remotely or telephonically.  Please check www.VerizonAdministrativeChargeSettlement.com for updates or changes.

At the Fairness Hearing, the Court will consider whether the settlement should be approved as fair, reasonable and adequate.  The Court will also consider Settlement Class Counsel's application for attorneys' fees, expenses, and service awards.  If there are timely objections, the Court will consider them.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

### 18.  Do I have to come to the hearing?

No.  Settlement Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you submit an objection, you do not have to come to the Court to talk about it.  So long as you submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

### 19.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

# Getting more information

### 20.  Where can I get more information?

More information can be found at  www.VerizonAdministrativeChargeSettlement.com.

That website includes important case deadlines, links to case documents including the full Settlement Agreement, the complaint in this lawsuit, and other information about the lawsuit and the settlement. You can also get more information by calling [TOLL-FREE NUMBER].

**PLEASE DO NOT CONTACT THE COURT**

Exhibit D

To:     [Class Member Email Address]
From:   Verizon Class Action Settlement Administrator
Subject:  Reminder Notice – Verizon Class Action Settlement

---

**Notice ID:** <<Notice ID>>
**Confirmation Code:** <<Confirmation Code>>

## VERIZON CLASS ACTION SETTLEMENT

*A court authorized this notice. This is not a solicitation from a lawyer.
You are not being sued.*

---

**\*\*REMINDER: YOU MAY BE ENTITLED TO A PAYMENT OF UP TO $100.00 IF YOU FILE A CLAIM\*\***

---

**DON'T MISS OUT**
**FILE YOUR CLAIM BY [DATE] TO RECEIVE A PAYMENT.**

We are writing to remind you that you are eligible to file a claim for a payment as part of a class action settlement regarding Verizon's Administrative Charge charged on its post-paid wireless service plans.

**To receive a payment, you must file a claim by [DATE]. The process is easy and can be completed online. You can file your claim by clicking this link:**

**[CLAIM LINK]**

For more information about the settlement, visit
www.VerizonAdministrativeChargeSettlement.com or call toll-free (844) 689-0186.

*Unsubscribe*

Exhibit E

<table>
<tr><td>
<strong>Your claim form must be submitted online or postmarked by:</strong>
<br>[DEADLINE]
</td>
<td>
<strong>SUPERIOR COURT OF NEW JERSEY</strong><br>
<strong>MIDDLESEX COUNTY LAW DIVISION</strong><br><br>
<em>Esposito et al. v. Cellco Partnership d/b/a Verizon Wireless</em><br>
Docket No. MID-L-<br>
<strong><u>CLAIM FORM</u></strong>
</td>
<td><strong>VAC</strong></td>
</tr>
</table>

To be eligible for a settlement payment, you must complete and file this Claim Form.  You can either:

    (1) <u>File Online</u>:  File online at www.VerizonAdministrativeChargeSettlement.com; or

    (2) <u>File by Mail</u>:  Fill out, sign, and return this form to:  Verizon Administrative Charge Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

    You must file a claim to receive a settlement payment.  <u>THE DEADLINE TO FILE A CLAIM IS</u> [DATE].

## I.  PROVIDE YOUR CONTACT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information that occur after you submit your Claim Form.

**First Name**          **Last Name**

**Street Address**

**City**      **State**      **Zip Code**

**Email Address**     **Verizon Wireless Phone Number**     **Verizon Wireless Account No.** *(if known)*

If you received a notice about this Settlement via email or mail, provide the following information:

**Notice ID**      **Confirmation Code**

## II.  CHOOSE FORM OF PAYMENT

Please select from **one** of the following payment options:

☐ **PayPal** – Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __ - __ __ __ - __ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __ - __ __ __ - __ __ __ __    or Email Address: _____

☐ **Virtual Prepaid Card -** Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided in Section I above.

1

<table>
<tr><td>

**Your claim form must be submitted online or postmarked by:**
[DEADLINE]

</td><td>

**SUPERIOR COURT OF NEW JERSEY**
**MIDDLESEX COUNTY LAW DIVISION**

*Esposito et al. v. Cellco Partnership d/b/a Verizon Wireless*
Docket No. MID-L-

**CLAIM FORM**

</td><td>

**VAC**

</td></tr>
</table>

**Your Settlement Payment** may be up to $100.00 for your Verizon account, but the final amount may be lower depending on how long you were a Verizon subscriber and how many Settlement Class Members file valid claims. Specifically, there will be an initial minimum allocated amount of $15.00 for your account plus $1.00 for each month your account received postpaid wireless or data services from Verizon and was charged and paid an Administrative Charge and/or an Administrative and Telco Recovery Charge between January 1, 2016 and the date of the Settlement Agreement, up to a maximum initial allocated amount of $100.00. If the Settlement Fund is not sufficient to pay all the filed valid claims after deducting any Court-approved amounts for the cost of settlement administration, attorneys' fees and costs, and incentive awards to the class representatives, then the payments made to the Settlement Class Members who filed valid claims will be decreased from the initial allocated amount on a pro-rata basis.

