UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA MACCLELLAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP, et al.,<br><br>Defendants. | Case No. 21-cv-08592-EMC<br><br>**ORDER ON MOTION TO INTERVENE**<br><br>Docket No. 89 |

## I. BACKGROUND

In this action, California Verizon Wireless customers sued Cellco Partnership d/b/a Verizon Wireless and Verizon Communications, Inc. (collectively "Verizon") alleging that Verizon engaged in false advertising by failing to disclose an administrative charge for wireless services and misrepresenting that the fee is a tax or government regulation. *See* Second Amended Complaint ("SAC"), Docket No. 58. Verizon moved to compel arbitration, which this Court denied. *See* Docket No. 53. Subsequently, Class Counsel filed several additional actions in New Jersey state and federal court, adding plaintiffs from states across the nation (Verizon is headquartered in New Jersey, so courts in New Jersey have jurisdiction over claims of plaintiffs from other states). *See* Pl. Opp'n at 9. The parties settled for $100 Million for the class which covered all states. Class Counsel filed a separate action in New Jersey Superior Court to approve the settlement; the action is entitled *Esposito, et al. v. Cellco Partnership d/b/a Verizon Wireless, et al.*, MID-L-6360-23, No. LCV2024273558 ("*Esposito*"). The motion to approve of the settlement is now pending in the New Jersey Superior Court.

In *Esposito*, Class Counsel seeks an attorneys' fee award of 33.3%. *See* Def. Opp'n at 8. An award of up to 33.3% is permissible in New Jersey, but in the Ninth Circuit, attorneys' fee

awards are presumably capped at 25%. Several unnamed Plaintiffs in the New Jersey cases ("Proposed Intervenors") have filed the present Motion to intervene in the case before this Court. Proposed Intervenors allege that Class Counsel breached its fiduciary duty to the class by engaging in settlement negotiations in New Jersey, as opposed to California, to obtain a higher fee award. Proposed Intervenors argue this will unjustly enrich Class Counsel and that this Court should order disgorgement of Class Counsel's impermissibly high fee award.

Proposed Intervenors did not file to opt-out from the *Esposito* settlement and did not file an objection to the settlement. *See* Hattis Decl. ¶ 26. Both deadlines have since passed. Other members of the class did object to Class Counsel's proposed fee award in *Esposito*. *See id*. ¶ 28. In particular, several class members, represented by counsel, objected arguing "that Class Counsel breached a fiduciary duty to the class by filing the *Esposito* settlement action in New Jersey state court and by requesting an award of attorneys' fees under the New Jersey standard of 33% instead of the purported Ninth Circuit standard of 25%," Docket No. 109 at 4, an argument similar, if not identical, to that made the Proposed Intervenors herein. The New Jersey Superior Court has these claims before it in the Fairness Hearing on the proposed settlement and proposed award of fees but has not issued its decision yet.

## II.   DISCUSSION

Proposed Intervenors have moved to intervene via Rule 24(a)'s mandatory intervention and Rule 24(b)'s permissive intervention. Mot. at 7-12. Rule 24(a) governs intervention as of right:

> On timely motion, the court must permit anyone to intervene who:
> …
> Claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). 24(b) governs permissive intervention:

> On timely motion, the court may permit anyone to intervene who:
> …
> Has a claim or defense that shares with the main action a common question of law or fact.

2

Fed. R. Civ. P. 24(b)(2). "The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (original emphasis). Thus, Proposed Intervenors' "[f]ailure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Here, Proposed Intervenors seek to intervene in *this* Court to dispute Class Counsels' attorneys' fee award request, but the settlement and contested fees are being adjudicated in the New Jersey Superior Court. Rule 24(a) states that one may intervene if they "claim[] an interest relating to the property or transaction *that is the subject of the action*." (emphasis added). Likewise, Rule 24(b) requires that the claim "shares *with the main action* a common question of law or fact." (emphasis added). Proposed Intervenors have no interest in the action in *this* Court because there is no proposed settlement before this Court for consideration. "[T]he action" under Rule 24(a) and "the main action" under Rule 24(b) is before the New Jersey Superior Court, not this Court.