| **III.  SIGN THE FORM** |
|---|

By signing below and submitting this Claim Form, I hereby swear under penalty of perjury that I am the person identified in Section I and the information provided in this Claim Form is true and correct, this is the only Claim Form that I have submitted, and nobody has submitted another claim in connection with this Settlement on my behalf.

_____          Date: _____
Your signature                                              MM          DD          YYYY

_____
Your name

2

Exhibit F

DEAN ESPOSITO, JEFFREY ACHEY, MARILYN
ACHEY, JUSTIN ANDERSON, DEIDRE ASBJORN,
GREGORY BURLAK, CARLA CHIORAZZO,
JUDITH CHIORAZZO, JOHN CONWAY, ADAM
DEMARCO, JAMES FISHER, ALLISON
GILLINGHAM, LORRAINE GILLINGHAM,
DOREE GORDON, DONNA HARTMAN,
PATRICIA JUSTICE, DAVID KELLY, CHRISTINA
MANFREDO, JUDITH OELENSCHLAGER,
DANIEL PATINO, JAMES PRATE, MICHAEL
SCHEUFELE, RUSSELL SEWEKOW, DEBORAH
STROYEK, LINDA TEER, CHRISTINE TRAPPE,
BRENDA TRIPICCHIO, TERESA
MACCLELLAND, KAREN UMBERGER, SCOTT
WILLITS, MICHAEL BRANOM, MOLLY BROWN,
MICHAEL CARNEY, TIM FRASCH, PATRICIA
GAGAN, ANNA GUTIERREZ, LINDA JENKINS,
AUGUSTUS JOHNSON, WILLIAM KAUPELIS,
MARILYN KAYE, JANETTE LISNER, WILLIAM
ERIC LOUGH, DAVID MASSARO, LOUISE
MONSOUR, DARLEEN PEREZ, GABRIELLE
POZZUOLI, VALERIE REED, BRUCE SCHRAMM,
KERRY SHOWALTER, JOHN ST. JARRE, GLORIA
STERN, EDNA TOY, TERESA TOY, VANESSA
WEST, MARY BOWMAN, ART CAPRI, DEBRA
CASEY, KARYN CHALLENDER. TYSON
COHRON, CINTIA CORSI, ANDI ELLIS, LAURIE
FRANTZ, ASHLEY GARRISON, ANGELA GREEN,
CARLOS GUTIERREZ, JAMES HOLLING, KAREN
HUDSON, JERRY HUNT, JENNIFER HURTT,
JOYCE JONES, LYNN KIRALY, MICHELLE
LACUESTA, JASON MCCONVILLE, JOSE NICOT,
SANDRA OSHIRO, LESLIE OWENS, JON
SANTOS, TERRY SEXTON, KATHLEEN WRIGHT,
PAMELA M. ALLEN, SAMANTHA ALBAITIS,
CYDNI ARTERBURY, LISA BAKER, BRIANA
BELL, CHRISTINE BELLAVIA, KIMBERLY
BLAIR, LEANOR BLAND-MULLINS, CAROLINE
BONHAM, TAMMY BURKE, ANNMARIE
CALDWELL, SHAUNA CAVALLARO, SANTOS
COLON, ERIKA CONLEY, KENDRA CONOVER,
DYLAN CORBIN, LAURA CURRY, SHAKERA
DYER, JANE FREY, RUSSELL FROM, ANGEL
GAINES, ASHTIN GAMBLIN, ERICKA
GARDNER, ANN GRAFF, JAMES HENSLEY,
SAREL HINES, ALEXANDER KEELER, ADAM
KELLER, BILLIE KENDRICK, KRISTA KIRBY,
JAN LOMBARD, MARC LOWREY, JILL
MAILHOIT, AARON MAXA, KELLY MOORE,
LINDSEY MORAN, DAVID MOYERS, JENNIFER
OCAMPO-NEUBAUER, KEISHA ODOM, ANGEL
PACHECHO, HEATHER RAY, SUSAN SCOTT,