Proposed Intervenors have not cited a single case in which intervenors were allowed to intervene to object to subject matter that was being contested *in another case*. The cases Proposed Intervenors cite all involve launching objections in the court which has jurisdiction over the subject settlement. *See Tech. Training Assocs. v. Buccaneers Ltd. P'shp.*, 874 F.3d 692 (11th Cir. 2017) (where claims were being settled in one class action which would dispose of claims in another class action, the non-settling plaintiffs were permitted to intervene in the settling case to negotiate more favorable settlement terms); *Smith v. SEECO, Inc.*, 865 F.3d 1021 (8th Cir. 2017) (an unnamed member of a class was permitted to intervene in a class action of which she was a member to challenge the adequacy of representation by the class representative and counsel); *Pearson v. Target Corp.*, 893 F.3d 980 (7th Cir. 2018) (a class member suspected that several class members received side settlements for dismissing their appeals. After the suspecting class member's motion to intervene to disgorge the side settlement was denied, he moved to vacate the post-appeal judgment. The district court denied the motion to vacate, and the Seventh Circuit reversed); *Alcarez v. Akorn*, Nos. 18-2220, 18-2221, 18-2225, 18-3307, 19-2401, and 19-2408,

1  (7th Cir. Apr. 15, 2024) (a member of a proposed class filed a motion to intervene in a class action
2  to disgorge counsel since they had not achieved any benefit for the class; the district court denied
3  the motion, and the Seventh Circuit reversed).  Proposed Intervenors cite no authority endorsing
4  the proposition that one can seek relief by asking one court to impose conditions or otherwise
5  effectively contravene an order adjudicating a settlement in another court.  Indeed, given the
6  context here, Proposed Intervenors seek to have this Court affect the potential judgment of the
7  New Jersey state court which raises serious federalism concerns.  *Cf. AmerisourceBergen Corp. v.*
8  *Roden*, 495 F.3d 1143, 1147 (9th Cir. 2007) ("The *Younger* abstention doctrine, as originally
9  articulated by the Supreme Court, 'forbid[s] federal courts [from] stay[ing] or enjoin[ing] pending
10 state court proceedings'" in which there are federal constitutional issues in the state court
11 proceeding); *id*. at 1152 ("The Anti-Injunction Act prohibits federal courts from 'grant[ing] an
12 injunction to stay proceedings in a State court'" though this applies specifically to "actual
13 injunctions"); *id*. at 1153 ("'The *Rooker-Feldman* doctrine provides that federal district courts lack
14 jurisdiction to exercise appellate review over final state court judgments.'").

15          In any event, even if Rule 24 could conceivably be applied here, Proposed Intervenors'
16 interests are being represented by other parties in the *Esposito* litigation as demonstrated by the
17 objections made therein which parallel their claims here.  *See* Docket No. 109 at 4.  As a practical
18 matter, Proposed Intervenors do not need another way to protect themselves because they had a
19 forum to do so: they could have filed an objection in the New Jersey Superior Court.  Thus, the
20 denial of this Motion does not raise the risk that Proposed Intervenors were unfairly deprived of
21 their rights because of the alignment of the parties–the thrust of Rule 24.

22          This Order does not preclude the Proposed Intervenors from asserting an independent
23 claim for breach of fiduciary duty against Class Counsel, perhaps in a proceeding separate from
24 the fairness adjudication in New Jersey.  In so noting, this Order does not opine on whether any
25 such independent action (as distinct from the attempt to intervene in this Court) is likely to
26 succeed against the probable defenses that may be raised.

27          In sum, there is no basis in text or policy for intervention here.  Proposed Intervenors had
28 an opportunity to object in the New Jersey fairness proceedings–the proper forum for doing so.

4

Yet, they declined to do so. Their only stated reason for not so participating is that they do not want to participate in the New Jersey Superior Court fairness hearing because they believe that the court is acting *ultra vires*, by failing to comply with 28 U.S.C. § 1715, CAFA's notice obligations; Section 1715 requires that "not later than 10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement." §1715(b). However, this notice obligation is only required for "class actions" which is defined as class actions brought under Rule 23 in federal court. *See* §1711. Proposed intervenors' assertion that Section 1715 applies to the New Jersey Superior Court is dubious. In any event, their excuse for not asserting objections in the court is meritless–they could and should have included that basis for objecting to approval of the settlement in that court.

Thus, Proposed Intervenors' Motion is DENIED. This Order disposes of Docket Nos. 89 and 90.

**IT IS SO ORDERED**.

Dated: April 18, 2024

_____
EDWARD M. CHEN
United States District Judge