SUPERIOR COURT OF NEW
JERSEY
MIDDLESEX COUNTY
LAW DIVISION

DOCKET NO. MID-L-

**[PROPOSED] ORDER
GRANTING PRELIMINARY
APPROVAL OF CLASS
SETTLEMENT AGREEMENT
AND DIRECTING
DISSEMINATION OF CLASS
NOTICE**

| LORI SNYDER, MISTY SUTTON, KATHRYN TAYLOR, ANTHONY VALLECORSA, CLAIRE WHITE, KRISTOPHER WILLARD, ALVIN WILSON, and BRAD YOUNG, on behalf of themselves and all others similarly situated, | |
|---|---|
| Plaintiffs, | |
| v. | |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | |
| Defendant. | |

Before the Court is the Motion for Preliminary Approval of Class Settlement Agreement and for Direction of Class Notice Pursuant to N.J. Ct. R. R. 4:32-2 ("Motion"), filed by Plaintiffs. Plaintiffs and Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") have entered into a Class Settlement Agreement, dated [DATE] ("Settlement Agreement").  Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, and good cause appearing, the Court hereby ORDERS as follows:

1.      Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.      This Court has subject matter jurisdiction over this matter, and has personal jurisdiction over the Parties and the Settlement Class Members.  Venue is proper in this Court.

3.      The Motion is GRANTED.

4.      The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to N.J. Ct. R. R. 4:32-2.  The Court finds that it will likely be able to approve the Settlement Agreement under N.J. Ct. R. R. 4:32-2 and to certify the Settlement Class for purposes of judgment on the proposed Settlement.  The Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate as to the Settlement Class Members

under the relevant considerations.  The Court finds that Plaintiffs and proposed Settlement Class

Counsel have adequately represented, and will continue to adequately represent, the Settlement

Class.  The Court further finds that the Settlement Agreement is the product of arms' length

negotiations by the Parties through an experienced mediator, Hon. Jay C. Gandhi (ret.) of JAMS,

and comes after significant litigation—including significant litigation regarding Verizon's

motions to compel arbitration of Plaintiffs' claims and to stay the respective litigations, resulting

in multiple rounds of briefing and appeals to date—and significant investigation and discovery.

The Court preliminarily finds that the relief provided—a non-reversionary common settlement

fund of $100 million—is adequate taking into account, *inter alia*, the costs, risks, and delay of

trial and appeal for all Parties, the legal issues presented in this Action, the interests of the

proposed Settlement Class, and the proposed method of distributing payments to the Settlement

Class (i.e., direct payments by checks and electronic payments).   The Court preliminarily finds

that the Settlement Agreement treats the Settlement Class Members equitably relative to each

other, and that the proposed allocation of settlement funds to Settlement Class Members is

reasonable and equitable.  Under the terms of the Settlement Agreement, all Settlement Class

Members are eligible to submit claims for settlement payments via a simple claim form.  The

Court will fully assess any request for attorneys' fees and litigation expenses after receiving a

motion from Settlement Class Counsel supporting such request.   At this stage, the Court finds

that the plan to request fees and litigation expenses to be paid from the common settlement fund

creates no reason not to direct notice to the Settlement Class; should this Court find any aspect of

the requested attorneys' fees or expenses unsupported or unwarranted, such funds will not revert

to Verizon.

     5.     The Court hereby provisionally certifies, for settlement purposes only, a

"Settlement Class," pursuant to N.J. Ct. R. R. 4:32-1(b)(3) and 4:32-2, consisting of:

> All current and former individual consumer account holders in the United States (based on account holders' last known billing address) who received postpaid wireless or data services from Verizon and who were charged and paid an Administrative Charge and/or an Administrative and Telco Recovery Charge between January 1, 2016 and the date of the Settlement Agreement.

> Excluded from the Settlement Class are any Judges presiding over this Action and any members of their families, and Verizon and affiliated entities and individuals and their respective officers and directors.

> Also excluded from the Settlement Class are those persons who submit a timely and valid request for exclusion in accordance with the procedures set forth in the Settlement Agreement and in this Court's Preliminary Approval Order.

6.      The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under N.J. Ct. R. R. 4:32-1—namely, that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class Members; (4) Plaintiffs and Settlement Class Counsel have adequately represented, and will continue to adequately represent the interests of the Settlement Class Members; and (5) for purposes of settlement only, the Settlement Class meets the predominance and superiority requirements of N.J. Ct. R. R. 4:32-1(b)(3).

7.      Certification of the Settlement Class and appointment of the Settlement Class Representatives and Settlement Class Counsel shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.  If the Settlement does not occur for any reason, certification of the Settlement Class and any Settlement Class Representative or Settlement Class Counsel appointments, including this Order, shall be deemed void and vacated.  The Parties reserve all rights and defenses as they existed prior to the execution of the Settlement Agreement

and this Order in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.

8.    The Court hereby appoints Plaintiffs in the caption set forth above as Settlement Class Representatives to represent the Settlement Class.

9.    The Court hereby appoints the following attorneys as Settlement Class Counsel for the Settlement Class:

**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis, Esq.
Joseph A. Osefchen, Esq.
Shane T. Prince, Esq.
525 Route 73 North, Suite 410
Marlton, NJ 08053
Telephone: (856) 797-9951
Facsimile: (856) 797-9978
Email: sdenittis@denittislaw.com
Email: josefchen@denittislaw.com
Email: sprince@denittislaw.com

**HATTIS & LUKACS**
Daniel M. Hattis, Esq.
Paul Karl Lukacs, Esq.
11711 SE 8th Street, Suite 120
Bellevue, WA 98005
Telephone: (425) 233-8650
Facsimile: (425) 412-7171
Email: dan@hattislaw.com
Email: pkl@hattislaw.com

10.    The Court hereby appoints Angeion Group as Settlement Administrator and directs Angeion Group to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

Notice Program

11.    Pursuant to N.J. Ct. R. R. 4:32-2(b), the Court approves the proposed Notice program set forth at Section VI of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits A-E to the Settlement Agreement.  The

Court finds that the proposed Notice program meets the requirements of Due Process under the U.S. Constitution and N.J. Ct. R. R. 4:32-2; and that such Notice program, which includes individual direct notice to Settlement Class Members via email or mail, reminder notices, and the establishment of a Settlement Website and Toll-Free Number is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form and content of the forms of the Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms. The Court finds that the Notice clearly and concisely states in plain, easily understood language, inter alia: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on Settlement Class Members under N.J. Ct. R. R. 4:32-1 and 4:32-2.

12.     The Court directs the Settlement Administrator and the Parties to implement the Notice program as set forth in the Settlement Agreement.

Claims Procedure

13.     The Court approves the form and content of the proposed Claim Form, in the form attached as Exhibit E to the Settlement Agreement, approves the Claims Process set forth in the Settlement Agreement for Settlement Class Members to submit Claims, and directs the Parties and the Settlement Administrator to implement the Claims Process.

Opt-Out and Objection Procedures

14.     Settlement Class Members may exclude themselves from the Settlement Class by mailing to the Settlement Administrator, at the address provided in the Website Notice, a request for exclusion that is postmarked no later than thirty-five days after the Notice Date (the "Exclusion Deadline"). To be effective, the request for exclusion must include (1) the Settlement Class Member's full name, telephone number, mailing address, and email address; (2) a clear statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (3) the name of this Action: "*Esposito et al.  v. Cellco Partnership d/b/a Verizon Wireless*"; and (4) the Settlement Class Member's original signature.  In addition, for the request for exclusion to be effective, the sender's mailing address as reflected in the request for exclusion and on the mailing envelope itself must match the mailing address associated with the Settlement Class Member's Verizon account.  Requests for exclusion furthermore must be made on an individual basis; "mass," "class," or other purported group opt outs are not effective.  Any Settlement Class Member who submits a timely and valid request for exclusion is foreclosed from objecting to the Settlement or to Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.  If a Settlement Class Member submits both a timely and valid request for exclusion and an objection, the Settlement Class Member shall be treated as if they had only submitted a request for exclusion.  The Settlement Administrator shall promptly after receipt provide copies of any requests for exclusion, including any related correspondence, to Settlement Class Counsel and Verizon's Counsel.  Any Settlement Class Member who does not submit a timely and valid request for exclusion as set forth in this paragraph and in the Settlement Agreement shall be bound by all subsequent proceedings, orders, and judgments in this Action, including, but not limited to, the Release as defined in the Settlement Agreement, regardless of whether the Settlement Class Member has any pending claims or causes of action against Verizon.

15.     Any Settlement Class Member who does not submit a timely and valid request for exclusion shall have the right to object to the proposed Settlement and/or to Settlement Class Counsel's motion for attorneys' fees, costs, or service awards, only by complying with the objection provisions set forth herein and in the Settlement Agreement.  Settlement Class Members who object shall remain Settlement Class Members and shall be subject to the Release set forth in this Settlement Agreement if this Settlement is approved by the Court and becomes effective.  To be considered valid, an objection must be in writing, must be filed with the Court or mailed to the Court at the address listed in the Website Notice, postmarked/filed no later than 25 days before the Fairness Hearing (the "Objection Deadline"), and must include the following: (1) the name of this Action: "*Esposito et al. v. Cellco Partnership d/b/a Verizon Wireless*"; (2) the full name, mailing address, telephone number, and email address of the objector; (3) the objector's original signature; (4) a description of the specific reasons for the objection; (5) the name, address, bar number and telephone number of counsel for the objector, if the objector is represented by an attorney; and (6) state whether the objector intends to appear at the Fairness Hearing either in person or through counsel.  Any Settlement Class Member who does not timely submit an objection in accordance with this section shall waive the right to object or to be heard at the Fairness Hearing and shall be forever barred from making any objection to the proposed Settlement or to Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.  Any Settlement Class Member who objects to the Settlement shall nevertheless be eligible for all benefits of the Settlement if it is approved and becomes final.  The Settlement Administrator shall promptly after receipt provide copies of any objections, including any related correspondence, to Settlement Class Counsel and Verizon's Counsel.

Fairness Hearing

16.     The Court will hold a Fairness Hearing on [DATE] at the Superior Court of New Jersey, Middlesex County located at 56 Paterson Street, New Brunswick, New Jersey. The purposes of the Fairness Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing all Released Claims; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Settlement Class Counsel's motion for attorneys' fees, costs, and service awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

17.     By no later than fifteen days after the Notice Date, Plaintiffs and Settlement Class Counsel shall file their: (a) motion for final approval of the Settlement Agreement, requesting entry of the Final Order and Judgment, substantially in the form of Exhibit G to the Settlement Agreement; and (b) motion for attorneys' fees, costs, and service awards.  Promptly after they are filed, these document(s) shall be posted on the Settlement Website.

18.     By no later than twenty-one days before the Fairness Hearing, the Settlement Administrator shall file with the Court (or provide to Settlement Class Counsel for filing with the Court) copies of any objections received by the Settlement Administrator.

19.     By no later than fourteen days before the Fairness Hearing, the Parties shall file any responses to any Settlement Class Member objections, and any reply papers in support of the motion for final approval of the Settlement and/or in support of Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.

20.     The Court may, in its discretion, modify the date and/or time of the Fairness

Hearing, and may order that this hearing be held remotely or telephonically.  In the event the Court changes the date, time, and/or the format of the Fairness Hearing, the Parties shall ensure that the updated information is posted on the Settlement Website.

21.    Only Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Preliminary Approval Order, may be heard at the Fairness Hearing.

22.    If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and administration as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement, including the Parties' agreement to cooperate in asking the Court to set a reasonable schedule for the resumption of this Action and any parallel litigations brought by the Plaintiffs or Settlement Class Counsel against Verizon, as well as any pending or stayed appeals including the New Jersey Supreme Court appeal in *Achey v. Cellco Partnership*, Dkt. No. 088253 (N.J.) and Ninth Circuit appeal in *MacClelland v. Cellco Partnership*, 22-16020 (9th Cir.), as described in Sections X.E and XII.B of the Settlement Agreement.

23.    Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

24.     Pending final determination of whether the Settlement Agreement should be finally approved, Plaintiffs and all Settlement Class Members are barred and enjoined from filing, commencing, prosecuting, or enforcing any action against Verizon or the other Released Parties insofar as such action asserts Released Claims, directly or indirectly, in any judicial, administrative, arbitral, or other forum.  This bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

25.     This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, or any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered or received against Verizon or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) that any person suffered compensable harm or is entitled to any relief with respect to the matters asserted in this Action; (c) any liability, negligence, fault, or wrongdoing by Verizon or the Released Parties, including any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf; (d) that this Action or any other action was or may be properly certified as a class action for litigation, non-settlement purposes; (e) the arbitrability of the Action as to Plaintiffs and Settlement Class Members; or (f) the enforceability of any applicable contractual or statutory limitations period to limit any relief.

26.     The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Release provided for in the Settlement Agreement.

27.     The Parties are directed to take all necessary and appropriate steps to establish the

means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

     28.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members.  Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

IT IS SO ORDERED.

Date: _____

_____

Exhibit G

DEAN ESPOSITO, JEFFREY ACHEY, MARILYN
ACHEY, JUSTIN ANDERSON, DEIDRE ASBJORN,
GREGORY BURLAK, CARLA CHIORAZZO,
JUDITH CHIORAZZO, JOHN CONWAY, ADAM
DEMARCO, JAMES FISHER, ALLISON
GILLINGHAM, LORRAINE GILLINGHAM,
DOREE GORDON, DONNA HARTMAN,
PATRICIA JUSTICE, DAVID KELLY, CHRISTINA
MANFREDO, JUDITH OELENSCHLAGER,
DANIEL PATINO, JAMES PRATE, MICHAEL
SCHEUFELE, RUSSELL SEWEKOW, DEBORAH
STROYEK, LINDA TEER, CHRISTINE TRAPPE,
BRENDA TRIPICCHIO, TERESA
MACCLELLAND, KAREN UMBERGER, SCOTT
WILLITS, MICHAEL BRANOM, MOLLY BROWN,
MICHAEL CARNEY, TIM FRASCH, PATRICIA
GAGAN, ANNA GUTIERREZ, LINDA JENKINS,
AUGUSTUS JOHNSON, WILLIAM KAUPELIS,
MARILYN KAYE, JANETTE LISNER, WILLIAM
ERIC LOUGH, DAVID MASSARO, LOUISE
MONSOUR, DARLEEN PEREZ, GABRIELLE
POZZUOLI, VALERIE REED, BRUCE SCHRAMM,
KERRY SHOWALTER, JOHN ST. JARRE, GLORIA
STERN, EDNA TOY, TERESA TOY, VANESSA
WEST, MARY BOWMAN, ART CAPRI, DEBRA
CASEY, KARYN CHALLENDER. TYSON
COHRON, CINTIA CORSI, ANDI ELLIS, LAURIE
FRANTZ, ASHLEY GARRISON, ANGELA GREEN,
CARLOS GUTIERREZ, JAMES HOLLING, KAREN
HUDSON, JERRY HUNT, JENNIFER HURTT,
JOYCE JONES, LYNN KIRALY, MICHELLE
LACUESTA, JASON MCCONVILLE, JOSE NICOT,
SANDRA OSHIRO, LESLIE OWENS, JON
SANTOS, TERRY SEXTON, KATHLEEN WRIGHT,
PAMELA M. ALLEN, SAMANTHA ALBAITIS,
CYDNI ARTERBURY, LISA BAKER, BRIANA
BELL, CHRISTINE BELLAVIA, KIMBERLY
BLAIR, LEANOR BLAND-MULLINS, CAROLINE
BONHAM, TAMMY BURKE, ANNMARIE
CALDWELL, SHAUNA CAVALLARO, SANTOS
COLON, ERIKA CONLEY, KENDRA CONOVER,
DYLAN CORBIN, LAURA CURRY, SHAKERA
DYER, JANE FREY, RUSSELL FROM, ANGEL
GAINES, ASHTIN GAMBLIN, ERICKA
GARDNER, ANN GRAFF, JAMES HENSLEY,
SAREL HINES, ALEXANDER KEELER, ADAM
KELLER, BILLIE KENDRICK, KRISTA KIRBY,
JAN LOMBARD, MARC LOWREY, JILL
MAILHOIT, AARON MAXA, KELLY MOORE,
LINDSEY MORAN, DAVID MOYERS, JENNIFER
OCAMPO-NEUBAUER, KEISHA ODOM, ANGEL
PACHECHO, HEATHER RAY, SUSAN SCOTT,

SUPERIOR COURT OF NEW
JERSEY
MIDDLESEX COUNTY
LAW DIVISION

DOCKET NO. MID-L-

**[PROPOSED] FINAL ORDER
AND JUDGMENT**

| LORI SNYDER, MISTY SUTTON, KATHRYN TAYLOR, ANTHONY VALLECORSA, CLAIRE WHITE, KRISTOPHER WILLARD, ALVIN WILSON, and BRAD YOUNG, on behalf of themselves and all others similarly situated, | |
|---|---|
| Plaintiffs, | |
| v. | |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | |
| Defendant. | |

This matter came before the Court for hearing on [DATE], pursuant to the Court's Preliminary Approval Order dated [DATE], and on the motion ("Motion") for final approval of the Settlement Agreement, dated [DATE] entered into by the Parties (the "Settlement Agreement"), as well as Settlement Class Counsel's motion for an award of attorneys' fees, costs, and service awards.   Due and adequate notice having been given to the Settlement Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, the Court hereby ORDERS as follows:

1.     Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.     This Court has subject matter jurisdiction over this matter and has personal jurisdiction over the Parties and the Settlement Class Members.  Venue is proper in this Court.

3.     The "Settlement Class" for purposes of this Final Order and Judgment means:

All current and former individual consumer account holders in the United States (based on account holders' last known billing address) who received postpaid wireless or data services from Verizon and who were charged and paid an Administrative Charge and/or an Administrative and Telco Recovery Charge between January 1, 2016 and the date of the Settlement Agreement.

Excluded from the Settlement Class are any Judges presiding over this Action and any members of their families, and Verizon and affiliated entities and individuals and their respective officers and directors.

Also excluded from the Settlement Class are those persons who submit a timely and valid request for exclusion in accordance with the procedures set forth in the Settlement Agreement and in this Court's Preliminary Approval Order.

4.     The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties.  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as appropriate reminder notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of N.J. Ct. R. R. 4:32-1 and 4:32-2, Due Process under the U.S. Constitution, and any other applicable law.

5.     The Court hereby finds that all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by submitting a request for exclusion in conformance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order.   All persons who submitted timely and valid requests for exclusion are not bound by this Final Order and Judgment.   A list of those persons who submitted timely and valid requests for exclusion is on file at Dkt.___.   All other persons who fall within the definition of the Settlement Class are Settlement Class Members and part of the Settlement Class, and shall be bound by this Final Order and Judgment and the Settlement Agreement.

6.     The Court finds and reaffirms that this Action is properly maintained as a class

action, for settlement purposes only, pursuant to N.J. Ct. R. R. 4:32-1(b)(3) and 4:32-2, as set forth in the Court's Preliminary Approval Order.

7.      [Findings regarding class certification]

8.      The Court reaffirms its appointment of Plaintiffs set forth in the caption herein as Settlement Class Representatives to represent the Settlement Class, and reaffirms its appointment of Settlement Class Counsel to represent the Settlement Class.

9.      The Court finds that the Settlement Agreement warrants final approval pursuant to N.J. Ct. R. R. 4:32-2 because, the Court finds, the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class, after weighing the relevant considerations.   First, the Court finds that Plaintiffs and Settlement Class Counsel have adequately represented the Settlement Class, and will continue to do so through settlement implementation.   Second, the proposed Settlement Agreement was reached as a result of arms-length negotiations through an experienced mediator, Hon. Jay C. Gandhi (ret.) of JAMS, and comes after significant litigation, investigation, and discovery.   Third, the Court finds that the relief proposed to be provided for the Settlement Class is fair, reasonable, and adequate, taking into account, *inter alia*: (i) the costs, risks, and delay of trial and appeal for all Parties; (ii) the legal issues presented in this Action; (iii) the interests of Settlement Class Members; (iv) the effectiveness of the proposed method of distributing relief to the Settlement Class (via mailed checks or electronic payments); and (v) the terms of the requested award of attorneys' fees, costs, and service awards.   Fourth, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other, and that the proposed allocation of settlement funds to Settlement Class Members is reasonable and equitable.   Under the terms of the Settlement Agreement, all Settlement Class Members were eligible to submit a claim for payment via a simple claim form.

10.      In granting final approval of the Settlement Agreement, the Court has also considered the factors that courts in New Jersey consider in evaluating proposed class settlements. *See, e.g.*, *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) and *Sutter v. Horizon*

*Blue Cross Blue Shield of New Jersey*, 2012 WL 2813813, at *3–4 (N.J. Super. Ct. App. Div. July 11, 2012).

11.     [Address *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) and *Sutter v. Horizon Blue Cross* factors].

12.     [Address any objections].  All timely objections submitted by Settlement Class Members have been fully considered by the Court and are overruled.

13.     The Motion is hereby GRANTED, and the Settlement Agreement and its terms are hereby found to be and APPROVED as fair, reasonable, and adequate and in the best interest of the Settlement Class.   The Parties and Settlement Administrator are directed to consummate and implement the Settlement Agreement in accordance with its terms, including distributing settlement payments to the Settlement Class Members and other disbursements from the Settlement Consideration as provided by the Settlement Agreement.

14.     This Action is hereby dismissed with prejudice and without costs to any Party, other than as specified in the Settlement Agreement, this Final Order and Judgment, and any order(s) by this Court regarding Settlement Class Counsel's motion for attorneys' fees, costs, and service awards.

15.     In consideration of the benefits provided under the Settlement Agreement, and for other good and valuable consideration set forth in the Settlement Agreement, each of the Settlement Class Members and Releasing Parties shall, by operation of this Final Order and Judgment, have fully, finally, and forever released, relinquished, acquitted, and discharged all Released Claims against all Released Parties in accordance with Section IX of the Settlement Agreement, the terms of which section are incorporated herein by reference.   The terms of the Settlement Agreement, which are incorporated by reference into this Order, shall have res judicata and other preclusive effects as to the Released Claims as against the Releasing Parties. The Released Parties may file the Settlement Agreement and/or this Order in any other litigation to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

16.     All Settlement Class Members and Releasing Parties have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, maintaining, or asserting, directly or indirectly, any Released Claim against any Released Party in any judicial, administrative, arbitral, or other forum.   This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.  Notwithstanding the foregoing, nothing in this Order and Judgment shall preclude an action to enforce the terms of the Settlement Agreement.

17.     Pursuant to the terms of the Settlement Agreement, Plaintiffs, Settlement Class Counsel, Verizon, and Verizon's Counsel have, and shall be deemed to have, released each other from any and all claims and requests for relief relating in any way to any Party or counsel's conduct in this Action, including but not limited to any claims of abuse of process, malicious prosecution, or any other claims or requests for relief arising out of the institution, prosecution, assertion or resolution of this Action, including claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise expressly set forth in the Settlement Agreement.

18.     This Final Judgment and Order is the final, appealable judgment in the Action as to all Released Claims.

19.     Without affecting the finality of this Final Order and Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's motion for attorneys' fees, costs, and service awards; (c) distribution of the settlement consideration, Settlement Class Counsel attorneys' fees and expenses, and any Plaintiff service awards; and (d) all other proceedings related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement.   The time to appeal from this Final Order and Judgment shall commence upon its entry.

20.     In the event that the Settlement Agreement Effective Date does not occur, this

Final Order and Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, as set forth in the Court's Preliminary Approval Order, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and Verizon.

21.     This Final Order and Judgment, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, or any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Verizon or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by Plaintiffs in the Action; (b) that any person suffered compensable harm or is entitled to any relief with respect to the matters asserted in this Action; (c) any liability, negligence, fault, or wrongdoing by Verizon or the Released Parties, including any of its affiliates, agents, representatives, vendors, or any other person or entity acting on its behalf; (d) that this Action or any other action was or may be properly certified as a class action for litigation, non-settlement purposes; (e) the arbitrability of the Action as to Plaintiffs and Settlement Class Members; or (f) the enforceability of any applicable contractual or statutory limitations period to limit any relief.

22.     [To the extent this Order does not address Settlement Class Counsel's motion for attorneys' fees, costs and service awards, such motion will be addressed in a separate order or further addressed herein.]

23.     The Court finds that there is no just reason for delay and expressly directs this Final Order and Judgment and immediate entry by the Clerk of the Court.

IT IS SO ORDERED.

Date: _____

_____

Exhibit H

Pursuant to Settlement Agreement Section IV.B., within ninety days of the Effective Date, Verizon shall implement the following revisions to its My Verizon Wireless Customer Agreement to include the following language:

In addition to the cost of your plan or any features to which you may subscribe, our charges may also include an Administrative and Telco Recovery Charge, in addition to the other fees described in this Agreement.

The Administrative and Telco Recovery Charge isn't a tax, it isn't required by law, is not necessarily related to anything the government does, and it is kept by us in whole or in part.

The amount of the Administrative and Telco Recovery Charge and what it pays for may change over time.

Exhibit I

## UNDERTAKING TO REPAY ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

Pursuant to Section XI of the Settlement Agreement[1] executed on [DATE] between and among Plaintiffs and Verizon, Settlement Class Counsel shall be entitled to full payment of the attorneys' fees, costs, and named Plaintiff service awards awarded by the Court within ten (10) business days of the Court's entry of the Final Order and Judgment and any order granting attorneys' fees, costs, and service awards, notwithstanding any appeal.  Provided, however, that, should the Final Order and Judgment be reversed or materially modified or the award of attorneys' fees, costs, or service awards be reversed or reduced on appeal, Settlement Class Counsel hereby agree to reimburse the Settlement Fund for any amounts not approved by the Court or following any appeal.  Settlement Class Counsel shall reimburse the Settlement Fund in accordance with Section XI of the Settlement Agreement and this undertaking within fourteen (14) days of any such reversal, material modification, or reduction of any attorneys' fees and costs paid to Settlement Class Counsel or service awards paid to the named Plaintiffs.

Dated:  _____

_____
Stephen P. DeNittis
DeNittis Osefchen Prince, P.C.

Dated:  _____

_____
Daniel M. Hattis
Hattis & Lukacs

---

[1]  All capitalized terms have the meaning as defined in the Settlement Agreement.